# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:___**07-22670**

**STOCKWIRE RESEARCH GROUP, INC.**
**a Florida corporation, and**
**ADRIAN JAMES, a Texas Resident.**

                                                    CIV-SEITZ

**Plaintiffs,**

vs.                                                 [ McALILEY ]

**JONATHAN LEBED, a Florida resident,**
**LEBED BIZ, L.L.C. a New Jersey Limited**
**Liability Company, PIGASA, INC.**
**a New Jersey Corporation.**

**Defendants.**

_____/

## COMPLAINT

Plaintiffs, Stockwire Research Group, Inc. ("Stockwire") and Adrian James

("James") (collectively also referred to as the "Plaintiffs"), sue Jonathan Lebed ("Lebed"), Lebed

Biz, L.L.C. ("Lebed Biz"), Pigasa, Inc. ("Pigasa") (collectively the "Defendants").

DATED:  October 10, 2007          Respectfully submitted,

                                    **ASSOULINE & BERLOWE, P.A.**
                                    3250 Mary Street, Suite 308
                                    Miami, Florida 33133
                                    Telephone: 305-567-5576
                                    Facsimile: 305-567-9343

                            By: _____
                                    Peter E. Berlowe (FBN 143650)
                                    peb@assoulineberlowe.com
                                    Peter A. Koziol (FBN 0030446)
                                    pak@assoulineberlowe.com

                                    *Attorneys for Plaintiffs*
                                    *Stockwire Research Group, Inc., and*
                                    *Adrian James*

Dockets.Justia.com

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ............................................................................... 1

II.    THE PARITES ....................................................................................................... 2

    A.   PLAINTIFF, STOCKWIRE RESEARCH GROUP, INC. ............................................. 2

    B.   PLAINTIFF, ADRIAN JAMES ............................................................................... 2

    C.   DEFENDANT, JONATHAN LEBED ........................................................................ 3

    D.   DEFENDANT, LEBED BIZ, L.L.C. ...................................................................... 4

    E.   DEFENDANT, PIGASA, INC. .............................................................................. 5

III.   JURISDICTION AND VENUE ............................................................................ 5

IV.   FACTUAL BACKGROUND ................................................................................ 6

    A.   THE MARKS .................................................................................................... 6

    B.   THE COPYRIGHTED WORK ............................................................................... 7

    C.   THE DEFENDANTS' CONCERTED, WILLFUL, AND UNLAWFUL ACTS ............................ 8

V.    SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF ................................... 10

    COUNT I – COPYRIGHT INFRINGEMENT......................................................... 10

    COUNT II – DESTRUCTION OF COPYRIGHT MANAGEMENT INFORMATION ....................... 12

    COUNT III – CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS .............................. 14

    COUNT IV – FEDERAL UNFAIR COMPETITION ............................................... 17

    COUNT V – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS................................... 19

    COUNT VI – FLORIDA UNFAIR COMPETITION ............................................... 20

    COUNT VII – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES................................... 21

    COUNT VIII – UNAUTHORIZED PUBLICATION OF JAMES' NAME AND LIKENESS ............. 23

    COUNT IX – MISAPPROPRIATION.................................................................... 24

    COUNT X – FALSE LIGHT IN THE PUBLIC EYE ............................................... 25

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

# I.  PRELIMINARY STATEMENT

1.  This complaint arises out of the injury and damage caused by the deceptive, willful and intentional actions of Jonathan Lebed individually and through his related organizations, Pigasa, Inc., and Lebed Biz, L.L.C. to Stockwire Research Group, Inc. and its primary spokesperson, Adrian James.

2.  Infamous around the world and with the Securities and Exchange Commission ("SEC") for his securities scams, and for alleged "pump and dump" securities fraud, Lebed, unlawfully and without license engaged the use and manipulation of Stockwire's copyrights and trademarks and James' likeness, to improperly promote stocks for Lebed's personal gain.

3.  Specifically, Lebed pirated and fabricated a video (the "Pirated Video") from the Stockwire multimedia production called, "Stockumentary™ Multimedia Report: Amedia Networks Episode" (the "Stockumentary").

4.  Lebed used the Pirated Video as an instrument in what appears to be one of his latest securities schemes.

5.  In concocting the Pirated Video for his apparent scam, Lebed intentionally removed Stockwire's copyright notices, copyright management information, copyright protection and Stockwire's trademarks from the Stockumentary.

6.  Lebed, then representing the Pirated Video as his own, offered the Pirated Video through a third-party Internet web page, over which he controlled the content.

7.  Once the Pirated Video was posted by Lebed on the Internet, Lebed induced over 11,786 persons to also infringe Stockwire's rights.

8.  Thus, in this action Stockwire seeks damages and injunctive relief against all Defendants under: the Copyright Act, 17 U.S.C. §§ 106, 502, 503, 504, 1201, 1202, 1203, for

ASSOULINE & BERLOWE, P.A.
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

direct, vicarious and contributory infringement, removal of copyright management information; circumvention of technical protection measures; the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1125, for Unfair Competition; Florida Law for Unfair Competition; Florida Law for Tortious Interference Business Relations; and, the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §§ 501.201 - 501.213.

