# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No.: 07-22670 CIV-SEITZ/MCALILEY

**STOCKWIRE RESEARCH GROUP, INC.**
**a Florida corporation, and**
**ADRIAN JAMES, a Texas Resident.**

**Plaintiffs,**

**vs.**

**JONATHAN LEBED, a Florida resident,**
**LEBED BIZ, L.L.C., a New Jersey Limited**
**Liability Company, PIGASA, INC., a New**
**Jersey Corporation, and CONSTANCE LEBED,**
**a New Jersey Resident.**

**Defendants.**

_____/

## AMENDED COMPLAINT

Plaintiffs, Stockwire Research Group, Inc. ("Stockwire") and Adrian James

("James") (collectively also referred to as the "Plaintiffs"), sue Jonathan Lebed ("Mr. Lebed"),

Lebed Biz, L.L.C. ("Lebed Biz"), Pigasa, Inc. ("Pigasa"), and Constance Lebed ("Mrs. Lebed")

(collectively the "Defendants").

DATED:  November 6, 2007                    Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308
Miami, Florida 33133
Telephone: 305-567-5576
Facsimile: 305-567-9343
By: s/Peter A. Koziol_____
    Peter E. Berlowe (FBN 143650)
    peb@assoulineberlowe.com
    Peter A. Koziol (FBN 0030446)
    pak@assoulineberlowe.com

    *Attorneys for Plaintiffs*
    *Stockwire Research Group, Inc., and*
    *Adrian James*

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Dockets.Justia.com

## TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ................................................................. 1

II.    THE PARITES ....................................................................................... 2

    A.   PLAINTIFF, STOCKWIRE RESEARCH GROUP, INC. ........................... 2

    B.   PLAINTIFF, ADRIAN JAMES ............................................................ 2

    C.   DEFENDANT, JONATHAN LEBED ..................................................... 3

    D.   DEFENDANT, CONSTANCE LEBED ................................................... 5

    E.   DEFENDANT, LEBED BIZ, L.L.C. ................................................... 6

    F.   DEFENDANT, PIGASA, INC. ............................................................ 7

III.   JURISDICTION AND VENUE ........................................................... 7

IV.   FACTUAL BACKGROUND ................................................................ 9

    A.   THE MARKS ................................................................................. 9

    B.   THE COPYRIGHTED WORK ........................................................... 10

    C.   THE DEFENDANTS' CONCERTED, WILLFUL, AND UNLAWFUL ACTS ........... 10

V.    SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF ................... 13

    COUNT I – COPYRIGHT INFRINGEMENT .................................... 13

    COUNT II – DESTRUCTION OF COPYRIGHT MANAGEMENT INFORMATION ........ 15

    COUNT III – CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS ........... 17

    COUNT IV – FEDERAL UNFAIR COMPETITION ............................ 20

    COUNT V – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS ........... 22

    COUNT VI – FLORIDA UNFAIR COMPETITION ............................ 24

    COUNT VII – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ........... 25

    COUNT VIII – UNAUTHORIZED PUBLICATION OF JAMES' NAME AND LIKENESS ........ 27

    COUNT IX – MISAPPROPRIATION .............................................. 28

    COUNT X – FALSE LIGHT IN THE PUBLIC EYE ........................... 29

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

# I.    PRELIMINARY STATEMENT

1.    This complaint arises out of the injury and damage caused by the deceptive, willful and intentional actions of Mr. Lebed individually and in concert with Mrs. Lebed and through their related organizations and alter egos, Pigasa, Inc., and Lebed Biz, L.L.C. to Stockwire Research Group, Inc. and its primary spokesperson, Adrian James.

2.    Infamous around the world and with the Securities and Exchange Commission ("SEC") for his securities scams, and for "pump and dump" securities fraud, Mr. Lebed, unlawfully and without license in concert with all the Defendants engaged the use and manipulation of Stockwire's copyrights and trademarks and James' likeness, to improperly promote stocks for the Defendants personal gain.

3.    Specifically, Mr. Lebed pirated and fabricated a video (the "Pirated Video") from the Stockwire multimedia production called, "Stockumentary™ Multimedia Report: Amedia Networks Episode" (the "Stockumentary").

4.    Mr. Lebed in conspiracy with Mrs. Lebed used the Pirated Video as an instrument in what appears to be one of their latest securities schemes.

5.    In concocting the Pirated Video for this apparent scam, Mr. Lebed intentionally removed Stockwire's copyright notices, copyright management information, copyright protection and Stockwire's trademarks from the Stockumentary.

6.    Mr. Lebed, then representing the Pirated Video as his own, offered the Pirated Video through a third-party Internet web page, and through the web site HTTP://WWW.LEBED.BIZ over which he, Mrs. Lebed and the other Defendants controlled the content.

7.    Once the Pirated Video was posted by Mr. Lebed on the Internet, Mr. Lebed induced over 11,786 persons to also infringe Stockwire's rights.

8.     Thus, in this action Stockwire seeks damages and injunctive relief against all Defendants under: the Copyright Act, 17 U.S.C. §§ 106, 502, 503, 504, 1201, 1202, 1203, for direct, vicarious and contributory infringement, removal of copyright management information, and circumvention of technical protection measures.

9.     Stockwire seeks damages against Mr. Lebed, Pigasa and Lebed Biz under: the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1125, for Unfair Competition; Florida Law for Unfair Competition; Florida Law for Tortious Interference Business Relations; and, the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §§ 501.201 - 501.213.

10.    James seeks damages and injunctive relief against Mr. Lebed, Pigasa and Lebed Biz under: the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1125, for Unfair Competition; Florida Law for Unfair Competition; Florida Law for Tortious Interference Business Relations; the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §§ 501.201 - 501.213; Florida Statute § 540.08 for the Unauthorized Publication of likeness; Florida Law for Misappropriation; and, Florida Law for casting him in a false light in the public eye.

