United States District Court
Southern District of Florida

Case No.: 07-22670 CIV-SEITZ/MCALILEY


Stockwire Research Group, Inc.,
a Florida corporation, and
ADRIAN JAMES, a Texas resident,

    Plaintiffs,

vs.

Jonathan Lebed, a Florida resident,
Lebed Biz, L.L.C., a New Jersey Limited
Liability Company, PIGASA, INC., a New
Jersey corporation, and Constance Lebed,
a New Jersey resident,

    Defendants.

_____/


**DEFENDANT CONSTANCE LEBED'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**


  Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Constance

Lebed moves to dismiss the complaint for lack of personal jurisdiction and in support

thereof avers as follows.

1. Defendant lacks the requisite minimum contacts with the state of Florida for

  personal jurisdiction over her person, whether general or specific, to attach.

2. The exercise of personal jurisdiction by this court would exceed the limits of due

  process, offends notions of fair play and substantial justice, and is constitutionally

  impermissible.


1

WHEREFORE, Defendant prays for an order dismissing the complaint for lack of personal jurisdiction and such other relief as this honorable court deems just and proper.

## MEMORANDUM OF LAW

### 1. *Facts*

Constance Lebed (hereinafter "Mrs. Lebed") is an individual who at all times relevant to this litigation has been a resident of the State of New Jersey. C. Lebed Dec. ¶¶ 2, 3. She has no connection to this action apart from being the mother of codefendant Jonathan Lebed, a matter completely unrelated to any issue in this case. C. Lebed Dec. ¶ 5; J. Lebed Dec. ¶ 2.

Mrs. Lebed has never lived, worked or otherwise conducted any business in the State of Florida. C. Lebed Dec. ¶¶ 6-12. In fact, she has only been to Florida six times during her lifetime, always exclusively for vacation purposes. C. Lebed Dec. ¶ 4.

Jonathan Lebed (hereinafter "Mr. Lebed") was living at his parents' home, located at 26 Sunset Terrace, Cedar Grove, New Jersey, during November 2002, when he initially registered the Lebed.biz domain name. J. Lebed Dec. ¶ 7; C. Lebed Dec. ¶ 14. Accordingly, Mr. Lebed entered his parents' address during the domain name's registration process. J. Lebed Dec. ¶ 8; C. Lebed Dec. ¶ 15.

On or about September 2007, Mr. Lebed asked his mother, Mrs. Lebed, whether he could borrow her credit card to pay a bill, which she allowed. J. Lebed Dec. ¶ 9; C. Lebed Dec. ¶ 16. At the time Mr. Lebed asked Mrs. Lebed whether he could borrow her credit card to pay the bill, Mr. Lebed never informed her that he intended to pay a bill to CI Host (a nonparty in this case) relating to the hosting of the Lebed.biz website. J.

Lebed Dec. ¶ 10.  During this process, Mr. Lebed entered Mrs. Lebed's credit card information, but at no time did he request that her name be inserted on the account as the website's owner and/or contact.  J. Lebed Dec. ¶ 12.  Nor did Mrs. Lebed ever request that her information to be inserted anywhere relating to the Lebed.biz website.

On November 9 2007, Mrs. Lebed received a letter from CI Host stating that the Lebed.biz website had allegedly infringed a copyright held by Plaintiff Stockwire Research Group, Inc., the subject of a pending litigation in Florida.  Much to her surprise, Mrs. Lebed was informed that same day that she was also a defendant in this case.

## 2. *Legal Principles*

Where the defendant is from out of state, a court sitting pursuant to federal question jurisdiction must engage in a two-step analysis.  *Cable/Home Communication v. Network Prod's*, 902 F.2d 829, 855 (11th Cir.1990); *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla.1989).  In the first step the court must determine whether the statutory language of section 48.193, Florida Statutes (Florida's long-arm statute) applies to the defendant.  *Id.*  Second, if the statutory language applies, the court must determine whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, (1945); *Cable/Home Communication*, 902 F.2d at 855.

