UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22670 CIV-SEITZ/MCALILEY

STOCKWIRE RESEARCH GROUP, INC.,
a Florida corporation, and
ADRIAN JAMES, a Texas resident,

      Plaintiffs,

vs.

JONATHAN LEBED, a Florida resident,
LEBED BIZ, L.L.C., a New Jersey Limited
Liability Company, PIGASA, INC., a New
Jersey corporation, and CONSTANCE LEBED,
a New Jersey resident,

      Defendants.
_____/

## DEFENDANTS' MOTION TO STRIKE

Defendants Jonathan Lebed, Lebed Biz, L.L.C., Pigasa Inc., and Constance Lebed, respectfully move the Court to strike portions of Plaintiffs' Complaint, as authorized by Federal Rule of Civil Procedure 12(f), and in support thereof aver as follows.

### Argument

The court may remove material from a pleading that it finds "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). In order to prevail on a motion to strike, the movant must show that the challenged matter has (1) no relevance to the subject matter of the litigation and (2) that its inclusion would prejudice the

1

defendant.  *FRA S. p. A. v. Surg-O-Flex of America, Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976).

An allegation is impertinent or immaterial when it is neither responsive nor relevant to the issues involved in the action.  *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991), *cert. denied,* 504 U.S. 957 (1992).  Pleadings containing unnecessary allegations, conclusions, or evidence beyond a short and plain statement of the grounds for relief may be challenged as impertinent by a motion to strike. *Giuliano v. Everything Yogurt, Inc.*, 819 F. Supp. 240, 246 (E.D.N.Y. 1993).

"Scandalous" generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.  *Khalid Bid Talal v. E.F. Hutton & Co.*, 720 F. Supp. 671, 686 (N.D. Ill. 1989).  An allegation is "redundant" when it essentially repeats another claim in the same complaint.  *Davidson v. John Deere & Co.*, 644 F. Supp. 707, 712-713 (N.D. Ind. 1986).

In the present case, Plaintiffs have sued Defendants for (1) copyright infringement, (2) destruction of copyright management information, (3) circumvention of copyright protection systems, (4) federal unfair competition, (5) tortious interference with business relationship, (6) Florida unfair competition, (7) Florida deceptive and unfair trade practices, (8) unauthorized publication of James' name and likeness, (9) misappropriation, and (10) false light in the public eye.  There is no count for securities fraud, the promotion or manipulation of stocks, or anything else relating to securities; gangsterism; the imitation of MTV personalities; or violations of New Jersey corporate laws.

Accordingly, Defendants requests the Court to strike the following:

1. Paragraph 2, which reads as follows: "Infamous around the world and with the Securities and Exchange Commission ("SEC") for his securities scams, and for 'pump and dump' securities fraud, Mr. Lebed, unlawfully and without license in concert with all the Defendants engaged the use and manipulation of Stockwire's copyrights and trademarks and James' likeness, to improperly promote stocks for personal gain." This averment is not relevant to the issues and do not advance any of these causes of action. In fact, the statement that Mr. Lebed is "Infamous around the world and with the Securities and Exchange Commission ("SEC") for his securities scams, and for 'pump and dump' securities fraud" is scandalous and aimed to impugn Mr. Lebed's moral character in an attempt to unduly prejudice the Defendants.

2. Paragraph 19, which reads as follows: "Mr. Lebed is notorious for engineering sophisticated stock manipulation schemes that net him hundreds of thousands of dollars in illegal profit." This averment is immaterial and scandalous; it is calculated to unduly prejudice the Defendants. The statement that "Mr. Lebed is notorious for engineering sophisticated stock manipulation schemes" is particularly scandalous and meant to distract the court from the issues in this case. Moreover, the comment that Mr. Lebed's "schemes . . . net him hundreds of thousands of dollars in illegal profit" is also scandalous because it impugns Mr. Lebed's moral character and confuses the issues in this case. Such statement is immaterial and impertinent to any of the relevant issues in this case.

3. Paragraph 20, which reads as follows: "Mr. Lebed intentionally portrays himself as above the law [sic] flaunting his ill gotten gains on his web sites and in his press releases." The averments contained in paragraph 20 are immaterial, impertinent and scandalous, and they are calculated to unduly prejudice the Defendants. Specifically, the statement that "Mr. Lebed intentionally portrays himself as above the law flaunting his ill gotten gains" is a groundless comment on Mr. Lebed's moral character and distracts the court from the relevant issues of this case. Moreover, the statement that Mr. Lebed "flaunt[s] his ill gotten gains on his web sites" is not only scandalous but also immaterial to any issue in this case.

