# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No.: 07-22670 CIV-SEITZ/MCALILEY

**STOCKWIRE RESEARCH GROUP, INC.**
**a Florida corporation, and**
**ADRIAN JAMES, a Texas Resident.**

**Plaintiffs,**

vs.

**JONATHAN LEBED, a Florida resident,**
**LEBED BIZ, L.L.C., a New Jersey Limited**
**Liability Company, PIGASA, INC., a New**
**Jersey Corporation, and CONSTANCE LEBED,**
**a New Jersey Resident.**

**Defendants.**
_____/

## PLAINTIFF STOCKWIRE RESEARCH GROUP'S MEMORANDUM IN OPPOSITION TO DEFENDANT CONSTANCE LEBED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Constance Lebed ("Mrs. Lebed") seeks to dismiss this action on the grounds that this Court does not have personal jurisdiction over Mrs. Lebed, Defendant Constant Lebed's Motion to Dismiss for Lack of Personal Jurisdiction [DN 18-1]. Mrs. Lebeds' contention that this Court does not have personal jurisdiction over her flies in the face of the allegations set forth in the Amended Complaint and is unsupported by the evidence submitted by the parties. Plaintiff Stockwire responds to the Motion and state as follows:

### I.        PRELIMINARY STATEMENT

This court has personal jurisdiction under the Florida Long Arm Statute as Mrs. Lebed engaged in business and tortious activities that caused injuries to persons and property in Florida. Furthermore, exerting personal jurisdiction under the Florida long Arm Statute over

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

non-resident Mrs. Lebed comports with constitutional due process, because Mrs. Lebed and her co-conspirators directed her actions at Florida residents, and Mrs. Lebed has sufficient minimum contacts with Florida. Moreover, personal jurisdiction over Mrs. Lebed comports with traditional notions of fair play and substantial justice. Therefore, this Court should deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

## II.    FACTS ESTABLISHING JURISDICTION OVER MRS. LEBED

In conspiracy with Jonathan Lebed ("Mr. Lebed"), Pigasa, Inc. ("Pigasa") and Lebed Biz, LLC ("Lebed Biz"), Mrs. Lebed infringed, and induced others to infringe, Stockwire's copyright (Reg. No. PA 1-374-332). Amended Complaint, ¶¶ 1, 4, 109-114; 124-130; 142-152 [DN 3]. Mrs. Lebed is directly, vicariously and contributorily liable for the infringement of Stockwire's registered copyright through an altered and unauthorized video recording (the "Pirated Video"). Amended Complaint, ¶¶ 109-114; 124-130; 142-152. Mrs. Lebed intentionally infringed Stockwire's copyright with knowledge that Stockwire's primary place of business was Florida. Amended Complaint, ¶ 64.

In support of this contention Plaintiffs have alleged that, Non-Party CI Host, Inc., the Internet hosting provider (the "Hosting Provider") for the website located at HTTP://WWW.LEBED.BIZ (the "Infringing Website"), identified Mrs. Lebed as the Website's owner. Amended Complaint, ¶ 38. Mrs. Lebed does not deny being the Website owner or contact. Amended Complaint, ¶ 38. Decl. C. Lebed ¶ 17 [DN 18-2]. Mrs. Lebed only claims that she never requested to be listed as the owner or current contact for the Infringing Website. Decl. C. Lebed ¶¶ 18, 19. This contention is contrary to emails and communications between Mrs. Lebed and the Web Hosting Provider. *See attached* Exhibit A, "Change Client Log"; Exhibit B, "Ubersmith 5.2.8b1 – Client Manager"; Exhibit C, "Tickets . . . Powered by

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

SuppportSuite"; <u>Exhibit D</u>, Decl. J. Hartley ¶¶ 1, 2, 10-12; <u>Exhibit E</u>, Decl. J. Baldwin ¶¶ 3-7. The Infringing Website was at all relevant times owned and Controlled by Mrs. Lebed and a center of distribution for the Pirated Video. Amended Complaint ¶¶ 104, 110, 112, 126, 127, 147, 148.

Mrs. Lebed also provided funding for the other Defendants through use of her credit card. *See* <u>Exhibit E</u> ¶ 5; <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, and <u>D</u>. Mrs. Lebed claims that Mr. Lebed requested to use her credit card in September of 2007, and Mr. Lebed claims that he used her credit card in September of 2007.[1] Decl. C. Lebed, ¶ 16; Decl. J. Lebed, ¶¶ 9, 11 [DN 18-3]. Mrs. Lebed does not specify how many times in September, or in any other month that Mr. Lebed requested or that she lent her credit card to Mr. Lebed, Pigasa, Inc. or Lebed Biz. *See generally* Decl. C. Lebed, ¶ 16. Nor does Mrs. Lebed specify for what purposes she lent her card to any of the Defendants. *See generally* Decl. C. Lebed.