9.      James seeks damages and injunctive relief against all Defendants under: the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1125, for Unfair Competition; Florida Law for Unfair Competition; Florida Law for Tortious Interference Business Relations; the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §§ 501.201 - 501.213; Florida Statute § 540.08 for the Unauthorized Publication of likeness; Florida Law for Misappropriation; and, Florida Law for casting him in a false light in the public eye.

## II.      THE PARITES

### A.      Plaintiff, Stockwire Research Group, Inc.

10.      Stockwire, is a Florida corporation duly organized under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

11.      Stockwire, is in the business of providing stock research and analysis through interactive and multimedia publications.

12.      Stockwire is famous and well known for its stock analysis and stock documentaries.

### B.      Plaintiff, Adrian James

13.      James is a resident of Texas, and is otherwise *sui juris*.

14.      James is a director, screen writer, and producer for Stockwire.

15.      James is the primary spokesperson for Stockwire.

## C.   Defendant, Jonathan Lebed

16.   Lebed is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

17.   Lebed is notorious for engineering sophisticated stock manipulation schemes that net him hundreds of thousands of dollars in illegal profit.

18.   As part of his scams, Lebed acquires a position in a thinly traded microcap stock, at times buying between 15% to 50% of the volume on the day of his purchases.

19.   Then, Lebed, under various fictitious names, posts false and/or misleading messages on the Internet touting the stock.

20.   Lebed also makes stock predictions without any foundation.

21.   Lebed continues to engage in similar securities schemes, at times being paid by third-party investors.

22.   Lebed's nefarious activities resulted in him being the first minor ever prosecuted by the SEC for securities fraud.

23.   Lebed's infamy from his highly publicized illicit stock activities and high level attention by the SEC placed him on the covers of Time magazine in the year 2000, and the New York Times magazine in the year 2001.

24.   Lebed was labeled by the New York Times as the "S.E.C. Nemesis."

25.   Lebed's notoriety landed him an interview on the CBS Television program "60 Minutes."

26.   Lebed touts his own infamy by publicizing on his web site these and other articles regarding his illicit pattern of stock promotion, including reports that have appeared in USA Today, Forbes, CBS News and the BBC.

27.     Lebed and his schemes are consistently used as textbook examples of securities fraud.

28.     Lebed and his schemes are also referenced in many law reviews articles as clear examples of fraud.

29.     Recently, Lebed appeared in a video promoting a microcap stock in which Lebed imitated an act of "Steve-O" (a/k/a Stephen Gilchrist Glover infamous for his stunts in the MTV television series and MTV/Paramount motion picture "Jackass.")

30.     In this act and stock promotion, Lebed chugged tequila, snorted salt and poured lime juice in his own eye.

31.     This video featuring Lebed and his outrageous and clearly unprofessional behavior was also on www.YouTube.com and appeared on the same web page as the Pirated Video.

**D.      Defendant, Lebed Biz, L.L.C.**

32.     Defendant, Lebed Biz is a New Jersey Limited Liability Company duly organized under the laws of the State of New Jersey and is regularly engaged in business in Florida.

33.     Lebed Biz solicits and distributes newsletters through out the world, including to subscribers in Florida.

34.     Lebed an officer and director of Lebed Biz, has publicly admitted that Lebed Biz received $45,000.00 cash from non-party Zegal & Ross Capital, L.L.C. for the use of the Pirated Video in promoting Amedia Networks stock, OTCBB:AANI.

### E.   Defendant, Pigasa, Inc.

35.   Defendant, Pigasa is a New Jersey Corporation duly organized under the laws of the State of New Jersey and is regularly engaged in business in Florida.

36.   Pigasa is the registrant organization for the domain name LEBED.BIZ, to which Defendants directed Internet viewers of the Pirated Video.

## III.   JURISDICTION AND VENUE

37.   This action arises in part under the Lanham Act, 15 U.S.C. § 1125(a), and the Copyright Act, 17 U.S.C. §§ 106, 1201, 1202.

38.   The Defendants willfully infringed copyrights owned by Stockwire, which the Defendants knew maintains its principal place of business in South Florida.

39.   The Defendant Lebed resides in Miami-Dade County, Florida and is the managing member of the defendants Pigasa and Lebed Biz.

40.   The Defendants regularly engage in business in Florida.

41.   The effect and injury of the Defendants' intentional, willful actions was directed at the Plaintiffs and occurred in Florida.

42.   The Defendants intentionally induced Florida residents to infringe Stockwire's copyrights.

43.   A substantial part of the events giving rise to the Plaintiffs' claims occurred, and a substantial part of property that is the subject of this action is situated, in this District.

44.   This Court has original jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a). This Court has supplemental jurisdiction over the aforementioned state law claims pursuant to 28 U.S.C. § 1367.