## II.     THE PARITES

### A.     Plaintiff, Stockwire Research Group, Inc.

11.    Stockwire, is a Florida corporation duly organized under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

12.    Stockwire, is in the business of providing stock research and analysis through interactive and multimedia publications.

13.    Stockwire is famous and well known for its stock analysis and stock documentaries.

### B.     Plaintiff, Adrian James

14.    James is a resident of Texas, and is otherwise *sui juris*.

15.     James is a director, screen writer, and producer for Stockwire.

16.     James is the primary spokesperson for Stockwire.

**C.      Defendant, Jonathan Lebed**

17.     Mr. Lebed is a resident of Miami-Dade County, Florida, and is otherwise

*sui juris*.

18.     Mr. Lebed moved to Miami at least four years ago.

19.     Mr. Lebed is notorious for engineering sophisticated stock manipulation

schemes that net him hundreds of thousands of dollars in illegal profit.

20.     Mr. Lebed intentionally portrays himself as above the law flaunting his ill

gotten gains on his web sites and in his press releases.

21.     Mr. Lebed intentionally portrays himself as a being a gangster including

posting pictures of himself in front of the house used for the set of the Sopranos television show

on his web site, which is registered to Pigasa and hosted through Mrs. Lebed's account with non-

party service provider CI Host, Inc ("CI Host").

22.     As part of his scams, Mr. Lebed acquires a position in a thinly traded

microcap stock, at times buying between 15% to 50% of the volume on the day of his purchases.

23.     Then, Mr. Lebed, under various fictitious names, posts false and/or

misleading messages on the Internet touting the stock.

24.     Mr. Lebed also makes stock predictions without any foundation.

25.     Mr. Lebed continues to engage in similar securities schemes, at times

being paid by third-party investors.

26.     Mr. Lebed's nefarious activities resulted in him being the first minor ever

prosecuted by the SEC for securities fraud.

27.     Mr. Lebed's infamy from his highly publicized illicit stock activities and high level attention by the SEC placed him on the covers of Time magazine in the year 2000, and the New York Times magazine in the year 2001.

28.     Mr. Lebed was labeled by the New York Times as the "S.E.C. Nemesis."

29.     Mr. Lebed's notoriety landed him an interview on the CBS Television program "60 Minutes."

30.     Mr. Lebed touts his own infamy by publicizing on his web site these and other articles regarding his illicit pattern of stock promotion, including reports that have appeared in USA Today, Forbes, CBS News and the BBC.

31.     Mr. Lebed and his schemes are consistently used as textbook examples of securities fraud.

32.     Mr. Lebed and his schemes are also referenced in many law review articles as clear examples of fraud.

33.     Recently, Mr. Lebed appeared in a video promoting a microcap stock in which Mr. Lebed imitated an act of "Steve-O" (a/k/a Stephen Gilchrist Glover infamous for his stunts in the MTV television series and MTV/Paramount motion picture "Jackass.")

34.     In this act and stock promotion, Mr. Lebed chugged tequila, snorted salt and poured lime juice in his own eye.

35.     This video featuring Mr. Lebed and his outrageous and clearly unprofessional behavior was also on HTTP://WWW.YOUTUBE.COM and appeared on the same web page as the Pirated Video.

4

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

   D.  __Defendant, Constance Lebed__

   36.  Mrs. Lebed directly financially benefits from the infringements of Mr. Lebed and the other Defendants.

   37.  The address listed for the registrant of the domain name LEBED.BIZ that distributes one of the Pirated Videos is the same address as the residential home of Mrs. Lebed.

   38.  CI Host, the non-party, Internet hosting provider for the website HTTP://WWW.LEBED.BIZ, identified Mrs. Lebed as the web site's owner and current contact person. *See Exhibit A attached.*

   39.  On or about September 20th 2000, the SEC issued an *Order Instituting Cease-And-Desist Proceeding, Making Findings and Imposing a Cease-And-Desist Order and Other Relief* against Mr. Lebed through Mrs. Lebed as his then guardian for violations of § 17(a) of the Securities Act, § 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

   40.  Despite the order from the SEC, Mrs. Lebed has encouraged, and enabled Mr. Lebed to continue to promote stocks from her home and through her address.

   41.  Mr. Lebed has engaged in his business of stock promotion and securities fraud regularly from the residence of Mrs. Lebed.

   42.  Mrs. Lebed directly financially benefits from Mr. Lebed's stock promotions, securities scams and copyright infringement.

   43.  For example, Mrs. Lebed received lavish gifts from Mr. Lebed from the proceeds of his stock promotions and securities scams including a Mercedes Sports Utility Vehicle.

   44.  Mrs. Lebed has had actual and or constructive knowledge of the Defendants' infringing activities since at least as early as when she received a cease and desist

5

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

letter directed to Pigasa and served at her residential address relating to the first YouTube distribution of the Pirated Video.

45.     Mrs. Lebed was again advised of her and the Defendants' concerted infringing activities on October 31, 2007 when she received written communication from CI Host relating to the infringing activities that were taking place under and in her name and through her Internet web hosting account.

46.     Despite the warning from her Internet hosting provider, CI Host, Mrs. Lebed did not take any action to stop the infringing activity and continued to facilitate the concerted Defendants' ongoing willful infringement.

### E.     Defendant, Lebed Biz, L.L.C.

47.     Defendant, Lebed Biz is a New Jersey Limited Liability Company duly organized under the laws of the State of New Jersey and is regularly engaged in business in Florida.

48.     Lebed Biz solicits and distributes newsletters through out the world, including to subscribers in Florida.

49.     Lebed Biz has created video reports in Florida, relating to Florida businesses, at those Florida businesses' locations in Florida.