The plaintiff has the burden of establishing a prima facie case of personal jurisdiction.  *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir.2002).  "'A prima facie case is established if the plaintiff presents enough evidence

to withstand a motion for directed verdict.'" Id. at 1269 (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990)). Where, as here, the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction. *Id.*

It is well settled that the Due Process Clause of the Fourteenth Amendment no longer requires that a defendant be physically present in the state for the state to exercise jurisdiction over the defendant. *See Hanson v. Denckla*, 357 U.S. 235, 250-251 (1958); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir.1994). But it is equally well settled that a defendant must have certain "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In defining the "minimum contacts" needed to establish personal jurisdiction, the Supreme Court has required that the defendant "*purposely* avail[ ] itself of the privilege of conducting activities within the forum State . . .." *Hanson*, 357 U.S. at 253 (emphasis added). In other words, the actions initiated by the defendant must be "*purposefully* directed" at the forum state, creating a " 'substantial connection' " with that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-476 (1985) (*quoting McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957) (emphasis added). The minimum contacts analysis embodies the basic notion that the defendant's *own actions* must be such as to put it on notice of the possibility of defending itself in the forum state. Thus, the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

3. *Analysis*

The complaint must be dismissed because the constitutional requirements for personal jurisdiction will not be satisfied. Defendant has not engaged in any activity purposely directed toward the State of Florida. See C. Lebed Dec. ¶¶ 5-10.
Personal jurisdiction may be founded on either two theories: general or specific jurisdiction. Plaintiff has not articulated any of the two theories or provided any indication of which theory it is relying upon. For the reasons set forth herein and in the attached declarations, however, neither theory will lie.

When a suit does not arise out of the defendant's activities in the forum state, the court must rely on general jurisdiction and the requisite minimum contacts with the forum state must be fairly extensive. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Indeed, those contacts must be "continuous and systemic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). In contrast, when a suite arises out of the defendant's activities with the forum state then a court may exercise specific jurisdiction. *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). In such a case, the contacts need not be so extensive, but the fair warning requirement inherent in due process still demands that the defendant purposely directed its activities at the forum. *L.O.T.I. Group Productions v. Lund*, 907 F.Supp. 1528, 1533-1534 (S.D. Fla.1995).

Plaintiff has failed to allege that there is sufficient "substantial and not isolated activity within the state" that could subject the Defendant to the general jurisdiction of the Florida courts. Florida Statutes, Section 48.193(2) (2007). The only contacts that Mrs. Lebed has ever had with the forum state are that she has visited the state

approximately six times during her lifetime, always merely for vacation purposes.  C. Lebed  Dec.¶ 4.  Visiting the state six times during one's lifetime to go on vacation is clearly not "substantial and not isolated activity within the state" that could possibly subject Mrs. Lebed to the general jurisdiction of Florida Courts.  By implication, the inquiry should be limited to whether there are sufficient contacts to justify the exercise of specific personal jurisdiction.

In the instant case, Mrs. Lebed has had no contacts in the forum related to the dispute.  She has never been an employee or otherwise conducted any business on behalf of Mr. Lebed, Lebed Biz, L.L.C or Pigasa, Inc.  C. Lebed Dec. ¶¶ 12-13; J. Lebed Dec. ¶¶ 4-5.  Accordingly, whatever connection any other Defendant in this case may or may not have in this case is completely irrelevant as to the issue of whether this Court may exercise personal jurisdiction over Mrs. Lebed.

Moreover, none of the relevant statutory provisions of section 48.193, Florida Statutes, apply to her.  First, Mrs. Lebed has never operated, conducted, engaged in, or carried on any business or business venture in the State of Florida, including but not limited to any business related with the Plaintiffs in this case.  C. Lebed Dec. ¶ 6; J. Lebed Dec. ¶ 6.  Second, Mrs. Lebed has never had an office or agency in the State of Florida. C. Lebed Dec. ¶ 7.  Third, Mrs. Lebed has never committed a tortious act within the State of Florida whether or not related to the issues in this case.  C. Lebed Dec. ¶ 8. Fourth, Mrs. Lebed has never owed, used, possessed or otherwise held a mortgage or lien on any real property within the State of Florida.  C. Lebed Dec. ¶ 9.  Fifth, Mrs. Lebed has never contracted to insure any person, property, or risk within the State of

Florida. C. Lebed Dec. ¶ 10. Sixth, Mrs. Lebed has never engaged in solicitation or service activities within the State of Florida. C. Lebed Dec. ¶ 11.