4. Paragraph 21, which reads as follows: "Mr. Lebed intentionally portrays himself as a being a gangster including posting pictures of himself in front of the house used for the set of the Sopranos television show on his web site, which is registered to Pigasa and hosted through Mrs. Lebed's account with nonparty service provider CI Host, Inc ("CI Host")." This averment is immaterial, impertinent and scandalous, and calculated to unduly prejudice the Defendants. Particularly, the out-of-context reference to Mr. Lebed as a "gangster" is scandalous and meant to impugn Mr. Lebed's moral character in an attempt to unduly prejudice the Defendants. And the statement that Mr. Lebed had his picture taken in front of "the house used for the set of the Sopranos television show on his web site" is completely irrelevant to any of the issues in the case.

5. Paragraph 22, which reads as follows: "As part of his scams, Mr. Lebed acquires a position in a thinly traded microcap stock, at times buying between 15% to 50% of the volume on the day of his purchases." The averments contained in

paragraph 22 are immaterial, impertinent and scandalous, and they are calculated to unduly prejudice the Defendants. Specifically, the part of paragraph 22 which describes Mr. Lebed's activities as "scams" is calculated to impugn Mr. Lebed's moral character and therefore scandalous. Additionally, the statement that "Mr. Lebed acquires a position in a thinly traded microcap stock, at times buying between 15% to 50% of the volume on the day of his purchases" is completely irrelevant to any of the issues in this case.

6. Paragraph 23, which reads as follows: "Then, Mr. Lebed, under various fictitious names, posts false and/or misleading messages on the Internet touting the stock." This averment is scandalous, and calculated to unduly prejudice the Defendants. Specifically, this statement is an attempt to impugn Mr. Lebed's moral character and to distract the court from the issues in this case.

7. Paragraph 24, which reads as follows: "Mr. Lebed also makes stock predictions without any foundation." This averment is immaterial, impertinent, and calculated to unduly prejudice the Defendants. It has no bearing on the relevant issues in this case, to the detriment of all Defendants.

8. Paragraph 25, which reads as follows: "Mr. Lebed continues to engage in similar securities schemes, at times being paid by third-party investors." This averment is immaterial and impertinent, and calculated to unduly prejudice the Defendants. Specifically the statement is an attempt to impugn Mr. Lebed's moral character and to prejudice the court towards Mr. Lebed, to the detriment of all Defendants. Moreover, the statement that Mr. Lebed is "being paid by third-party investors" is not relevant to any of the issues in this case.

9. Paragraph 26, which reads as follows: "Mr. Lebed's nefarious activities resulted in him [sic] being the first minor ever prosecuted by the SEC for securities fraud." This averment is immaterial, impertinent and scandalous, and calculated to unduly prejudice the Defendants. The choice of the word "nefarious" in particular is an attempt to impugn Mr. Lebed's moral character, to the undue prejudice of all Defendants. And the statement that Mr. Lebed was the "first minor ever prosecuted by the SEC for securities fraud" is immaterial and impertinent to any of the issues before the court.

10. Paragraph 27, which reads as follows: "Mr. Lebed's infamy from his highly publicized illicit stock activities and high level attention by the SEC placed him on the covers of Time magazine in the year 2000, and the New York Times magazine in the year 2001." This averment is immaterial, impertinent, and scandalous, and calculated to unduly prejudice the Defendants. The fact that Mr. Lebed was on the covers of Time magazine and the New York Times has no bearing whatsoever on any of the issues before the court.

11. Paragraph 28, which reads as follows: "Mr. Lebed was labeled by the New York Times as the 'S.E.C. Nemesis.'" This averment is immaterial, scandalous, and impertinent and calculated to unduly prejudice the Defendants. The characterization of Mr. Lebed is an attempt to unjustifiably impugn Mr. Lebed's moral character to the detriment of all the Defendants in this case. And, whether the New York Times ever bestowed such a label on Mr. Lebed is immaterial and impertinent.

12. Paragraph 29, which reads as follows: "Mr. Lebed's notoriety landed him an interview on the CBS Television program '60 minutes.'" This averment is immaterial,

and scandalous and calculated to unduly prejudice the Defendants by the use of the loaded word "notoriety." Whether Mr. Lebed has ever been interviewed on the CBS Television program '60 minutes is also irrelevant to the issues in this case.

13. Paragraph 30, which reads as follows: "Mr. Lebed touts his own infamy by publicizing on his web site these and other articles regarding his illicit pattern of stock promotion, including reports that have appeared in USA Today, Forbes, CBS News an the BBC." This averment is impertinent and scandalous, and calculated to unduly prejudice the Defendants. Describing Mr. Lebed's activities as "illicit" is scandalous because it is an attempt to smear Mr. Lebed in the eyes of the court, to the detriment of all Defendants. Additionally, whether Mr. Lebed may have posted articles relating to himself on his website is irrelevant to any of the issues before this court.