In fact, Mrs. Lebed paid for the Infringing Website in September, 2007, and nearly the entire year of 2007.[2] *See* <u>Exhibit B</u>. Moreover, when Mrs. Lebed made payment to the Hosting Provider in late August of 2007 with Mrs. Lebed's Credit Card, Mrs. Lebed identified herself as Mrs. Lebed. *See* <u>Exhibit C</u>; <u>Exhibit E</u> ¶ 3-4. At that time Mrs. Lebed also instructed the Hosting Provider to change the contact name for the Infringing Website to "Constance Lebed" and to pay for all future recurring bills with Mrs. Lebed's credit card. *See* <u>Exhibit C</u>.

---

[1] Constance Lebed in her declaration does not deny knowing that the charges she agreed to pay for were to support the Infringing Website, nor does she deny knowing what the charges were for. *See generally* Decl. C. Lebed [DN 18-2]; Cf., Jonathan Lebed claims he never requested that Constance Lebed be listed as the website's owner or contact and is unaware why CI Host ever placed Constance Lebed as owner and contact for the Infringing Website. Decl. J. Lebed, ¶¶ 12, 13 [DN 18-3].

[2] According to business records provided by C I Host at least eleven months of service charges were charged to Mrs. Lebed's card. This credit card was used for the purpose of paying for the Infringing Website that was actively infringing Stockwire's copyrights. *See* <u>Exhibit C</u>.

S:\WDOX\FIRM\00085\0005\00021688.DOC

3

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Mrs. Lebed made payments for the Infringing Website for both October and November of 2007. *See* <u>Exhibit C</u>. Both of the Defendants deny knowing why Mrs. Lebed is the Infringing Website's owner of record. Decl. C. Lebed, ¶¶ 18-19. Decl. J. Lebed, ¶¶ 12-13. These contentions are in derogation to emails provided by the Defendants to the Hosting Provider. *See* <u>Exhibit B</u>. The Hosting Provider unequivocally indicates that it was Mrs. Lebed that changed the account for the Infringing Website to her name. *See* <u>Exhibit E.</u>

Furthermore, Mrs. Lebed, in conclusory form, claims to have never been employed for or done business on behalf of Pigasa, Inc. or Lebed Biz, LLC. Decl. C. Lebed ¶¶ 12, 13. Mrs. Lebed, also claims that Mrs. Lebed never engaged in solicitation of service activities or committed a tortiuous act within the State of Florida. Decl. C. Lebed ¶ 8, 11.

However, of at least December 28, 2007, Mrs. Lebed's home at "26 Sunset Terrace, Cedar Grove, New Jersey" remains the principal place of business listed with the New Jersey Secretary of state for Pigasa, Inc. and the domain name for the Infringing Website retains Mrs. Lebed's address as its registrant. *See* <u>Exhibits F</u>, and <u>G</u>; Decl. C Lebed ¶ 2. Mrs. Lebed's home address has remained the address associated with Infringing Website despite the Defendants' change in web hosting providers on or about November 9, 2007, which required that the Defendants update their registration records for the Infringing Website.[3] *See* <u>Exhibit E</u>. Also Mrs. Lebed instructed the Hosting Provider to send all correspondence relating to the Infringing Website to her home address "26 Sunset Terrace, Cedar Grove, NJ 07009." Decl. C Lebed ¶ 2. Decl. J Baldwin ¶ 4, and 6.

Based upon the facts above, and the argument below, the court has Personal Jurisdiction over Mrs. Lebed.

---

[3] Mrs. Lebed's hosting provider now appears to be A-Plus Internet Services, Inc. with Jonathan Lebed listed as the primary contact person at Mrs. Lebed's residential address.

S:\WDOX\FIRM\0085\0005\00021688.DOC

4

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

### III.  STANDARD OF REVIEW FOR A
### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Amended Complaint establishes a prima facie case of personal jurisdiction over Mrs. Lebed under Florida law.  A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.  *D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.*, 146 F.Supp. 2d 1274, 1276 (M.D. Fla. 2001) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996)).  "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to defendant to challenge plaintiff's allegations by affidavits or other pleadings."  *Structural Panels v. Texas Alum. Industr.*, 814 F. Supp. 1058, 1064 (M.D. Fla. 1993).  The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavit.  *D.W. Mercer, Inc.*, 146 F.Supp.2d at 1276.  "To successfully challenge personal jurisdiction, a defendant cannot rely on conclusory statements but rather must provide specific factual declarations relevant to the court's jurisdictional analysis." *Clover Systems, Inc. v. Almagran, S.A.*, 2007 WL 1655377 (S.D.Fla. Jun 07, 2007) citing *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

For example, an affidavit or declaration to support a motion to dismiss for lack of personal jurisdiction asserting that a defendant "never has done business in or directed contacts into Florida; admits certain peripheral connections with the state; and denies in a conclusory way any other actions that would bring [that defendant] . . . within the ambit of the Florida long-arm statute . . . [is] insufficient to shift to the Plaintiffs the burden of producing evidence supporting jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir.1999). Where the plaintiff's complaint and the defendant's affidavits conflict, **the district court must construe all reasonable inferences in favor of the plaintiff**. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d

253, 255 (11th Cir. 1996) (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990) (citations omitted) (emphasis added)).