45. The jurisdiction of this Court is also based on diversity, pursuant to 28 U.S.C. § 1332(a), because: (i) this is an action between citizens of different states; and, (ii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

46. Venue is proper pursuant to 28 U.S.C. §§ 1391, 1400(a).

## IV.    FACTUAL BACKGROUND

### A.    The Marks

47. Stockwire holds multiple United States federal trademark registrations and applications (the "Federal Trademarks") including:

| MARK | REG. NO./ SER NO. | FILING DATE | GOODS AND SERVICES |
|---|---|---|---|
| STOCK WIRE.COM® | 3263880 | 08/13/04 | Advertising and Business Management Consultancy |
| STOCK WIRE RESEARCH GROUP, INC.® | 3273167 | 08/13/04 | Advertising and Business Management Consultancy |
| STOCKUMENTARY™ | 76660524 | 05/24/06 | Advertising and Business Management Consultancy |

48. Stockwire also holds multiple Florida Trademark Registrations (the "Florida Trademarks") including:

| MARK | REG. NO./ SER NO. | FILING DATE | GOODS AND SERVICES |
|---|---|---|---|
| STOCKWIRE.COM | T04000001179 | 09/13/2004 | Research services for investors in public corporations |
| STOCKWIRE RESEARCH GROUP, INC. | T04000001051 | 08/13/2004 | Research services for investors in public corporations |
| STOCKUMENTARY | T06000000660 | 05/30/2006 | Research services for investors in public corporations |

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

49.     Stockwire holds multiple common law marks such as STOCKWIRE™, and STOCKWIRE GROUP™, and STOCKWIRE MULTIMEDIA REPORT™ (the "Common Law Marks").

50.     All of Stockwire's marks including the Federal Trademarks, State Trademarks, and Common Law Marks (collectively the "Marks") are inherently distinctive.

51.     The Marks have been in substantial and continuous use by Stockwire.

52.     The Marks have acquired widespread consumer recognition and fame through extensive advertising, marketing and consumer appeal.

53.     The Marks and Stockwire's president, James, have regularly appeared in advertisements, print, media, television, radio and the news in connection with stock research, stock analysis, business management, advertising and consulting.

**B.     The Copyrighted Work**

54.     Between 2005 and 2006 Stockwire produced a short stock-related documentary and research report regarding the company Amedia Networks, Inc. entitled "Stockumentary™ Multimedia Report: Amedia Networks Episode" (previously defined *supra* at ¶ 3 as the "Stockumentary").

55.     The Stockumentary is registered as an audiovisual work with the United States Copyright Office. A copy of the certificate of United States Copyright Registration, Reg. No. PA 1 — 374 — 332, is attached hereto as Exhibit A.

56.     The Stockumentary was first published in April of 2006 and provided time sensitive information to Stockwire subscribers as part of Stockwire's advertising and business consultancy services

57.     Access to the Stockumentary was restricted through the use of technical protection measures ("TPM").

58.     The Stockumentary contained multiple copyright notices and other copyright management information ("CMI").

## C.     The Defendants' Concerted, Willful, and Unlawful Acts

59.     Prior to July 31, 2007, the Defendants made an unauthorized reproduction of the Stockumentary (defined *supra* at ¶3 as the "Pirated Video").

60.     The Defendants edited the Pirated Video removing all copyright notices and CMI.

61.     The Defendants also removed all TPM from the Pirated Video.

62.     In creating the Pirated Video, the Defendants manipulated, altered and spliced the Stockumentary to remove all audio and visual references to Stockwire's Marks and James' name.

63.     The Defendants manipulated the bitrate and the resolution for the Pirated Video so that the video and audio is of a lesser quality than the original Stockumentary.

64.     The Defendants also removed from the Stockumentary all of Stockwire's securities disclosure statements that were incorporated in Stockumentary.

65.     Despite the Defendants' intentional edits that removed the copyright and trademark information from the Stockumentary, the Pirated Video continued to feature the likeness and personality of James.

66.     The Defendants then issued press releases directing the public to the web link for the Pirated Video.

67.     The Defendants misrepresented the Pirated Video as the Defendants' own work.

68.     On or about July 31, 2007, the Defendants uploaded the Pirated Video to Google, Inc.'s YouTube.com ("YouTube") at the URL:

8

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

http://www.youtube.com/watch?v=tmddnwZagtY.

69.     Next to the Pirated Video was the Defendants' statement, "[t]his video is for informational purposes only and is not a solicitation to buy or sell securities. Lebed Biz has been compensated by a third party (Zegal and Ross) $45,000.00 cash for a two month investor relations contract." See Exhibit A, attached hereto.

70.     On August 1, 2007, YouTube reported that 11,786 copies of the Pirated Video had been reproduced and distributed without the Stockwire TPM and CMI. See Exhibit A, attached hereto.