50.     Mr. Lebed, an officer, director and managing member of Lebed Biz, has publicly admitted that Lebed Biz received $45,000.00 cash from non-party Zegal & Ross Capital, L.L.C. for the use of the Pirated Video in promoting Amedia Networks stock, OTCBB:AANI.

51.     Lebed Biz was formed by Mr. Lebed in 2004 after he moved to Florida.

52.     Mr. Lebed conducted business on behalf of Lebed Biz and was the managing member of Lebed Biz since its formation.

53. Lebed Biz's status as a domestic limited liability company was revoked by the State of New Jersey for not filing an annual report for two consecutive years on May 16, 2007.

54. Lebed Biz is an alter ego of Mr. and Mrs. Lebed.

**F.** **Defendant, Pigasa, Inc.**

55. Defendant, Pigasa is a New Jersey Corporation duly organized under the laws of the State of New Jersey and is regularly engaged in business in Florida.

56. Pigasa is the registrant organization for the domain name LEBED.BIZ, to which Defendants directed Internet viewers of the Pirated Video.

57. The LEBED.BIZ domain is also a source of distribution for the Pirated Video.

58. Mr. Lebed conducted business on behalf of Pigasa and was the President of Pigasa for at least the past four years from and while he lived in Florida.

59. Pigasa's status as a domestic profit corporation was revoked by the state of New Jersey on June 16, 2006 for not filing an annual report for two consecutive years.

60. The address listed as the primary place of business for Pigasa, Inc. with the New Jersey secretary of state is the same address as the residential home of Mrs. Lebed.

61. The address listed for the registered agent of Pigasa, Inc. with the New Jersey secretary of state is the same address as the residential home of Mrs. Lebed.

62. Pigasa is an alter ego of Mr. and Mrs. Lebed.

**III.** **JURISDICTION AND VENUE**

63. This action arises in part under the Lanham Act, 15 U.S.C. § 1125(a), and the Copyright Act, 17 U.S.C. §§ 106, 1201, 1202.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

64.     The Defendants willfully infringed copyrights owned by Stockwire, which the Defendants knew maintains its principal place of business in South Florida.

65.     The Defendant Mr. Lebed resides in Miami-Dade County, Florida and is the respective president, and managing member of the defendants Pigasa and Lebed Biz.

66.     The Defendants regularly engage in business in Florida.

67.     The effect and injury of the Defendants' intentional, willful actions was directed at the Plaintiffs and occurred in Florida.

68.     The Defendants intentionally induced Florida residents to infringe Stockwire's copyrights.

69.     A substantial part of the events giving rise to the Plaintiffs' claims occurred, and a substantial part of property that is the subject of this action is situated, in this District.

70.     This Court has original jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).  This Court has supplemental jurisdiction over the aforementioned state law claims pursuant to 28 U.S.C. § 1367.

71.     The jurisdiction of this Court is also based on diversity, pursuant to 28 U.S.C. § 1332(a), because: (i) this is an action between citizens of different states; and, (ii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

72.     Venue is proper pursuant to 28 U.S.C. §§ 1391, 1400(a).

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## IV.    FACTUAL BACKGROUND

### A.    The Marks

73.    Stockwire holds multiple United States federal trademark registrations and applications (the "Federal Trademarks") including:

| MARK | REG. NO./ SER NO. | FILING DATE | GOODS AND SERVICES |
|------|-------------------|-------------|--------------------|
| STOCK WIRE.COM® | 3263880 | 08/13/04 | Advertising and Business Management Consultancy |
| STOCK WIRE RESEARCH GROUP, INC.® | 3273167 | 08/13/04 | Advertising and Business Management Consultancy |
| STOCKUMENTARY™ | 76660524 | 05/24/06 | Advertising and Business Management Consultancy |

74.    Stockwire also holds multiple Florida Trademark Registrations (the "Florida Trademarks") including:

| MARK | REG. NO./ SER NO. | FILING DATE | GOODS AND SERVICES |
|------|-------------------|-------------|--------------------|
| STOCKWIRE.COM | T04000001179 | 09/13/2004 | Research services for investors in public corporations |
| STOCKWIRE RESEARCH GROUP, INC. | T04000001051 | 08/13/2004 | Research services for investors in public corporations |
| STOCKUMENTARY | T06000000660 | 05/30/2006 | Research services for investors in public corporations |

75.    Stockwire holds multiple common law marks such as STOCKWIRE™, and STOCKWIRE GROUP™, and STOCKWIRE MULTIMEDIA REPORT™ (the "Common Law Marks").

76.    All of Stockwire's marks including the Federal Trademarks, State Trademarks, and Common Law Marks (collectively the "Marks") are inherently distinctive.

77.    The Marks have been in substantial and continuous use by Stockwire.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

78.     The Marks have acquired widespread consumer recognition and fame through extensive advertising, marketing and consumer appeal.

79.     The Marks and Stockwire's president, James, have regularly appeared in advertisements, print, media, television, radio and the news in connection with stock research, stock analysis, business management, advertising and consulting.

### B.     The Copyrighted Work

80.     Between 2005 and 2006 Stockwire produced an interactive stock-related documentary and research report regarding the company Amedia Networks, Inc. entitled "Stockumentary™ Multimedia Report: Amedia Networks Episode" (previously defined *supra* at ¶ 3 as the "Stockumentary").

81.     The Stockumentary is registered as an audiovisual work with the United States Copyright Office. A copy of the certificate of United States Copyright Registration, Reg. No. PA 1 — 374 — 332, is attached hereto as *Exhibit B*.

82.     The Stockumentary was first published in April of 2006 and provided time sensitive information to Stockwire subscribers as part of Stockwire's advertising and business consultancy services

83.     Access to the Stockumentary was restricted through the use of technical protection measures ("TPM").

84.     The Stockumentary contained multiple copyright notices and other copyright management information ("CMI").

### C.     The Defendants' Concerted, Willful, and Unlawful Acts

85.     Prior to July 31, 2007, the Defendants made an unauthorized reproduction of the Stockumentary (defined *supra* at ¶3 as the "Pirated Video").