Even if this Court found that Florida's long-arm statute somehow applied to Mrs. Lebed, this Court must still grant Mrs. Lebed's Motion because maintaining this suit in Florida would offend traditional notions of fair play and substantial justice.

Plaintiffs have averred that this Court has jurisdiction over Mrs. Lebed because the Lebed.biz domain name was registered with her home address. Complaint, p. 5 ¶ 37. The reason that the Lebed.biz domain name was registered with Mrs. Lebed's home address was because Mr. Lebed (her son) was living at her home when he initially registered the Lebed.biz domain name in November 2002. J. Lebed Dec. ¶ 7; C. Lebed Dec. ¶ 14. Accordingly, Mr. Lebed entered his parents' address during the domain name's registration process. J. Lebed Dec. ¶ 8; C. Lebed Dec. ¶ 15. The fact that Mr. Lebed registered the Lebed.biz domain name with Mrs. Lebed's address was done without her knowledge or permission. J. Lebed Dec. ¶ 8; C. Lebed Dec. ¶ 15. It could hardly be argued that Mrs. Lebed in any way purposefully directed any actions at the State of Florida when her son registered a domain name without her knowledge while living at her home. Accordingly, by Mr. Lebed registering the Lebed.biz domain name with her home address without her knowledge or permission, there was no way that Mrs. Lebed could possibly be put on notice of the prospect of having to defend a lawsuit in south Florida five years later.

Plaintiffs have also averred that this Court has jurisdiction over Mrs. Lebed because Mrs. Lebed was designated the owner/contact for the Lebed.biz website.

Complaint, p. 5 ¶¶ 38. On approximately September 2007, Mr. Lebed asked his mother, Mrs. Lebed whether he could borrow her credit card to pay a bill, which she allowed. J. Lebed Dec. ¶ 9; C. Lebed Dec. ¶ 16. At the time Mr. Lebed asked Mrs. Lebed whether he could borrow her credit card to pay the bill, Mr. Lebed never informed her that he intended to pay a bill to CI Host (a nonparty in this case) relating to the hosting of the Lebed.biz website. J. Lebed Dec. ¶ 10. During this process, Mr. Lebed entered Mrs. Lebed's credit card information, but at no time did he request that her name be inserted on the account as the website's owner and/or contact. J. Lebed Dec. ¶ 12. Nor did Mrs. Lebed ever request that her information to be inserted anywhere relating to the Lebed.biz website. It would certainly offend traditional notions of fair play and substantial justice if Mrs. Lebed were to be haled to a South Florida court from New Jersey simply for lending her son money to pay a bill of which she had no knowledge of at the time. At the time Mrs. Lebed agreed to allow Mr. Lebed to borrow her credit card to pay a bill, she did not purposely avail herself of the privilege of conducting any activities in Florida. Her actions were not purposely directed at Florida. She was merely lending her son money, and so, her *own* actions were not such as to put her on notice of any possibility of having to defend a lawsuit in this state.

## Conclusion

Mrs. Lebed has presented evidence that she lacks the requisite minimum contacts with the state of Florida for this Court to exercise personal jurisdiction over her person. To exercise jurisdiction over her would further "offend notions of fair play and substantial justice" because she has never conducted any activities that could have reasonably put her on notice of the possibility that she may have to defend a law suit in

this state. For all these and other reasons argued above, this case must be dismissed with respect to Mrs. Lebed.

Respectfully submitted,

Christopher J. Van Dam, P.A.
12121 NE 16th Ave
North Miami, FL 33161
Attorneys for the Defendants
Voice: 305.446.5200
Fax: 866.233.2983
amaurycruz@yahoo.com


By: s/Amaury Cruz
 AMAURY CRUZ, ESQ.
 Fla. Bar No. 898244

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that in December 13, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro-se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Amaury Cruz, Esq.

## SERVICE LIST

CASE NO: 07-22670 CIV-SEITZ/MCALILEY
Peter A. Koziol, Esq.
pak@assoulineberlowe.com
Assouline & Berlowe, P.A.
213 East Sheridan Street, Suite 3, Dania Beach, FL 33004
Telephone: 954.929.1899
Facsimile: 954.922.6662
Attorneys for Plaintiffs
STOCKWIRE RESEARCH GROUP, INC.
and ADRIAN JAMES