14. Paragraph 31, which reads as follows: "Mr. Lebed and his schemes are consistently used as textbook examples of securities fraud." This averment is immaterial, impertinent and scandalous, and calculated to unduly prejudice the Defendants. The statement impugns Mr. Lebed's moral character in the eyes of the court to, the detriment of all Defendants. Furthermore, the statements in paragraph 31 are irrelevant to the issues in this case.

15. Paragraph 32, which reads as follows: "Mr. Lebed and his schemes are also referenced in many law review articles as clear examples of fraud." The averments contained in paragraph 32 are immaterial and are calculated to unduly prejudice the Defendants. Whether Mr. Lebed's activities have ever been "referenced in many law review articles" or any other publication has no relevance to the issues in this case.

16. Paragraph 33, which reads as follows: "Recently, Mr. Lebed appeared in a video promoting a microcap stock in which Mr. Lebed imitated an act of "Steve-O" (a/k/a Stephen Gilchrist Glover [sic] infamous for his stunts in the MTV television series an MTV/Paramount motion picture 'Jackass')."  This averment is immaterial and calculated to unduly prejudice the Defendants.  Whether Mr. Lebed's has ever "imitated an act of 'Steve-O'" has no relevance to the issues in this case.

17. Paragraph 34, which reads as follows: "In this act and stock promotion, Mr. Lebed chugged tequila, snorted salt and poured lime juice in his own eye."  This averment is immaterial and calculated to unduly prejudice the Defendants.  Again, the Plaintiffs' description of Mr. Lebed, allegedly imitating an act of celebrity "Steve-O," has no relevance to any of the issues in this case.

18. Paragraph 35, which reads as follows: "This video featuring Mr. Lebed and his outrageous and clearly unprofessional behavior was also on HITP:/IWWW.YOUTUBE.COM and appeared on the same web page as the Pirated Video."  This averment is immaterial, impertinent, and calculated to unduly prejudice the Defendants.  The mention of the video and the description of Mr. Lebed's alleged action as "outrageous and clearly unprofessional behavior" are immaterial because they have no relevance to any of the issues in this case.

19. Paragraph 42, which reads as follows: "Mrs. Lebed directly financially benefits from Mr. Lebed's stock promotions, securities scams and copyright infringement." This averment is scandalous, and calculated to unduly prejudice the Defendants.  The statement is an attempt to smear Mrs. Lebed in the eyes of the

8

20. Paragraph 43, which reads as follows: "For example, Mrs. Lebed received lavish gifts from Mr. Lebed from the proceeds of his stock promotions and securities scams [sic] including a Mercedes Sports Utility Vehicle." This averment is immaterial, and calculated to unduly prejudice the Defendants. First, the description of the gifts Mr. Lebed has made to his mother is immaterial because it has no relevance to any of the issues in this case. Second, the statements that Mr. Lebed used "proceeds of his stock promotions and securities scams" in order to purchase gifts to his mother is scandalous as it impugns Mr. and Mrs. Lebed's moral character.

21. Paragraph 53, which reads as follows: "Lebed Biz's status as a domestic limited liability company was revoked by the State of New Jersey for not filing an annual report for two consecutive years on May 16, 2007." This averment is immaterial and calculated to unduly prejudice the Defendants. Whether "Lebed Biz's status as a domestic limited liability company was revoked by the State of New Jersey for not filing an annual report for two consecutive years" is not relevant to the issues in this case.

22. Paragraph 59, which reads as follows: "Pigasa's status as a domestic profit corporation was revoked by the state of New Jersey on June 16, 2006 for not filing an annual report for two consecutive years." This averment is immaterial and calculated to unduly prejudice the Defendants. Whether "Pigasa's status as a domestic profit corporation was revoked by the state of New Jersey" is not relevant or responsive to the issues in this case.

WHEREFORE, Defendants move this Court to strike the aforementioned portions of the complaint.

Respectfully submitted,

Christopher J. Van Dam, P.A.
12121 NE 16th Ave
North Miami, FL 33161
Attorneys for the Defendants
Voice: 305.446.5200
Fax: 866.233.2983
amaurycruz@yahoo.com

By: __/s Amaury Cruz_____
      AMAURY CRUZ, ESQ.
      Fla. Bar No. 898244

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro-se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Amaury Cruz, Esq.

**SERVICE LIST**

CASE NO: 07-22670 CIV-SEITZ/MCALILEY

Peter A. Koziol, Esq.
pak@assoulineberlowe.com
Assouline & Berlowe, P.A.
213 East Sheridan Street, Suite 3, Dania Beach, FL 33004
Telephone:  954.929.1899
Facsimile:  954.922.6662
Attorneys for Plaintiffs
STOCKWIRE RESEARCH GROUP, INC.
and ADRIAN JAMES