The analytical steps the Court must follow are well established. *D.W. Mercer, Inc.*, 146 F.Supp.2d at 1275. The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. *Id*. First, the Court considers the jurisdictional question under Florida's long-arm statute. *Id*. If there is a basis to assert personal jurisdiction under the statute, the Court next determines whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id*. at 1275-76. If both prongs of the analysis are satisfied, the Court may exercise personal jurisdiction over a non-resident defendant. *Id*. (citing *Robinson,* 74 F.3d at 256 (citations omitted); *Sculptchair, Inc. v. Century Arts, Ltd.* 94 F.3d 623, 626 (11th Cir 1996)).

Other than in wholly conclusory statements like those rejected by the Eleventh Circuit Court of Appeals in *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215,[4] Mrs. Lebed does not refute any of the jurisdictional allegations set forth in the Amended Complaint. Furthermore, all reasonable inferences must be held in favor of Stockwire.[5]

---

[4] Mrs. Lebed's improper conclusory declaration that she never: "operated, conducted, engaged in or carried on any business or business venture . . . had an office or agency . . . committed a tortious act . . . owned, used, possessed or otherwise held a mortgage or lien on any real property . . . contracted to insure . . . engaged in solicitation of service activities within the state of Florida . . . [; or] been an employee or otherwise conducted business on behalf of Lebed Biz, L.L.C. or [Pigasa, Inc.]" should be disregarded because they are legal conclusions unresponsive to any of the allegations of the Amended Complaint. *See e.g. Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir.1999).

[5] Even reading Mrs. Lebed's improper and conclusory statements with the broadest interpretation (to which those conclusory statements are not entitled) Mrs. Lebed does not deny that: i) Mrs. Lebed had the ability to control the infringing activity; and ii) that Mrs. Lebed directly financially benefited from the other Defendants' and her co-conspirators copyright infringements and their other illicit activities; iii) that she induced or contributed to the infringement of others of Stockwire's copyright; iv) that Mrs. Lebed knew about the Infringement that was directed at Stockwire in Florida; and, v) that Mrs. Lebed did not try to remove the infringing material once she knew about it. Amended Complaint, ¶¶ 36, 42-43.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## IV.    CONSTANCE LEBED IS SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT PURSUANT TO FLORDA LAW

Mrs. Lebed is subject to personal jurisdiction in Florida under Florida's long-arm statute.  Florida's long-arm statute provides, in a relevant part:

(1)    Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

    (a)    Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

    (b)    Committing a tortious act within this state.

    (f)    Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

        1.    The defendant was engaged in solicitation or service activities within this state; or

        2.    Products, materials, or things processed,    serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

(2)    A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193. Thus, personal jurisdiction can be either general or specific, depending on the nature of the contacts that the defendant has with the forum state.   In Florida, in cases of

S:\WDOX\FIRM\0085\0005\0021688.DOC

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

conspiracy personal jurisdiction extends to the co-conspirators. *Platypus Wear, Inc. v. Clarke*

*Modet & Co., Inc.*, 515 F.Supp.2d 1288, 1293 (S.D.Fla. 2007).

### A. This Court has Personal Jurisdiction over Mrs. Lebed because This Action arises Out of and is Related to Mrs. Lebed's Conspiracy with Tortfeasors that acted in Florida

Mrs. Lebed does not deny that she Mrs. Lebed engaged in a conspiracy with

Defendants Mr. Lebed, Lebed Biz, or Pigasa, nor does Mrs. Lebed deny that principals of the

conspiracy committed toritious acts in Florida.[6]

> Where a civil conspiracy to commit tortious acts has been
> successfully alleged, and some of those acts are alleged to have
> been accomplished within the state of Florida, we have no
> hesitancy in applying the well-accepted rules applicable to the
> liability of co-conspirators in the criminal context. Those rules
> make every act and declaration of each member of the conspiracy
> the act and declaration of them all. Additionally, each conspirator
> is liable for and bound by the act and declaration of each and all of
> the conspirators done or made in furtherance of the conspiracy
> even if [the conspirator is] not present at the time.

*Platypus Wear,* 515 F.Supp.2d at 1293 (adopting *Execu-Tech Bus. Sys. v. New Oji Paper*

*Company*, 752 So.2d 582 (Fla. 2000) and *Wilcox v. Stout*, 637 So.2d 335 (Fla. 2d DCA 1994) as

the Southern District of Florida's test for personal jurisdiction under a conspiracy theory.)