71.     On August 1, 2007, Stockwire served YouTube with a 17 U.S.C. § 512 Copyright Takedown Notice and served the Defendants with a demand to cease and desist.

72.     The following day, on August 2, 2007, YouTube removed the infringing content.

73.     Later the Pirated Video was again uploaded to YouTube, this time under a pseudonym at the URL: http://www.youtube.com/watch?v=1TyVytk6PRs.

74.     The redistributed Pirated Video also contained Defendants' edits and had the CMI, TPM and the Marks removed.

75.     This redistributed Pirated Video was taken offline by YouTube after discovery and notice by the Plaintiffs.

76.     The Defendants are actively competing with the Plaintiffs for stock promotion, stock analysis, research, business management, advertising, and consultancy.

## V. SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF

### COUNT I – COPYRIGHT INFRINGEMENT
### (DIRECT, CONTRIBUTORY AND VICARIOUS)
(17 U.S.C. § 106)
(Plaintiff Stockwire against all Defendants)

77.    Plaintiff Stockwire adopts and realleges paragraphs 1 - 76 inclusive, as though fully set forth herein.

78.    The Defendants infringed Stockwire's registered copyright in the Stockumentary by reproducing and distributing the Pirated Video in violation of Stockwire's exclusive rights under 17 U.S.C. § 106.

79.    The natural, probable and foreseeable consequence of the Defendants' wrongful conduct is to deprive, and continues to deprive, Stockwire of: (i) the benefits of its intellectual property; and (ii) the licensing, marketing and promoting Stockwire's related services.

80.    The Defendants knew or should have known that persons downloading the Pirated Video from YouTube would be directly infringes Stockwire's copyrights under 17 U.S.C. § 106.

81.    The Defendants received, and continue to receive, a direct financial benefit from this direct infringement.

82.    The Defendants were aware of, and had the ability to control, the directly infringing activity.

83.    By distributing the integral material of that direct infringement, the Defendants are vicarious and/or contributory infringers of Stockwire's copyrights.

84.    The Defendants' acts of willful, intentional, deliberate, and malicious infringement have damaged and continue to damage, Stockwire.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

85.    The Defendants' acts of infringement have and continue to damage Stockwire in a manner that is irreparable in nature.

86.    Stockwire is without an adequate remedy at law.

**WHEREFORE**, Stockwire demands judgment against the Defendants jointly and severally and seeks an Order:

a.    enjoining preliminarily and permanently the Defendants, their members, affiliates, subsidiaries, officers, agents, servants, employees, attorney, successors and assigns, and all those acting in concert or privity with the Defendants, and each of them from acts of copyright infringement that directly or indirectly use the copyrighted portions of the Stockumentary, including any and all of its audio-visual components;

b.    directing immediate delivery to Stockwire of all infringing materials, discs, drives or other storage media, labels, signs, prints, packages, flyers, mailers, cards, containers and other advertisements in the possession of the Defendants that contain infringing copies of Stockwire's copyrighted work;

c.    directing each Defendant to file with this Court and to serve upon the Plaintiffs' counsel, within 30 days after service upon the Defendants of this Court's injunction issued in this action, a written report signed under oath setting forth in detail the manner and method in which the Defendants have complied with the injunction;

d.    awarding Stockwire actual damages and profits derived by the Defendants as a result of their infringing activities in an amount of at least $45,000.00, pursuant to 17 U.S.C. § 504(b); and,

e.    granting such other relief as this Court finds just, fair, and equitable.

## COUNT II – DESTRUCTION OF COPYRIGHT MANAGEMENT INFORMATION
## (DIRECT, CONTRIBUTORY AND VICARIOUS)
(15 U.S.C. § 1202(a))
(Plaintiff Stockwire against all Defendants)

87.     Plaintiff Stockwire adopts and realleges paragraphs 1 - 76 inclusive, as though fully set forth herein.

88.     The original Stockumentary included copyright management information (previously defined as "CMI").

89.     The Defendants removed any and all CMI from the Stockumentary to create the Pirated Video.

90.     The Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided and or distributed copyright management information for the Stockumentary that was false.

91.     The Defendants unlawfully without the authority of the copyright owner, Stockwire intentionally removed and/or alter the copyright management information for the Stockumentary.

92.     The Defendants unlawfully and without the authority of the copyright owner, Stockwire distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner, Stockwire.

93.     The natural, probable and foreseeable consequence of the Defendants' wrongful conduct is to deprive, and continues to deprive Stockwire of: (i) the benefits of its intellectual property; and, (ii) the licensing, marketing and promoting Stockwire's related services.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

94. The Defendants knew or should have known that persons downloading the Pirated Video from YouTube would be directly infringing of Stockwire's copyrights under 17 U.S.C. § 106.

95. The Defendants knew or should have known that each download would violate the integrity of Stockwire's CMI under 17 U.S.C. § 1202.

96. The Defendants received, and continue to receive, a direct financial benefit from these violations.

97. By distributing the integral material, or otherwise inducing that infringement, the Defendants are vicarious and/or contributory violators of the integrity of Stockwire's CMI.