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

86.    The Defendants edited the Pirated Video and removed all copyright notices and CMI.

87.    The Defendants also removed all TPM from the Pirated Video.

88.    In creating the Pirated Video, the Defendants manipulated, altered and spliced the Stockumentary to remove all audio and visual references to Stockwire's Marks and James' name.

89.    The Defendants manipulated the bitrate and the resolution for the Pirated Video so that the video and audio is of a lesser quality than the original Stockumentary.

90.    The Defendants also removed from the Stockumentary all of Stockwire's securities disclosure statements that were incorporated in Stockumentary.

91.    Despite the Defendants' intentional edits that removed the copyright and trademark information from the Stockumentary, the Pirated Video continued to feature the likeness and personality of James.

92.    On or about July 31, 2007, the Defendants uploaded the Pirated Video to Google, Inc.'s YouTube.com ("YouTube") at the URL:

HTTP://WWW.YOUTUBE.COM/watch?v=tmddnwZagtY.

93.    The Defendants then issued press releases directing the public to the web link for the Pirated Video.

94.    The Defendants misrepresented the Pirated Video as the Defendants' own work.

95.    Next to the Pirated Video was the Defendants' statement, "[t]his video is for informational purposes only and is not a solicitation to buy or sell securities. Lebed Biz has been compensated by a third party (Zegal and Ross) $45,000.00 cash for a two month investor relations contract." See *Exhibit C*, attached hereto.

96.     On August 1, 2007, YouTube reported that 11,786 copies of the Pirated Video had been reproduced and distributed without the Stockwire TPM and CMI.  See *Exhibit D,* attached hereto.

97.     On August 1, 2007, Stockwire served YouTube with a 17 U.S.C. § 512 Copyright Takedown Notice and served the Defendants with a demand to cease and desist.

98.     The following day, on August 2, 2007, YouTube removed the infringing content.

99.     Later the Pirated Video was again uploaded to YouTube, this time under a pseudonym at the URL: HTTP://WWW.YOUTUBE.COM/watch?v=1TyVytk6PRs ("Second Series of Willful Infringements").

100.    The Pirated Videos distributed during the Second Series of Infringements also contained Defendants' edits and had the CMI, TPM and the Marks removed.

101.    The Illegal Distributions of the Pirated Videos through the Second Series of Infringements were halted by YouTube after discovery and notice by the Plaintiffs.

102.    The Pirated Video was also copied to and offered for distribution through the Internet web site HTTP://WWW.LEBED.BIZ ("Third Series of Willful Infringements").

103.    The Pirated Videos distributed during the Third Series of Willful Infringements also contained Defendants' edits and had the CMI, TPM and the Marks removed.

104.    The Third Series of Willful Infringements continue despite the Defendants' awareness of the infringement, the Plaintiffs demand to cease and desist, and this pending lawsuit.

105.    The Defendants are actively competing with the Plaintiffs for stock promotion, stock analysis, research, business management, advertising, and consultancy.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## V.   SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF

## COUNT I – COPYRIGHT INFRINGEMENT
## (DIRECT, CONTRIBUTORY AND VICARIOUS)
(17 U.S.C. § 106)
(Plaintiff Stockwire against all Defendants)

106.   Plaintiff Stockwire adopts and realleges paragraphs 1 - 105 inclusive, as though fully set forth herein.

107.   The Defendants infringed Stockwire's registered copyright in the Stockumentary by reproducing and distributing the Pirated Video in violation of Stockwire's exclusive rights under 17 U.S.C. § 106.

108.   The natural, probable and foreseeable consequence of the Defendants' wrongful conduct is to deprive, and continues to deprive, Stockwire of: (i) the benefits of its intellectual property; and (ii) the licensing, marketing and promoting Stockwire's related services.

109.   The Defendants knew or should have known that persons downloading the Pirated Video from YouTube would be directly infringing Stockwire's copyrights under 17 U.S.C. § 106.

110.   The Defendants knew or should have known that persons downloading the Pirated Video from HTTP://WWW.LEBED.BIZ would be directly infringing Stockwire's copyrights under 17 U.S.C. § 106.

111.   The Defendants received, and continue to receive, a direct financial benefit from this direct infringement.

112.   The Defendants were aware of, and had the ability to control, the directly infringing activity.

113.   By distributing the integral material of that direct infringement, the Defendants are vicarious and/or contributory infringers of Stockwire's copyrights.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

114. The Defendants' acts of willful, intentional, deliberate, and malicious infringement have damaged and continue to damage, Stockwire.

115. The Defendants' acts of infringement have and continue to damage Stockwire in a manner that is irreparable in nature.

116. Stockwire is without an adequate remedy at law.

**WHEREFORE**, Stockwire demands judgment against the Defendants jointly and severally and seeks an Order:

a. enjoining preliminarily and permanently the Defendants, their members, affiliates, subsidiaries, officers, agents, servants, employees, attorney, successors and assigns, and all those acting in concert or privity with the Defendants, and each of them from acts of copyright infringement that directly or indirectly use the copyrighted portions of the Stockumentary, including any and all of its audio-visual components;

b. directing immediate delivery to Stockwire of all infringing materials, discs, drives or other storage media, labels, signs, prints, packages, flyers, mailers, cards, containers and other advertisements in the possession of the Defendants that contain infringing copies of Stockwire's copyrighted work;

c. directing each Defendant to file with this Court and to serve upon the Plaintiffs' counsel, within 30 days after service upon the Defendants of this Court's injunction issued in this action, a written report signed under oath setting forth in detail the manner and method in which the Defendants have complied with the injunction;

d. awarding Stockwire actual damages and profits derived by the Defendants as a result of their infringing activities in an amount of at least $45,000.00, pursuant to 17 U.S.C. § 504(b); and,

e. granting such other relief as this Court finds just, fair, and equitable.