In *Wilcox* the Defendants filed motions supported by affidavits demonstrating

"that they were not residents of Florida, did not maintain an office in Florida and did not

regularly engage in any business or business venture in Florida." *Wilcox,* 637 So.2d at 336.

Like Mrs. Lebed, the Defendant-Appellees in *Wilcox* did not adequately contest that they

engaged in a conspiracy or that in furtherance of that conspiracy a principal of that conspiracy

committed tortious acts within the state of Florida. *Id.* The *Wilcox* court found that Florida

---

[6] *See* Amended Complaint ¶¶ 1, 4, 6, 36, 40-43, 54, 60, 62, 67, 68, 85-95, 105, 107-115,119-131, 136-153. *See also* Exhibits A, B, C, D, E, F and G.

courts have personal jurisdiction over a co-conspirator when a conspiracy to commit tortious acts has been successfully alleged, and some of those acts are alleged to have been accomplished within the state of Florida. Therefore, like the Plaintiff-Appellant in *Wilcox* Stockwire has sufficiently alleged a conspiracy by Mrs. Lebed and her co-defendants.[7] Mrs. Lebed has not contested any of the allegations of the conspiracy, or that tortiuous acts in furtherance of the conspiracy have been committed or directed by a principal of the conspiracy toward Florida, or that Stockwire has been damaged by the conspiracy. Thus, Mrs. Lebed is subject to personal jurisdiction of this court because of her involvement in the conspiracy with the other Defendants.

### B. This Court has Personal Jurisdiction over Mrs. Lebed because This Action arises Out of, and is Related to, Mrs. Lebed's Specific Contacts with Florida

Specific jurisdiction "exists when a state exercises personal jurisdiction over a defendant in a suit arising out of, or related to, the defendant's contacts with the forum." *American Overseas Marine v. Patterson*, 632 So.2d 1124, 1127 (Fla. 1st DCA 1994) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411 n. 8.) For a defendant to be bound by the Florida long-arm statute and subject to the specific jurisdiction of a Florida court, she must personally, or through an agent, engage in any one of the enumerated acts in Section 48.193(1), and the cause of action must arise from that conduct. *See* Fla. Stat. § 48.193. Mrs. Lebed engages in all three.

Mrs. Lebed commits tortious acts in Florida. Although Mrs. Lebed, improperly in a conclusory declaration denies ever committing any tort in Florida, Mrs. Lebed does not deny that the effects of her copyright infringement were directed at a Florida entity, nor does Mrs. Lebed deny being instrumental in manufacturing the Pirated Video that was used in the ordinary

---

[7] *Supra* at note 6.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

course of trade or use in Florida, Mrs. Lebed does not deny that her Infringing Website is a center of distribution for the Pirated Video. Moreover, Mrs. Lebed does not deny that she intentionally induced infringing activity that was directed at a Florida corporation. Mrs. Lebed does not deny infringing Stockwire's copyright, inducing others to infringe Stockwire's copyright or contributing to their infringement — rather Mrs. Lebed argues that Mrs. Lebed's general contact with Florida has been for merely vacation purposes for "approximately" six times in her life,[8] without any explanation for how Mrs. Lebed came to be the owner of the Infringing Website, or her involvement in the Defendants' collective infringement.

Mrs. Lebed's motion also argues that, although Mrs. Lebed's credit card was used to pay for the web hosting bill, she paid for it without knowing for what she was paying. This argument is unsupported by Mrs. Lebed's own declaration, which never takes the position that Mrs. Lebed did not know, or otherwise was not purposefully paying for, supporting, or contributing to, or furthering her co-defendants and co-conspirators' infringement. Mrs. Lebed's contention that she did not know what she was paying for is rejected by the business records of the Hosting Provider and the declarations of non-parties Judy Hartley and Jessica Baldwin. Moreover, Mrs. Lebed's argument misses the point — Stockwire in the Amended Complaint has not alleged that Mrs. Lebed paid for the Infringing Website and is not suing Mrs. Lebed for merely paying for or owning the Infringing Website. Stockwire is suing Mrs. Lebed for her active participation in the infringement of Stockwire's copyrights, which was purposefully directed at Stockwire in Florida. By purposefully directing her infringement at a Florida corporation, Mrs. Lebed purposefully availed herself to the laws of the state of Florida. *See e.g.* *Cable/Home Communication Corp.,* 902 F.2d 829, 857. The fact that Mrs. Lebed was paying for

---

[8] Defendants do not specify when Mrs. Lebed vacationed in Florida, for how long, or if she engaged in any business while she was in Florida. *See* Decl. C. Lebed ¶ 4.