98. The Defendants' willful, intentional, deliberate, and malicious acts of violation of the integrity of the Stockwire CMI have and continue to damage Stockwire.

99. The Defendants' acts of violation of the integrity of the Stockwire CMI have damaged, and continue to damage, Stockwire in a manner that is irreparable in nature.

100. Stockwire is without an adequate remedy at law.

**WHEREFORE**, Plaintiff Stockwire demands judgment against the Defendants jointly and severally and seeks an Order granting:

a. ceasing, impounding, and then destroying of any device or product involved in the Defendants' violations;

b. awarding, at Stockwire's election, actual damages and the Defendants' profits, or statutory damages of at least $294,650,000.00 ($25,000.00 for each violation);

c. awarding costs and attorney's fees pursuant to 17 U.S.C. § 1203; and,

d. granting such other relief as this Court finds just, fair, and equitable.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## COUNT III – CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS
## (DIRECT, CONTRIBUTORY AND VICARIOUS)
### (17 U.S.C. § 1201(a))
### (Plaintiff Stockwire against all Defendants)

101.    Plaintiff Stockwire adopts and realleges paragraphs 1 - 76 inclusive, as though fully set forth herein.

102.    Stockwire protected its intellectual property interest in the Stockumentary, including access to its copyrights, by utilizing technical protection measures (previously defined as "TPM").

103.    In the ordinary course of operation of Stockwire's TPM, the TPM prevented, restricted, or otherwise limited the exercise of a right of Stockwire's under 17 U.S.C. § 101, et. sq.

104.    The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which was primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protected a right of the copyright owner, Stockwire.

105.    The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which had only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protected a right of the copyright owner, Stockwire.

106.    The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which was marketed by the Defendants or another acting in concert with Defendants with Defendants' knowledge for use in circumventing protection afforded by a technological measure that effectively protected a right of the copyright owner, Stockwire.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

107.     The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which was primarily designed or produced for the purpose of circumventing a technological measure that effectively controled access to the Stockumentary.

108.     The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controled access to the Stockumentary

109.     The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which was marketed by the Defendants or another acting in concert with the Defendants.

110.     The Defendants knew that the Pirated Video would be used for circumventing a technological measure that effectively controlled access to the Stockumentary.

111.     The Defendants directly avoided, bypassed, removed, deactivated, and impaired the use of Stockwire's TPM.

112.     The natural, probable and foreseeable consequence of the Defendants' wrongful conduct is to deprive, and continues to deprive, Stockwire of: (i) the benefits of its intellectual property; and (ii) the licensing, marketing and promoting Stockwire's related services.

113.     The Defendants knew or should have known that users downloading the Pirated Video from YouTube would be directly infringing Stockwire's copyright under 17 U.S.C. § 106.

114.     The Defendants knew or should have known that users downloading the Pirated Video from YouTube would inherently circumvent Stockwire's TPM under 17 U.S.C. § 1202.

115. By distributing the integral material, or otherwise inducing that infringement and circumvention of the TPM, the Defendants are vicarious and/or contributory violators of the circumvention of Stockwire's TPM.

116. The Defendants received and continue to receive a direct financial benefit from their violations 17 U.S.C. § 1202.

117. The Defendants were aware of the violations and had the ability to control or prevent access to the Pirated Video.

118. The Defendants' willful, intentional, deliberate, and malicious circumvention of Stockwire's TPM has and continues to damage Stockwire.

119. The Defendants' circumvention of Stockwire's TPM has and continues to damage Stockwire in a manner that is irreparable in nature.

120. Stockwire is without an adequate remedy at law.

**WHEREFORE**, Stockwire demands judgment against the Defendants jointly and severally:

a. impounding temporarily and permanently the Defendants, and then destroying of any device or product involved in the violations;

b. awarding, at Stockwire's election, actual damages and the Defendants' profits, or statutory damages of at least $29,465,000.00 (calculated as $2,500.00 per act of circumvention device, product, component, offer, or performance of service);

c. awarding costs and attorney's fees pursuant to 17 U.S.C. § 1203; and,

d. granting such other relief as this Court finds just, fair, and equitable.

## COUNT IV – FEDERAL UNFAIR COMPETITION
(15 U.S.C. § 1125(a))
(Plaintiffs Stockwire and James against all Defendants)

121.     The Plaintiffs Stockwire and James adopt and reallege paragraphs 1 - 76 inclusive, as though fully set forth herein.

122.     The Defendants copied Stockwire's work, specifically the Stockumentary.

123.     The Defendants removed Stockwire's Marks (as defined *supra* at ¶50) and the Plaintiffs' other identifying information.

124.     The Defendants altered the audio track on the Stockumentary by concocting the Pirated Video where all Stockwire's audio source identifying information was removed, replaced or inaudible.