## COUNT II – DESTRUCTION OF COPYRIGHT MANAGEMENT INFORMATION (DIRECT, CONTRIBUTORY AND VICARIOUS)
### (15 U.S.C. § 1202(a))
### (Plaintiff Stockwire against all Defendants)

117.    Plaintiff Stockwire adopts and realleges paragraphs 1 - 105 inclusive, as though fully set forth herein.

118.    The original Stockumentary included copyright management information (previously defined as "CMI").

119.    The Defendants removed any and all CMI from the Stockumentary to create the Pirated Video.

120.    The Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided and/or distributed copyright management information for the Stockumentary that was false.

121.    The Defendants unlawfully without the authority of the copyright owner, Stockwire, intentionally removed and/or altered the copyright management information for the Stockumentary.

122.    The Defendants unlawfully and without the authority of the copyright owner, Stockwire distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner, Stockwire.

123.    The natural, probable and foreseeable consequence of the Defendants' wrongful conduct is to deprive, and continues to deprive Stockwire of: (i) the benefits of its intellectual property; and, (ii) the licensing, marketing and promoting Stockwire's related services.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

124.    The Defendants knew or should have known that persons downloading the Pirated Video from YouTube would be directly infringing of Stockwire's copyrights under 17 U.S.C. § 106.

125.    The Defendants knew or should have known that each download from YouTube would violate the integrity of Stockwire's CMI under 17 U.S.C. § 1202.

126.    The Defendants knew or should have known that persons downloading the Pirated Video from HTTP://WWW.LEBED.BIZ would be directly infringing of Stockwire's copyrights under 17 U.S.C. § 106.

127.    The Defendants knew or should have known that each download from HTTP://WWW.LEBED.BIZ would violate the integrity of Stockwire's CMI under 17 U.S.C. § 1202.

128.    The Defendants received, and continue to receive, a direct financial benefit from these violations.

129.    By distributing the integral material, or otherwise inducing that infringement, the Defendants are vicarious and/or contributory violators of the integrity of Stockwire's CMI.

130.    The Defendants' willful, intentional, deliberate, and malicious acts of violation of the integrity of the Stockwire CMI have and continue to damage Stockwire.

131.    The Defendants' acts of violation of the integrity of the Stockwire CMI have damaged, and continue to damage, Stockwire in a manner that is irreparable in nature.

132.    Stockwire is without an adequate remedy at law.

**WHEREFORE**, Plaintiff Stockwire demands judgment against the Defendants jointly and severally and seeks an Order granting:

a.     ceasing, impounding, and then destroying of any device or product involved in the Defendants' violations;

b.     awarding, at Stockwire's election, actual damages and the Defendants' profits, or statutory damages of at least $294,650,000.00 ($25,000.00 for each violation);

c.     awarding costs and attorney's fees pursuant to 17 U.S.C. § 1203; and,

d.     granting such other relief as this Court finds just, fair, and equitable.

### COUNT III – CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS (DIRECT, CONTRIBUTORY AND VICARIOUS)
(17 U.S.C. § 1201(a))
(Plaintiff Stockwire against all Defendants)

133.     Plaintiff Stockwire adopts and realleges paragraphs 1 - 105 inclusive, as though fully set forth herein.

134.     Stockwire protected its intellectual property interest in the Stockumentary, including access to its copyrights, by utilizing technical protection measures (previously defined as "TPM").

135.     In the ordinary course of operation of Stockwire's TPM, the TPM prevented, restricted, or otherwise limited the exercise of a right of Stockwire's under 17 U.S.C. § 101, et. sq.

136.     The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which was primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protected a right of the copyright owner, Stockwire.

137.     The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which had only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protected a right of the copyright owner, Stockwire.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

138.    The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which was marketed by the Defendants or another acting in concert with Defendants with Defendants' knowledge for use in circumventing protection afforded by a technological measure that effectively protected a right of the copyright owner, Stockwire.

139.    The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which was primarily designed or produced for the purpose of circumventing a technological measure that effectively controlled access to the Stockumentary.

140.    The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controlled access to the Stockumentary.

141.    The Defendants manufactured and provided, offered to the public and trafficked in the Pirated Video, which was marketed by the Defendants or another acting in concert with the Defendants.

142.    The Defendants knew that the Pirated Video would be used for circumventing a technological measure that effectively controlled access to the Stockumentary.

143.    The Defendants directly avoided, bypassed, removed, deactivated, and impaired the use of Stockwire's TPM.

144.    The natural, probable and foreseeable consequence of the Defendants' wrongful conduct is to deprive, and continues to deprive, Stockwire of: (i) the benefits of its intellectual property; and (ii) the licensing, marketing and promoting Stockwire's related services.

145.     The Defendants knew or should have known that users downloading the Pirated Video from YouTube would be directly infringing Stockwire's copyright under 17 U.S.C. § 106.

146.     The Defendants knew or should have known that users downloading the Pirated Video from YouTube would inherently circumvent Stockwire's TPM under 17 U.S.C. § 1202.

147.     The Defendants knew or should have known that users downloading the Pirated Video from HTTP://WWW.LEBED.BIZ would be directly infringing Stockwire's copyright                                                        under 17 U.S.C. § 106.

148.     The Defendants knew or should have known that users downloading the Pirated Video from HTTP://WWW.LEBED.BIZ would inherently circumvent Stockwire's TPM under 17 U.S.C. § 1202.

149.     By distributing the integral material, or otherwise inducing that infringement and circumvention of the TPM, the Defendants are vicarious and/or contributory violators of the circumvention of Stockwire's TPM.