S:\WDOX\FIRM\00085\0005\00021688.DOC

10

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

the Infringing Website that was a center of distribution for the Pirated Video is not the focus of Mrs. Lebed's involvement or of Stockwire's jurisdictional allegations, but rather is only additional evidence of her involvement in the Defendants' conspiracy. Accordingly, Mrs. Lebed purposefully, directly, and contributorily caused injury directed to Stockwire, a Florida corporation.

Mrs. Lebed's Motion claims that Mrs. Lebed was notified of this lawsuit both by the process server and a letter from C I Host on November 9th.[9] Mrs. Lebed does not declare that November 9th was the first day that Mrs. Lebed was aware that she had ownership or control of the Infringing Website, or that she was not otherwise aware that the Infringing Website was infringing Stockwire's intellectual properties in Florida. In fact, Mrs. Lebed admits being notified by the Hosting Provider of the pendancy of the lawsuit involving the Pirated Video distributed through her Infringing Website. Decl. C. Lebed ¶ 17. Furthermore, non-party witness Jessica Baldwin, the representative of the Hosting Provider, identifies Mrs. Lebed and not Mr. Lebed as the person that requested the change to the owner of the web hosting account for the Infringing Website. It is undisputed that the Infringing Website is used to conduct business in Florida. Moreover, Mrs. Lebed does not deny that she was aware of the infringement back in August when a cease and desist letter was received by her on behalf of Pigasa, Inc. before she apparently became the owner of record of the Defendants' web hosting account.[10]

Moreover, Mrs. Lebed could have stopped the infringing activity when she became the owner of record of the Infringing Website, and she could have also ceased the infringements when her hosting provider first contacted her to let her know that Mr. Lebed,

---

[9] This averment is alleged in Defendant Constance Lebed's Motion to Dismiss for Lack of Personal Jurisdiction [DN 18] at 3, but is unsupported by any statement in Mrs. Lebed's declaration or pleadings.

[10] Amended Complaint ¶¶ 44.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Pigasa, and Lebed Biz were all being sued for the on going infringement that was originating from a Website registered in her name.[11]  Mrs. Lebed took no action at that point to stop the infringement, nor has she made a sufficient showing of evidence to controvert Stockwire's allegations, which must be accepted as true as a matter of law.[12]

Directly and in cooperation with the other Defendants, Mrs. Lebed purposefully participated in infringement that was directed at Stockwire in Florida.  Thus, as alleged in the Amended Complaint and viewing the facts and reasonable inferences in the light most favorable Stockwire, Mrs. Lebed, with full knowledge that Stockwire's primary place of business is Florida committed intentional acts from her Infringing Website causing injury in Florida by infringing Stockwire's copyrights.

Furthermore, Mrs. Lebed engages in business in Florida. Mrs. Lebed does not need to have multiple or numerous business contacts in Florida to be deemed to have operated or carried on a business, or business venture, within the State.  A single act may, depending upon the character or quality of the contact, satisfy the 'doing business' requirement of Florida's long arm statue.  *See Foster, Pepper, & Riviera v. Hansard*, 611 So.2d 581, 583 (Fla. 1st DCA 1992).  Such an act, however, must be for the purpose of realizing pecuniary benefit with the intention of thereby initiating a series of such acts.  *See Id.; see also WM. E. Strasser Construction Corp., v. Linn*, 97 So.2d 458, 460 (Fla. 1957).  Mrs. Lebed does not deny that she received a direct financial benefit from copyright infringement directed at Stockwire in Florida. Nor does she deny that she received lavish gifts from the co-defendants.

---

[11] Decl. J. Baldwin ¶ 7.

[12] Amended Complaint ¶ 46.

S:\WDOX\FIRM\00085\0005\00021688.DOC

12

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Mrs. Lebed claims in her declaration, which was created solely for purposes of supporting her Motion to Dismiss, that she personally knows that Mr. Lebed registered the domain name for the Infringing Website from her home and using her address without her knowledge.[13] This contradictory declaration has no bearing on whether Mrs. Lebed was engaged in the conspiracy to infringe Stockwire's copyright with Mr. Lebed, Lebed Biz, and Pigasa that was purposefully directed at Stockwire in Florida. If anything, Mrs. Lebed's averment supports Stockwire's contention that Mrs. Lebed is more than casually involved in her co-defendants' and co-conspirators' business affairs as she knowingly permitted the co-defendants to use her home for their operations and paid their bills. Mrs. Lebed does not deny the infringement or her involvement therein.