125.     The Defendants' use of the Pirated Video in connection with the Defendants' services is likely to cause the public to mistakenly believe that the Defendants' business activities and services originate from, are sponsored by, or are in some way associated with, those of the Plaintiffs.

126.     The Defendants' use of the Pirated Video in connection with the Defendants' services is likely to cause the public to mistakenly believe that the Plaintiffs' business activities and services originate from, are sponsored by, or are in some way associated with, those of the Defendants.

127.     These actions constitute false designations of origin or false descriptions or representations, and are likely to cause the Marks to lose their significance as indicators of origin.

128.     The Defendants' actions constitute unfair competition and violate the Plaintiffs' rights under 15 U.S.C. § 1125(a).

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

129.     The Defendants persisted in using the Pirated Video with the full knowledge of Plaintiffs' rights.  Thus, the Defendants have willfully violated Plaintiffs' rights under 15 U.S.C. §1125(a).

130.     The Plaintiffs have been damaged by the Defendants' willful, intentional, deliberate, and malicious false representations.

131.     The Plaintiffs have been damaged by the Defendants' deceitful omissions of correct identifying information.

132.     The Plaintiffs have suffered injury as the result of the Defendants' acts of false representation that is irreparable in nature.

133.     The Plaintiffs are without an adequate remedy at law.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants jointly and severally and seek an Order:

a.     compelling the Defendants to deliver all infringing materials to the Plaintiffs or in the alternative destruction thereof pursuant to 15 U.S.C. §§ 1116, 1118;

b.     enjoining the Defendants preliminarily and permanently from any use of any mark confusingly similar to the Plaintiffs' Marks, names or likeness;

c.     awarding treble actual damages under 15 U.S.C. § 1117(a) in the amount of at least $135,000;

d.     awarding prejudgment interest;

e.     awarding    costs    and    attorney's    fees    pursuant    to 15 U.S.C. § 1117(a); and,

f.     granting such other relief as this Court finds just, fair, and equitable.

## COUNT V – <u>TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS</u>
(Plaintiffs Stockwire and James against all Defendants)

134.    The Plaintiffs Stockwire and James adopt and reallege paragraphs 1 - 76 inclusive, as though fully set forth herein.

135.    The Defendants knew or should have known that the Plaintiffs are in the business of creating and licensed content. Despite this knowledge, the Defendants have acted in a manner designed to disrupt the Plaintiffs' existing and future business relationships as regards to services and products related to the Plaintiffs' content creation, research, analysis, advertising, business management, and consultancy.

136.    The Defendants also knew or should have known that the Plaintiffs have had existing and prospective business relations with companies such as Zegal & Ross Captial, L.L.C. and Amedia Networks, Inc.

137.    The Defendants have interfered with and, unless enjoined by the Court, will continue to interfere with, the Plaintiffs' existing and prospective business relationships by misappropriating and/or diminishing the value of the Plaintiffs' intellectual property, and misleading consumers that have existing or prospective business relationships with the Plaintiffs.

138.    As a direct and proximate result of the Defendants' tortious conduct, as described hereinabove, the Plaintiffs have been irreparably injured.

139.    The Defendants' conduct is willful, intentional and in wanton disregard for the Plaintiffs' rights.

140.    The Plaintiffs are without an adequate remedy at law.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants jointly and severally:

a.      compelling the Defendants to deliver all infringing materials to Plaintiffs, or in the alternative, destruction thereof;

b.      enjoining the Defendants, preliminarily and permanently, from any further interference with the Plaintiffs' prospective or existing business relations;

c.      awarding actual and punitive damages in an amount of at least $135,000.00;

d.      awarding prejudgment interest;

e.      awarding costs; and,

f.      granting such other relief as this Court finds just, fair, and equitable.

### COUNT VI – <u>FLORIDA UNFAIR COMPETITION</u>
(Plaintiffs Stockwire and James against all Defendants)

141.    The Plaintiffs Stockwire and James adopt and reallege paragraphs 1 - 76 inclusive, as though fully set forth herein.

142.    The Defendants are the Plaintiffs' competitors in the market for advertising, business management, consultancy services, stock research, analysis and information.

143.    The Defendants have engaged in acts which constitute unfair competition under the laws of the State of Florida. Specifically, the Defendants have unlawfully used intellectual property belonging to Stockwire to obtain competitive advantage for their own products and services in the market.

144.    The Defendants passed off the Plaintiffs' work as the Defendants' own intellectual property.

145.    The Defendants unlawfully used the likeness, reputation and personality of James for their own promotional purposes without permission or compensation of James.

146.    The Defendants have used the Plaintiffs' intellectual property for their own benefit without compensation to the Plaintiffs.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

147. Unauthorized use of a competitor's intellectual property and likeness constitute acts of unfair competition.

148. The Defendants' actions have been conducted with malice and ill will.

149. The Plaintiffs have been damaged as a direct result of the Defendants' actions.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants jointly and severally:

a. compelling the Defendants to deliver all infringing materials to the Plaintiffs, or in the alternative, destruction thereof;

b. enjoining the Defendants preliminary and permanently from any use of any mark confusingly similar to Stockwire's Marks or of James likeness or personality;

c. awarding actual damages in an amount of at least $45,000.00;

d. awarding prejudgment interest;

e. awarding costs; and,

f. granting such other relief as this Court finds just, fair, and equitable.