150.     The Defendants received and continue to receive a direct financial benefit from their violations 17 U.S.C. § 1202.

151.     The Defendants were aware of the violations and had the ability to control or prevent access to the Pirated Video.

152.     The Defendants' willful, intentional, deliberate, and malicious circumvention of Stockwire's TPM has and continues to damage Stockwire.

153.    The Defendants' circumvention of Stockwire's TPM has and continues to damage Stockwire in a manner that is irreparable in nature.

154.    Stockwire is without an adequate remedy at law.

**WHEREFORE**, Stockwire demands judgment against the Defendants jointly and severally:

a.    impounding temporarily and permanently the Defendants, and then destroying of any device or product involved in the violations;

b.    awarding, at Stockwire's election, actual damages and the Defendants' profits, or statutory damages of at least $29,465,000.00 (calculated as $2,500.00 per act of circumvention device, product, component, offer, or performance of service);

c.    awarding costs and attorney's fees pursuant to 17 U.S.C. § 1203; and,

d.    granting such other relief as this Court finds just, fair, and equitable.

## COUNT IV – FEDERAL UNFAIR COMPETITION
(15 U.S.C. § 1125(a))
(Plaintiffs Stockwire and James against Mr. Lebed, Lebed Biz, and Pigasa)

155.    The Plaintiffs Stockwire and James adopt and reallege paragraphs 1 - 105 inclusive, as though fully set forth herein.

156.    Mr. Lebed, Lebed Biz, and Pigasa copied Stockwire's work, specifically the Stockumentary.

157.    Mr. Lebed, Lebed Biz, and Pigasa removed Stockwire's Marks (as defined *supra* at ¶76) and the Plaintiffs' other identifying information.

158.    Mr. Lebed, Lebed Biz, and Pigasa altered the audio track on the Stockumentary by concocting the Pirated Video where all Stockwire's audio source identifying information was removed, replaced or inaudible.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

159.     Mr. Lebed's, Lebed Biz's, and Pigasa's use of the Pirated Video in connection with Mr. Lebed's, Lebed Biz's, and Pigasa's services is likely to cause the public to mistakenly believe that Mr. Lebed's, Lebed Biz's, and Pigasa's business activities and services originate from, are sponsored by, or are in some way associated with, those of the Plaintiffs.

160.     Mr. Lebed's, Lebed Biz's, and Pigasa's use of the Pirated Video in connection with Mr. Lebed's, Lebed Biz's, and Pigasa's services is likely to cause the public to mistakenly believe that the Plaintiffs' business activities and services originate from, are sponsored by, or are in some way associated with, those of Mr. Lebed, Lebed Biz, and Pigasa.

161.     These actions constitute false designations of origin or false descriptions or representations, and are likely to cause the Marks to lose their significance as indicators of origin.

162.     Mr. Lebed's, Lebed Biz's, and Pigasa's actions constitute unfair competition and violate the Plaintiffs' rights under 15 U.S.C. § 1125(a).

163.     Mr. Lebed, Lebed Biz, and Pigasa persisted in using the Pirated Video with the full knowledge of Plaintiffs' rights.  Thus, Mr. Lebed, Lebed Biz, and Pigasa have willfully violated Plaintiffs' rights under 15 U.S.C. §1125(a).

164.     The Plaintiffs have been damaged by Mr. Lebed's, Lebed Biz's, and Pigasa's willful, intentional, deliberate, and malicious false representations.

165.     The Plaintiffs have been damaged by Mr. Lebed's, Lebed Biz's, and Pigasa's deceitful omissions of correct identifying information.

166.     The Plaintiffs have suffered injury as the result of Mr. Lebed's, Lebed Biz's, and Pigasa's acts of false representation that is irreparable in nature.

167.     The Plaintiffs are without an adequate remedy at law.

**WHEREFORE**, the Plaintiffs demand judgment against Mr. Lebed, Lebed Biz, and Pigasa jointly and severally and seek an Order:

a. compelling Mr. Lebed, Lebed Biz, and Pigasa to deliver all infringing materials to the Plaintiffs or in the alternative destruction thereof pursuant to 15 U.S.C. §§ 1116, 1118;

b. enjoining Mr. Lebed, Lebed Biz, and Pigasa preliminarily and permanently from any use of any mark confusingly similar to the Plaintiffs' Marks, names or likeness;

c. awarding treble actual damages under 15 U.S.C. § 1117(a) in the amount of at least $135,000;

d. awarding prejudgment interest;

e. awarding costs and attorney's fees pursuant to 15 U.S.C. § 1117(a); and,

f. granting such other relief as this Court finds just, fair, and equitable.

## COUNT V – **TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
(Plaintiffs Stockwire and James against Mr. Lebed, Lebed Biz, and Pigasa)

168. The Plaintiffs Stockwire and James adopt and reallege paragraphs 1 - 105 inclusive, as though fully set forth herein.

169. Mr. Lebed, Lebed Biz, and Pigasa knew or should have known that the Plaintiffs are in the business of creating and licensed content. Despite this knowledge, Mr. Lebed, Lebed Biz, and Pigasa have acted in a manner designed to disrupt the Plaintiffs' existing and future business relationships as regards to services and products related to the Plaintiffs' content creation, research, analysis, advertising, business management, and consultancy.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

170.     Mr. Lebed, Lebed Biz, and Pigasa also knew or should have known that the Plaintiffs have had existing and prospective business relations with companies such as Zegal & Ross Captial, L.L.C. and Amedia Networks, Inc.

171.     Mr. Lebed, Lebed Biz, and Pigasa have interfered with and, unless enjoined by the Court, will continue to interfere with, the Plaintiffs' existing and prospective business relationships by misappropriating and/or diminishing the value of the Plaintiffs' intellectual property, and misleading consumers that have existing or prospective business relationships with the Plaintiffs.