In the case at bar, the facts elicited through the Amended Complaint, Mrs. Lebed's own declaration, the business records of the hosting provider (including party admissions), and the declarations of other third parties clearly establish that Mrs. Lebed engaging in torts, carrying on business activities, and participating in the manufacture a distribution of products in the state of Florida, specifically the Pirated Video. Furthermore, Mrs. Lebed receives a direct pecuniary benefit from the copyright infringement of Stockwire's video that was posted on the Infringing Website owned and controlled by her. Accordingly, there are sufficient facts to establish that Mrs. Lebed was operating, conducting, engaging in, or carrying on business in Florida, committing the torts alleged in this action in Florida, and that Mrs. Lebed directly and financially assisted her co-conspirators and co-defendents in manufacturing and distributing the Pirated Video that was used in Florida to injure a Florida entity, and therefore Mrs. Lebed is

---

[13] Query, how can Mrs. Lebed declare something on personal knowledge that she claims she also does not know about.

subject to the specific jurisdiction of the courts of this state. Stockwire has alleged sufficient facts to find that personal jurisdiction over Mrs. Lebed exists.

### C. This Court has Personal Jurisdiction over Mrs. Lebed because This Action arises Out of and is Related to Mrs. Lebed's General Contacts with Florida

Florida Statute §48.193(2), was added to the laws of the State of Florida in 1984 in response to the United States Supreme Court decision in *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408 (1984), which discussed the extent of contacts that a nonresident defendant must have with a state in order for the state to constitutionally assert general jurisdiction over a nonresident defendant, the nonresident's contacts with the forum state must be "continuous and systematic." *Id.*

Florida Statute §48.193(2) authorizes the state to exercise general jurisdiction (eliminating the requirement that there be a nexus between the cause of action and the nonresident's contacts with the state) whenever the nonresident is engaged in "substantial and not isolated activity within this state." "Florida courts have harmonized the language of Fla. Stat. §48.193 with the constitutional due process requirements enunciated in *Helicopteros* by holding that substantial and not isolated activity means 'continuous and systematic general business contacts' articulated in *Helicopteros*." *American Overseas Marine v. Patterson*, 632 So.2d 1124, 1128 (Fla. 1st DCA 1994).

Mrs. Lebed, in a conspiracy with the other Defendants and through her established control over the Infringing Website, maintained continuous and systematic contacts with the state of Florida. Again, Mrs. Lebed does not deny involvement in the conspiracy nor does she refute involvement with respect to the infringing or posting of Stockwire's copyrights. Mrs. Lebed, in conspiracy with the co-defendants/co-conspirators, used the Infringing Website to promote stocks on a regular basis to Florida residents and she does not deny receiving a financial

S:\WDOX\FIRM\00085\0005\00021688.DOC

14

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

gain as a result. Amended Complaint ¶¶ 2, 42. Also, Mrs. Lebed and the other Defendants illicited and induced Florida residents on a continuous basis to infringe on Stockwire's copyrights. Amended Complaint ¶ 7. Finally, even after she was informed of the copyright infringing activity against a Florida Corporation, she allowed it to continue and reach Florida residents on a continuous and systematic basis via the Infringing Website. Amended Complaint ¶¶ 45, 46.

Also, June of 2006, Pigasa, Inc. was administratively dissolved. According to relevant New Jersey state law "persons who carry on the business of a corporation…after the charter has expired, or after dissolution, become personally liable as general partners." *See* e.g. *Lancellotti v. Maryland Cas. Co.*, 260 N.J.Super. 579, 583 (N.J. Super. A.D. 1992). Therefore, Mrs. Lebed is personally liable for actions on behalf of the dissolved corporation when she placed the Infringing Web Site of the dissolved corporation in her own name and paid of the hosting fees that were instrumental in Pigasa's infringement that was directed at Stockwire in Florida. Moreover, Mrs. Lebeds use of her home address to conduct business on behalf of this dissolved corporation establishes her apparent or actual authority to act on behalf of this dissolved corporation. Moreover, the acts of Mr. Lebed, Pigasa, and Lebed Biz on behalf of the partnership and conspiracy can be imputed onto Mrs. Lebed as well. It is undisputed that Mr. Lebed, Pigasa and Lebed Biz regulary engage in business and other tortious acts within Florida.

Clearly, Mrs. Lebed's conduct amounts to "substantial and not isolated activity within the state, within the meaning of Fla. Stat. 48.193(2), such that Mrs. Lebed is subject to general jurisdiction in Florida. *See Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Management, Inc.*, 726 So.2d 313, 314 (Fla. 4th DCA 1998) (holding that broadcasting of infomercials on Florida cable channels is substantial, continuous, and systematic); *see also*

*Atlanta Gas Light Co. v. Semaphore Advertising, Inc.*, 747 F.Supp. 715, 721-22 (S.D. Ga. 1990)

(finding that transmission of a commercial on a television broadcast is the type of purposeful act

that can subject the seller of a product to the personal jurisdiction of a state); *Casano v. WDSU-*

*TV, Inc.,* 313 F.Supp. 1130, 1138 (S.D. Miss. 1970) (same).