**COUNT VII – <u>FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES</u>**
(Florida Statute §§ 501.201 - 501.213)
(Plaintiffs Stockwire and James against all Defendants)

150. The Plaintiffs Stockwire and James adopt and reallege paragraphs 1 - 76 inclusive, as though fully set forth herein.

151. The Defendants have unlawfully used intellectual property belonging to the Plaintiffs, including unauthorized use of Stockwire's copyrights, James' likeness and James' personality to obtain competitive advantage for their own services in the market.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

152.     The Defendants also removed source identifying information, copyright notices, and technical protection measures from the Plaintiffs' intellectual property to pass it off as their own.

153.     The Defendants' actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute § 501.204.

154.     The Defendants have willfully undertaken these unlawful acts, as under Florida Statute § 501.204, and knew or should have known that such uses or practices were unlawful.

155.     The Plaintiffs have been damaged by the Defendants' unlawful actions.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants jointly and severally:

a.     compelling the Defendants to deliver all infringing materials to the Plaintiffs, or in the alternative, destruction thereof;

b.     enjoining the Defendants preliminarily and permanently from any use of any mark confusingly similar to Stockwire's Marks; and

c.     awarding actual damages in an amount of at least $45,000.00;

d.     awarding prejudgment interest;

e.     awarding costs and attorneys' under Florida Statute § 501.2105; and,

f.     granting such other relief as this Court finds just, fair, and equitable.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## COUNT VIII – <u>UNAUTHORIZED PUBLICATION OF JAMES' NAME AND LIKENESS</u>
(Florida Statute § 540.08)
(Plaintiff James against all Defendants)

156.    Plaintiff James adopts and realleges paragraphs 1 - 76 inclusive, as though fully set forth herein.

157.    The Defendants deliberately, and maliciously misappropriated James' likeness for trade, commercial, and advertising purposes by the unauthorized fabrication and use of the Pirated Video.

158.    The Pirated Video was distributed for the purpose of currently promoting a stock for the Defendants benefit.

159.    The Defendants were compensated for their use of James' likeness.

160.    The Defendants intentionally and willfully misappropriated James' likeness with wanton disregard for James' rights under the law.

161.    The Defendants' use of James' likeness was unauthorized by James.

162.    As a direct and proximate result of the Defendants' actions, James has suffered severe emotional distress, mental anguish, loss of sleep, embarrassment, humiliation, and damages.

**WHEREFORE**, James demands judgment against the Defendants jointly and severally:

a.    enjoining any further unauthorized publication, printing, display or other public use of James' likeness by the Defendants;

b.    awarding compensatory damages for any loss or injuries sustained by reason thereof;

c.    awarding <u>punitive damages</u> as under Florida Statute § 540.08;

d.    awarding costs; and,

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

e.    granting such other relief as this Court finds just, fair, and equitable.

## COUNT IX – <u>MISAPPROPRIATION</u>
(Plaintiff James against all Defendants)

163.    Plaintiff James adopts and realleges paragraphs 1 - 76 inclusive, as though fully set forth herein.

164.    The Defendants intentionally, willfully, deliberately, and maliciously misappropriated James' name and likeness for trade, commercial, and advertising purposes by using the Pirated Video to promote a third-party stock, and the Defendants did so with wanton disregard for James' rights under the law.

165.    The Defendants were directly compensated for their use of James' likeness.

166.    The Defendants' use of James' likeness was not authorized by James.

167.    As a direct and proximate result of the Defendants concerted actions James has suffered severe emotional distress, mental anguish, loss of sleep, embarrassment, humiliation, and other damages.

**WHEREFORE**, James demands judgment against the Defendants jointly and severally,:

a.    enjoining any further unauthorized publication, printing, display or other public use of his likeness by the Defendants;

b.    awarding compensatory damages for any loss or injuries sustained by reason thereof;

c.    awarding <u>punitive damages;</u>

d.    awarding costs; and,

e.    granting such other relief as this Court finds just, fair, and equitable.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## COUNT X – <u>FALSE LIGHT IN THE PUBLIC EYE</u>
(Plaintiff James against all Defendants)

168.    Plaintiff James adopts and realleges paragraphs 1 - 76 inclusive, as though fully set forth herein.

169.    The Defendants' use of James' likeness was unauthorized by James.

170.    As used by the Defendants, the Pirated Video was highly offensive to James and would have been offensive or embarrassing to a reasonable person.

171.    At the time the Pirated Video was distributed, market factors had changed from when the original Stockumentary was distributed to its authorized users.

172.    James' opinions and the supporting information contained in the video were no longer current at the time when the Defendants edited and published James likeness to currently and actively promote a third-party stock.