172.     As a direct and proximate result of Mr. Lebed's, Lebed Biz's, and Pigasa's tortious conduct, as described hereinabove, the Plaintiffs have been irreparably injured.

173.     Mr. Lebed's, Lebed Biz's, and Pigasa' conduct is willful, intentional and in wanton disregard for the Plaintiffs' rights.

174.     The Plaintiffs are without an adequate remedy at law.

**WHEREFORE**, the Plaintiffs demand judgment against Mr. Lebed, Lebed Biz, and Pigasa jointly and severally:

a.      compelling Mr. Lebed, Lebed Biz, and Pigasa to deliver all infringing materials to Plaintiffs, or in the alternative, destruction thereof;

b.      enjoining Mr. Lebed, Lebed Biz, and Pigasa, preliminarily and permanently, from any further interference with the Plaintiffs' prospective or existing business relations;

c.      awarding actual and punitive damages in an amount of at least $135,000.00;

d.      awarding prejudgment interest;

e.      awarding costs; and,

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

f.    granting such other relief as this Court finds just, fair, and equitable.

## COUNT VI – <u>FLORIDA UNFAIR COMPETITION</u>
(Plaintiffs Stockwire and James against Mr. Lebed, Lebed Biz, and Pigasa)

175.    The Plaintiffs Stockwire and James adopt and reallege paragraphs 1 - 105 inclusive, as though fully set forth herein.

176.    Mr. Lebed, Lebed Biz, and Pigasa are the Plaintiffs' competitors in the market for advertising, business management, consultancy services, stock research, analysis and information.

177.    Mr. Lebed, Lebed Biz, and Pigasa have engaged in acts which constitute unfair competition under the laws of the State of Florida.  Specifically, Mr. Lebed, Lebed Biz, and Pigasa have unlawfully used intellectual property belonging to Stockwire to obtain competitive advantage for their own products and services in the market.

178.    Mr. Lebed, Lebed Biz, and Pigasa passed off the Plaintiffs' work as the Defendants' own intellectual property.

179.    Mr. Lebed, Lebed Biz, and Pigasa unlawfully used the likeness, reputation and personality of James for their own promotional purposes without permission or compensation of James.

180.    Mr. Lebed, Lebed Biz, and Pigasa have used the Plaintiffs' intellectual property for their own benefit without compensation to the Plaintiffs.

181.    Unauthorized use of a competitor's intellectual property and likeness constitute acts of unfair competition.

182.    Mr. Lebed's, Lebed Biz's, and Pigasa's actions have been conducted with malice and ill will.

183.    The Plaintiffs have been damaged as a direct result of Mr. Lebed's, Lebed Biz's, and Pigasa's actions.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

**WHEREFORE**, the Plaintiffs demand judgment against Mr. Lebed, Lebed Biz, and Pigasa jointly and severally:

       a.      compelling Mr. Lebed, Lebed Biz, and Pigasa to deliver all infringing materials to the Plaintiffs, or in the alternative, destruction thereof;

       b.      enjoining Mr. Lebed, Lebed Biz, and Pigasa preliminary and permanently from any use of any mark confusingly similar to Stockwire's Marks or of James likeness or personality;

       c.      awarding actual damages in an amount of at least $45,000.00;

       d.      awarding prejudgment interest;

       e.      awarding costs; and,

       f.      granting such other relief as this Court finds just, fair, and equitable.

## COUNT VII – <u>FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES</u>
(Florida Statute §§ 501.201 - 501.213)
(Plaintiffs Stockwire and James against Mr. Lebed, Lebed Biz, and Pigasa)

184.    The Plaintiffs Stockwire and James adopt and reallege paragraphs 1 - 105 inclusive, as though fully set forth herein.

185.    Mr. Lebed, Lebed Biz, and Pigasa have unlawfully used intellectual property belonging to the Plaintiffs, including unauthorized use of Stockwire's copyrights, James' likeness and James' personality to obtain competitive advantage for their own services in the market.

186.    Mr. Lebed, Lebed Biz, and Pigasa also removed source identifying information, copyright notices, and technical protection measures from the Plaintiffs' intellectual property to pass it off as their own.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

187.    Mr. Lebed's, Lebed Biz's, and Pigasa's actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute § 501.204.

188.    Mr. Lebed, Lebed Biz, and Pigasa have willfully undertaken these unlawful acts, as under Florida Statute § 501.204, and knew or should have known that such uses or practices were unlawful.

189.    The Plaintiffs have been damaged by Mr. Lebed's, Lebed Biz's, and Pigasa's unlawful actions.

**WHEREFORE**, the Plaintiffs demand judgment against Mr. Lebed, Lebed Biz, and Pigasa jointly and severally:

a.    compelling Mr. Lebed, Lebed Biz, and Pigasa to deliver all infringing materials to the Plaintiffs, or in the alternative, destruction thereof;

b.    enjoining Mr. Lebed, Lebed Biz, and Pigasa preliminarily and permanently from any use of any mark confusingly similar to Stockwire's Marks; and

c.    awarding actual damages in an amount of at least $45,000.00;

d.    awarding prejudgment interest;

e.    awarding costs and attorneys' under Florida Statute § 501.2105; and,

f.    granting such other relief as this Court finds just, fair, and equitable.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

**COUNT VIII – <u>UNAUTHORIZED PUBLICATION OF JAMES' NAME AND LIKENESS</u>**
(Florida Statute § 540.08)
(Plaintiff James against Mr. Lebed, Lebed Biz, and Pigasa)

190.     Plaintiff James adopts and realleges paragraphs 1 - 105 inclusive, as though fully set forth herein.

191.     Mr. Lebed, Lebed Biz, and Pigasa deliberately, and maliciously misappropriated James' likeness for trade, commercial, and advertising purposes by the unauthorized fabrication and use of the Pirated Video.