### V.     PERSONAL JURISDICTION OVER MRS. LEBED COMPORTS WITH CONSTITUTIONAL DUE PROCESS

#### A.     Mrs. Lebed has Minimum Contacts with Florida

Once the court determines that a party is subject to a state's long-arm statute, it

must consider whether asserting personal jurisdiction over a nonresident defendant comports

with due process.  *D.W. Mercer, Inc.*, 146. F.Supp.2d at 1278.  This question also involves a

two-step analysis.  First, the Court must determine whether the defendant has established

"minimum contacts" with Florida.  Second, the Court must find that the exercise of personal

jurisdiction over the defendant does not offend traditional notions of fair play and substantial

justice.  *Id.*  (citing *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1220 (11th Cir.1999)).

Under *Posner*, the Eleventh Circuit follows a three-part test to decide whether

"minimum contacts" exist.  First, the contacts must be related to the plaintiff's cause of action.

Second, the contacts must involve some act by which the defendant purposefully avails itself of

the privilege of conducting activities within the forum.  Third, the defendant's contacts with the

forum must be such that the defendant should reasonably anticipate being haled into court there.

*Id.*  (citing *Posner,* 178 F.3d at 1220).  For example, personal jurisdiction over a non-resident

defendant in a copyright infringement case is proper when broadcasts compromised copyrighted

programming are directed to the forum state in violation of copyright laws.  *Cable/Home*

*Communications Corporation v. Network Productions, Inc.*, 902 F.2d 829, 856-857 (11th Cir.

1990).

S:\WDOX\FIRM\0085\0005\0021688.DOC

16

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

The case at bar involves willful copyright infringement. It is not disputed that Mrs. Lebed knew of, and participated in, the infringing activities of Mr. Lebed, Pigasa, Lebed Biz or the persons the Defendants collectively induced to download the Pirated Video. Nor does Mrs. Lebed claim to have taken any affirmative action to either close or revoke or terminate her actual and/or apparent ownership of the Infringing Website, or renounce the conspiracy. Despite the warnings and notices, Mrs. Lebed purposefully intended her willful infringing activity and enabled those of her co-conspirators to continue. Furthermore, the copyright infringement was directed toward Stockwire, a Florida corporation, with its primary place of business in Florida, so that Florida can be said to be the focal point of the harm suffered by Stockwire as a result of Mrs. Lebed's intentional tortious activity.

Mrs. Lebed purposefully availed herself of the "economic" benefits of doing business with Florida residents when her Infringing Website, and her co-conspirators, disseminated numerous unauthorized downloads of the Pirated Video to Florida residents. As co-conspirators and instruments of Mr. Lebed and Mrs. Lebed, the entities Lebed Biz and Pigasa are not denied as being used by Mrs. Lebed to engage in business in or from Florida. Under the facts of this case, Mrs. Lebed has availed herself of the "privilege of conducting business" activities in Florida, which further solidifies the minimum contacts analysis. *See Travel Opportunities*, 726 So.2d at 315 (holding that in the electronic age, physical presence in a state is not necessary for jurisdiction to attach) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-6 (1985)).

Moreover, the Supreme Court has made a distinction between "mere untargeted negligence" and "intentional, and allegedly tortious, actions" aimed expressly at the forum state. *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984). A non-resident tortfeasor who commits

S:\WDOX\FIRM\00085\0005\0021688.DOC

17

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

an intentional tort within the forum state is generally subject to the personal jurisdiction of a federal court sitting in the state. In *Calder*, the Court upheld the assertion of personal jurisdiction in California over a nonresident Florida defendant for libel. *Id.* The Court reasoned that California could assert personal jurisdiction because: i) the defendant's intentional actions were aimed at the forum state; ii) the defendant knew that the article would have a potentially devastating impact on the plaintiff; and iii) the defendant knew that the brunt of the injury would be suffered in the state where the plaintiff lived. *Id.* at 790. The court held based on these factors the defendant must reasonably anticipate to haled into court in forum state. *Id.* The United States Supreme Court in *Calder* thus approved an "effects" test that allows the assertion of personal jurisdiction over non-resident defendants whose acts "are performed for the very purpose of having their consequences felt in the forum state." *Brainerd v. Governors of Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989). *See also Haisten v. Grass Valley Medical Reimbursement*, 784 F.2d 1392, 1397 (9th Cir. 1986). *Hugel v. McNell*, 886 F.2d 1, 5 (1st Cir.1989).

   Mrs. Lebed does not deny that she encouraged Florida residents to download the Pirated video from her Infringing Website over the Internet. Mrs. Lebed also does not dispute that she refused to take down the Pirated Video even after she was notified that her Infringing Website is subject of current litigation in the Southern District of Florida and was actively infringing the copyrights of Stockwire, a Florida corporation. Nor does Mrs. Lebed deny that she was involved in a conspiracy with Florida defendants operating out of Florida. Therefore, Mrs. Lebed knew her intentional actions were aimed at Florida, would have a damaging impact on Stockwire which was located in Florida, and thus had clear reason to anticipated being haled into a Florida court.