173.    The Defendants willfully and falsely represented to the public that Pirated Video was representative of James' current analysis.

174.    Using the highly edited and manipulated Pirated Video with James as part of the Defendants' stock promotion scheme created a false association between James and the Defendants that was unauthorized and fraudulent and therefore cast James in a false light in the public eye.

175.    The Defendants' distribution of the Pirated Video with James' likeness in it wrongfully implied that the Pirated Video is being distributed by the Defendants with James' permission and that James approved of its contents and supported the video's position, at the time it was distributed for the purpose for which it was distributed.

176.    Through their fraudulent and unauthorized association with James, the Defendants created a false appearance that James participates in and condones the Defendants' misleading stock representation, unlawful market manipulations, and stock swindles.

177.    As a direct and proximate result of the Defendants' actions, James has suffered severe emotional distress, mental anguish, loss of sleep, embarrassment, humiliation, and damages.

**WHEREFORE**, James demands judgment against the Defendants jointly and severally:

a.      enjoining any further unauthorized publication, printing, display or other public use of James' likeness by the Defendants;

b.      awarding compensatory damages for any loss or injuries sustained by reason thereof;

c.      awarding <u>punitive damages</u>;

d.      awarding costs; and,

e.      granting such other relief as this Court finds just, fair, and equitable.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form PA**
For a Work of Performing Arts

REGR **PA 1-374-332**

EFFECTIVE DATE OF REGISTRATION

Month **9** Day **24** Year **07**

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Stockumentary™ Multimedia Report: Amedia Networks Episode

**PREVIOUS OR ALTERNATIVE TITLES ▼**

Stockwire™ Multimedia Report: Amedia Networks; Investing Wisely: Amedia Networks;

**NATURE OF THIS WORK ▼** See instructions

✫

## 2

**a** **NAME OF AUTHOR ▼**

Stockwire Research Group, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼ N/A    Year Died ▼ N/A

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of _USA_
Domiciled in _USA_

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
entire work

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of
Domiciled in

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of
Domiciled in

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given.
Year 2006 in all cases.

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information Month 04 Day 01 Year 2006
ONLY if this work has been published.
United States of America    Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Stockwire Research Group, 1781 SW 69TH AVENUE
PLANTATION FL 33317

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
SEP 24 2007
ONE DEPOSIT RECEIVED
SEP 24 2007
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

*DO NOT WRITE HERE OFFICE USE ONLY*

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of __ pages

**EXHIBIT A**

\* Deposit is an audiovisual work.

| | |
|---|---|
| EXAMINED BY _ML_ | FORM PA |
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is No, do not check box A, B, or C.

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☑ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼     Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Peter A. Koziol - Assouline & Berlowe, P.A.
213 East Sheridan Street, Suite 3
Dania Beach, Florida 33005

**b**

Area code and daytime telephone number ( 954 ) 929-1899     Fax number ( 954 ) 922-6662

Email

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of __author__

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Peter Andrew Koziol, Esq.     Date 09/17/2007

Handwritten signature (X) ▼

x _Peter K___

| | | |
|---|---|---|
| Certificate will be mailed in window envelope to this address: | Name ▼ Peter A. Koziol - Assouline & Berlowe, P.A. | **9** |
| | Number/Street/Apt ▼ 213 East Sheridan Street, Suite 3 | |
| | City/State/Zip ▼ Dania Beach, Florida 33004 | |

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

\*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form PA - Full Rev 07/2006 Print 07/2006 — xx,000 Printed on recycled paper     U.S. Government Printing Office: 2006-xxx-xxx/xx,xxx

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Stockwire Research Group, Inc., and Adrian James

**07 - 22670**

## DEFENDANTS
Jonathan Lebed, Lebed Biz, L.L.C., and Pigasa Inc.

**(b)** County of Residence of First Listed Plaintiff  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Peter E. Berlowe, Esq., and  Peter A. Koziol, Esq.;
Assouline & Berlowe, P.A., 3250 Mary St., Ste. 308
Coconut Grove, FL 33133; (305) 567 - 5576

**CIV - SEITZ**

Attorneys (If Known)

**/ McALILEY**

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**IC  Mcv22670-Seitz | McALiley**

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☑ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☑ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Re-filed- (see VI below)

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case  ☐ YES  ☑ NO  b) Related Cases  ☐ YES  ☑ NO

JUDGE  DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

15 U.S.C. §§ 1125, for unfair competition; 17 U.S.C. §§ 106, 1201, 1202, for infringement, removal of copyright management information and circumvention of technical protection measures.

LENGTH OF TRIAL via  2  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 324,250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  10|10|07

FOR OFFICE USE ONLY

AMOUNT  350°°  RECEIPT #  541227  IFP

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

07-22670

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

(d) Choose one County where Action Arose.

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled Copy of Order of Dismissal. (3)

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**VII.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                             Brief Description: <u>Unauthorized reception of cable service</u>

**VIII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.