192.     The Pirated Video was distributed for the purpose of currently promoting a stock for Mr. Lebed's, Lebed Biz's, and Pigasa's benefit.

193.     Mr. Lebed, Lebed Biz, and Pigasa were compensated for their use of James' likeness.

194.     Mr. Lebed, Lebed Biz, and Pigasa intentionally and willfully misappropriated James' likeness with wanton disregard for James' rights under the law.

195.     Mr. Lebed's, Lebed Biz's, and Pigasa's use of James' likeness was unauthorized by James.

196.     As a direct and proximate result of Mr. Lebed's, Lebed Biz's, and Pigasa's actions, James has suffered severe emotional distress, mental anguish, loss of sleep, embarrassment, humiliation, and damages.

**WHEREFORE**, James demands judgment against Mr. Lebed, Lebed Biz, and Pigasa jointly and severally:

a.     enjoining any further unauthorized publication, printing, display or other public use of James' likeness by Mr. Lebed, Lebed Biz, and Pigasa;

b.     awarding compensatory damages for any loss or injuries sustained by reason thereof;

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

c.    awarding <u>punitive damages</u> as under Florida Statute § 540.08;

d.    awarding costs; and,

e.    granting such other relief as this Court finds just, fair, and equitable.

## COUNT IX – <u>MISAPPROPRIATION</u>
### (Plaintiff James against all Mr. Lebed, Lebed Biz, and Pigasa)

197.    Plaintiff James adopts and realleges paragraphs 1 - 105 inclusive, as though fully set forth herein.

198.    Mr. Lebed, Lebed Biz, and Pigasa intentionally, willfully, deliberately, and maliciously misappropriated James' name and likeness for trade, commercial, and advertising purposes by using the Pirated Video to promote a third-party stock, and Mr. Lebed, Lebed Biz, and Pigasa did so with wanton disregard for James' rights under the law.

199.    Mr. Lebed, Lebed Biz, and Pigasa were directly compensated for their use of James' likeness.

200.    Mr. Lebed's, Lebed Biz's, and Pigasa's use of James' likeness was not authorized by James.

201.    As a direct and proximate result of Mr. Lebed's, Lebed Biz's, and Pigasa's concerted actions James has suffered severe emotional distress, mental anguish, loss of sleep, embarrassment, humiliation, and other damages.

**WHEREFORE**, James demands judgment against Mr. Lebed, Lebed Biz, and Pigasa jointly and severally:

a.    enjoining any further unauthorized publication, printing, display or other public use of his likeness by Mr. Lebed, Lebed Biz, and Pigasa;

b.    awarding compensatory damages for any loss or injuries sustained by reason thereof;

c.    awarding <u>punitive damages</u>;

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

d.    awarding costs; and,

e.    granting such other relief as this Court finds just, fair, and equitable.

## COUNT X – <u>FALSE LIGHT IN THE PUBLIC EYE</u>
(Plaintiff James against all Defendants)

202.    Plaintiff James adopts and realleges paragraphs 1 - 105 inclusive, as though fully set forth herein.

203.    Mr. Lebed's, Lebed Biz's, and Pigasa's use of James' likeness was unauthorized by James.

204.    As used by Mr. Lebed, Lebed Biz, and Pigasa, the Pirated Video was highly offensive to James and would have been offensive or embarrassing to a reasonable person.

205.    At the time the Pirated Video was distributed, market factors had changed from when the original Stockumentary was distributed to its authorized users.

206.    James' opinions and the supporting information contained in the video were no longer current at the time when Mr. Lebed, Lebed Biz, and Pigasa edited and published James likeness to currently and actively promote a third-party stock.

207.    Mr. Lebed, Lebed Biz, and Pigasa willfully and falsely represented to the public that Pirated Video was representative of James' current analysis.

208.    Using the highly edited and manipulated Pirated Video with James as part of Mr. Lebed's, Lebed Biz's, and Pigasa's stock promotion scheme created a false association between James and Mr. Lebed, Lebed Biz, and Pigasa that was unauthorized and fraudulent and therefore cast James in a false light in the public eye.

209.    Mr. Lebed's, Lebed Biz's, and Pigasa's distribution of the Pirated Video with James' likeness in it wrongfully implied that the Pirated Video is being distributed by Mr. Lebed, Lebed Biz, and Pigasa with James' permission and that James approved of its contents

and supported the video's position, at the time it was distributed for the purpose for which it was distributed.

210.    Through their fraudulent and unauthorized association with James, Mr. Lebed, Lebed Biz, and Pigasa created a false appearance that James participates in and condones Mr. Lebed's, Lebed Biz's, and Pigasa's misleading stock representation, unlawful market manipulations, and stock swindles.

211.    As a direct and proximate result of Mr. Lebed's, Lebed Biz's, and Pigasa's actions, James has suffered severe emotional distress, mental anguish, loss of sleep, embarrassment, humiliation, and damages.

**WHEREFORE**, James demands judgment against Mr. Lebed, Lebed Biz, and Pigasa jointly and severally:

a.    enjoining any further unauthorized publication, printing, display or other public use of James' likeness by Mr. Lebed, Lebed Biz, and Pigasa;

b.    awarding compensatory damages for any loss or injuries sustained by reason thereof;

c.    awarding <u>punitive damages</u>;

d.    awarding costs; and,

e.    granting such other relief as this Court finds just, fair, and equitable.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods referenced below this day November 6, 2007 on all counsel or parties of record on the service list indicated below:

## SERVICE LIST

**Stockwire Research Group, Inc. v. Lebed, et. al.**
**CASE NO.: 07-22670 CIV-SEITZ/MCALILEY**
**United States District Court, Southern District of Florida**

By: *s/ Peter A. Koziol*
Peter A. Koziol

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343