S:\WDOX\FIRM\00085\0005\00021688.DOC

18

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

### B. Personal Jurisdiction over Mrs. Lebed Comports with Traditional Notions of Fair Play and Substantial Justice

As the capstone to establish personal jurisdiction over Mrs. Lebed, the Court must determine whether the assertion of personal jurisdiction would comport with traditional notions of "fair play and substantial justice." *Response Reward Systems, Inc. v. Meijer, Incorporated*, 189 F.Supp.2d 1332, 1336 (M.D. Fla. 2002).[14] The Court considers defendant's contacts with Florida and other factors, including the burden on defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in further fundamental substantive social policies. *D.W. Mercer, Inc.*, 146. F.Supp.2d at 1278 (citing *Robinson,* 74 F.3d at 259).

As set forth above, Mrs. Lebed has minimum contacts with the State of Florida, and with co-defendant/co-conspirator Mr. Lebed. Mrs. Lebed also commits torts and engages in business in Florida, as she is "liable and bound by the act and declaration of each and all of the conspirators . . . even if she is not present at the time." Stockwire is incorporated in Florida and the brunt of the injury sustained by Stockwire was suffered in Florida. Additionally, Mrs. Lebed already shows the same Florida Counsel as the other defendants and can only benefit from the economics of sharing one counsel amongst all conspirators. Moreover, the burden on Mrs. Lebed to defend this lawsuit in Florida will not be affected except for the attendance of a trial in a town she vacations frequently to visit her son and co-defendant Mr. Lebed.[15] With the

---

[14] Citing *Structual Panels, Inc. v. Texas Aluminum Ind., Inc.*, 814 F.Supp. 1058, 1066 (M.D. Fla. 1993); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 66 S.Ct. 154 (1945).

[15] Although this obligation may be bothersome to Mrs. Lebed, this obligation should be mitigated in light of the amount of business that Mrs. Lebed regularly solicits in Florida through her Infringing Website and the fact that the injury of the intentional copyright infringement that was disseminated from her Website in Florida was directed toward a Florida corporation.

exception of Mrs. Lebed, many of the important witnesses and the Defendants may be found in

Florida. Clearly, the most important factor for finding personal jurisdiction in Florida is Florida's

unquestionable interest in adjudicating this matter in Florida and having this matter efficiently

resolved before this very Court. Sufficient minimum contacts exist to satisfy the due process

clause, so that the maintenance of this suit in Florida does not offend traditional notions of fair

play and substantial justice. *Obermaier v. Kenneth Copeland Evangelistic Association, Inc.*, 208

F.Supp.2d 1288 (M.D. Fla. 2002). *Travel Opportunities*, 726 So.2d at 316. This Court should

find that it has personal jurisdiction over Mrs. Lebed and deny Mrs. Lebed's Motion to Dismiss

for Lack of Personal Jurisdiction.

## VI.     CONCLUSION

Stockwire respectfully requests that Constance Lebed's Motion to Dismiss be

denied, or, in the alternative, allow Stockwire to take discovery of Constance Lebed and

Jonathan Lebed in anticipation of an evidentiary hearing on the motion to dismiss for lack of

personal jurisdiction, and for such other relief as this Court finds just fair and equitable.

Dated: December 28, 2007                    Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308
Miami, Florida 33133
Telephone: 305-567-5576
Facsimile: 305-567-9343
By: *s/Peter A. Koziol*_____
Peter E. Berlowe (FBN 143650)
peb@assoulineberlowe.com
Peter A. Koziol (FBN 0030446)
pak@assoulineberlowe.com

*Attorneys for Plaintiffs*
*Stockwire Research Group, Inc., and*
*Adrian James*

S:\WDOX\FIRM\00085\0005\00021688.DOC

20

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods referenced below this day December 28, 2007 on all counsel or parties of record on the service list indicated below:

### <u>SERVICE LIST</u>

***Stockwire Research Group, Inc. v. Lebed, et. al.***
**CASE NO.: 07-22670 CIV-SEITZ/MCALILEY**
**United States District Court, Southern District of Florida**

#### <u>CM/ECF</u>

Amaury Cruz, Esq. (FBN 898244)
amaurycruz@yahoo.com
**Christopher J. Van Dam, P.A.**
12121 NE 16th Ave
North Miami, FL 33161
Voice: 305.446.5200
Fax: 866.233.2983

***Attorneys for the Defendants, Jonathan Lebed, Constance Lebed, Lebed Biz, LLC, and Pigasa, Inc.***

By:_____ */s Peter A. Koziol*_____
Peter A. Koziol

S:\WDOX\FIRM\00085\0005\00021688.DOC

21

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343