# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 07-22670 CIV-SEITZ/MCALILEY

**STOCKWIRE RESEARCH GROUP, INC.**
**a Florida corporation, and**
**ADRIAN JAMES, a Texas Resident.**

                                    **Plaintiffs,**

vs.

**JONATHAN LEBED, a Florida resident,**
**LEBED BIZ, L.L.C., a New Jersey Limited**
**Liability Company, PIGASA, INC., a New**
**Jersey Corporation, and CONSTANCE LEBED,**
**a New Jersey Resident.**

                                      **Defendants.**
_____/

### PLAINTIFFS' MEMORANDUM IN OPPOSITION
### TO DEFENDANTS' MOTION TO STRIKE

The Plaintiffs respond to the Defendants' "Motion to Strike" [DN19-1] (the

"Motion") as wholly without merit, as the challenged matter is relevant to the subject matter of

the litigation and elemental to the Plaintiffs claims and will not prejudice the Defendants.[1]

---

[1] Moreover, at the time of filing the "Motion to Strike" [DN19-1] (the "Motion"), counsel for the Defendants did not:

> file with the Clerk of the Court a statement certifying either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so. S.D. Fla. L.R. 7.1.A.3

Nor did counsel for the Defendant actually confer with counsel for the Plaintiffs' prior to filing the Motion. It is possible that the parties could have resolved or narrowed this matter amongst themselves without necessitating the courts' involvement or unnecessary motion practice. Therefore,

1
**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Dockets.Justia.com

## I.     FACTS

As set forth in the Amended Complaint, "[this action] arises out of the injury and damage caused by the deceptive, willful and intentional actions of [Jonathan Lebed ("Mr. Lebed")] . . . individually and in concert with . . . [Constance Lebed ("Mrs. Lebed")] and through their related organizations and alter egos, Pigasa, Inc. [("Pigasa")], and Lebed Biz, L.L.C. [("Lebed Biz")] to Stockwire Research Group, Inc. [("Stockwire")] and its primary spokesperson, Adrian James. Amended Complaint ¶ 1.  Although Stockwire alleges claims of copyright infringement and other violations of the Digital Millennium Copyright Act, a substantial portion of the Plaintiffs' damages arise because of the Defendants' intentional and unlawful association of themselves with both of the Plaintiffs, Stockwire and James.  Amended Complaint ¶ 8, 9, 10.

In fact, when the Defendants violated Stockwire's copyright and created the pirated video (the "Pirated Video"), the Defendants removed all information from the Stockwire presentation that indicated it was an independent creation of Stockwire or James for the purposes of passing it off as their own. Amended Complaint ¶¶ 88, 94, 95, 157, 158. Then through multiple internet locations, including Defendants' own infringing website, http://www.lebed.biz, (the "Infringing Website") the Defendants distributed the Pirated Video that Defendants misrepresented as their own. Amended Complaint ¶¶ 6, 94, 178. The Pirated Video featured James likeness and Stockwire's trademark intellectual property.  Amended Complaint ¶¶ 85, 91, 94, 179. The Plaintiffs are engaged in the business of stock promotion and marketing.  Amended Complaint ¶¶ 105. The Defendants created a false association between the Defendants and the Plaintiffs that has harmed the Plaintiffs. Amended Complaint ¶¶ 155-157, 202-211.

---

pursuant to S.D. Fla. L.R. 7.1.A.3, the Plaintiffs respectfully request that the Motion be denied and that the court order such other relief as this Court finds just fair and equitable. *Id.*

In particular, through their intentional and unauthorized association with James, Defendants created a false appearance that James participates in and condones Defendants' misleading stock representations, unlawful market manipulations, and stock swindles. Amended Complaint ¶ 210. This behavior establishes Defendants' reputation, and the reputation that the Defendants have falsely directed towards Plaintiffs.

Defendants' behavior (e.g. market manipulation and stock fraud) is touted by the Defendants through their own websites, press releases, newsletters and other internet postings, including incorporation and adoption of reports from the New York Times, 60 Minutes, CBSNEWS, and others. Amended Complaint ¶¶ 27, 28, 29, 30. *See also* Portions of the Website www.lebed.biz (last visited December 31, 2007)*,* Composite Exhibit A attached hereto. This website, the Infringing Website, is one of the known centers of distribution for the Pirated Video, and was also the very same website which Youtube users were directed to visit in conjunction with the Pirated Video. Amended Complaint ¶¶ 95, 102. Thus, as used by Defendants, the Defendants' use of the Pirated Video was highly offensive to James and would have been offensive or embarrassing to a reasonable person. Amended Complaint ¶ 204.

Not only did the Defendants violate Stockwire's copyrights, the Defendants willfully and falsely represented to the public that Pirated Video was representative of James' current analysis. Amended Complaint ¶ 207. Using the highly edited and manipulated Pirated Video that forced James to be viewed as part of the Defendants' stock promotion scheme and created an unauthorized, fraudulent and false association between James and the Defendants. This false association cast James in a false light in the public eye. Amended Complaint ¶ 208.

Furthermore, the Defendants' distribution of the Pirated Video with James' likeness in it wrongfully implies that the Pirated Video is being distributed by the Defendants

with James' permission and that James approved of its contents at the time was distributed and for the purpose for which it was distributed. Amended Complaint ¶ 209. The Defendants continued to distribute this content and unlawfully associate themselves with the Plaintiffs, even after receiving notice through multiple cease and desist letters, and notices from their hosting provider. Amended Complaint ¶¶ 44, 45, 46.

Even after the Defendants filed the Motion, [DN 19-1], the Defendants' own web site www.lebed.biz continues to tout the behavior that the Defendants object to as scandalous. *See* Composite Exhibit A attached. **As stated in the Amended Complaint and above, this is the very same Infringing Website that hosted the Pirated Video and to which viewers of the Pirated Video were directed.**

Based upon the facts above, and the argument below, the Defendants' Motion should be denied.

## II.  STANDARD FOR A MOTION TO STRIKE

"In order to prevail on a motion to strike, the movant must show that the challenged matter has (1) ***no relevance to the subject matter of the litigation and*** (2) that its inclusion would prejudice the defendant." Defendants' Motion to Strike [DN 19-1] citing *FRA S. P. A. v. Surg-O-Flex of America, Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976) (emphasis added).

Like a motion to dismiss, for purposes of a motion to strike, all well pled allegations in the complaint are presumed to be true and held in the light most favorable to the non-moving party. *See Rosales v. Citibank, Federal Sav. Bank*, 133 F.Supp.2d 1177 (N.D.Cal. 2001). Motions to strike are disfavored by the court and "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Weitzman, LLC v. Micro Computer Resources, Inc.,* 2007 WL 744649 (S.D.Fla. Mar. 6, 2007). In fact, in every case cited by the

Defendants, to allegedly support their Motion, the corresponding court denied striking any portion of the pleadings on basis of 12(f).[2]

### III. ARGUMENT

#### A. The Defendants have Failed to Show that the Challenged Matter has No Relevance to the Subject Matter of the Litigation

In this matter, the Defendants' averments to facts to which they object (the "Objected to Facts") whole heartedly fail to meet the first prong of the test used to determine a motion to strike. *FRA S. p. A. v. Surg-O-Flex of America, Inc.*, 415 F. Supp. 421, 427. The Defendants have failed to show that the Objected to Facts have "no relevance" to the litigation. The Plaintiffs are not using the Objected to Facts as evidence of Mr. Lebed's or Mrs. Lebed's character or propensity for committing torts against Stockwire or James.[3] The Objected to Facts refer to and set forth the basis for the Plaintiffs' damages caused by the Defendants' misappropriation and subsequent unlawful use of the Plaintiffs' likeness, and intellectual property. The Objected to Facts establish the basis of how a reasonable person would be offended by the Defendants' habitual misconduct, including the forced and unlawful and false association of the Plaintiffs with the Defendants. This unlawful association is reprehensible to the Plaintiffs and part of the basis for which the Plaintiffs seek recovery.

---

[2] *FRA S. p. A. et al. v. SURG-O-FLEX OF AMERICA, INC.*, 415 F.Supp. 421 (S.D.N.Y. 1976) (stating that "striking a portion of a pleading under Rule 12(f) is . . . often . . . a ***dilatory tactic***. . . it would therefore be inappropriate to strike any part of the complaint.") (emphasis added); *Giuliano v. Everything Yogurt, Inc*., 819 F.Supp. 240 (E.D.N.Y. 1993) (denying the motion to strike because defendants had not shown that portions of the pleading that they sought to be stricken had "no bearing on the subject matter of the litigation."); *Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E. F. Hutton & Co., Inc*., 720 F.Supp. 671 (N.D.Ill. 1989) (denying motion to strike); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, C.A.7 (Ill. 1991) (holding that the trial court erred in allowing the jury to consider certain affirmative defenses in both the damages and liability phases); *Davidson v. John Deere & Co*., 644 F.Supp. 707 (irrelevant for the proposition that the defendants cited).

[3] Although F.R.E. Rules 403, 404 provide basis for objection to certain character evidence, evidentiary rules do not apply at the pleading stage. *Crawford v. School Dist. of Philadelphia,* 1998 WL 288288, 2 (E.D.Pa. June 3, 1998). Nor would F.R.E. Rules 403 or 404 exclude the evidence that Plaintiffs allegations aver to, as they are highly probative of the damages suffered by the Plaintiffs.

*Stockwire Research Group, Inc. v. Lebed, et. al.*
Case No.: 07-22670 CIV-SEITZ/MCALILEY

All information in Stockwire's copy protected work other than the likeness of Adrian James that would have indicated that it was created independently or not authorized for use by the Defendants was intentionally removed by the Defendants when the Defendants engineered the Pirated Video. This is because the Defendants wanted to make it appear as though the content of the Pirated Video was their own and that there was an affiliation between James, Stockwire and the Defendants. This unwelcome affiliation between Defendants and Plaintiffs is elemental to the Plaintiffs' unfair competition, misappropriation, and false light claims. The Defendants' behavior in conjunction with asserting their false affiliation demonstrates the objective offensiveness of being unlawfully associated with the Defendants. <u>The Objected to Facts are offensive to a reasonable person and that is why they are relevant.</u>

Furthermore, the Objected to Facts are nearly quoted verbatim from content on the Defendants' own web site (simultaneously available at the same time and from the same web location as the Pirated Video) or describe other content that the Defendants posted on non-party Youtube, LLC's website along side the Defendants' Pirated Video. *See* Composite Exhibit A. In fact, the Defendants continue to assert and adopt most of the objected to material on their very own Infringing Website. *See e.g.* Composite Exhibit A. Stockwire must be able to plead how the damages in this matter arose. The Defendants cannot claim that the Objected to Facts are scandalous, impertinent or irrelevant, particularly when they intentionally use the Objected to Facts in conjunction with their unauthorized and misrepresented use of Stockwires' copyrights and James' likeness. If anything is scandalous, it is the Defendants' injury to the Plaintiffs.

Defendants object to Amended Complaint ¶ 2. Paragraph 2 is a summarization of content posted on Defendants' Infringing Website a center of distribution for the Pirated Video. See Exhibit A at 1-23. This allegation is central to the issues in this case and explains why a

6
**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

reasonable person would be offended to have their name, image or likeness associated with Mr. Lebed or illegally used in the manner that the Defendants used it. The Defendants cannot assert that something that the Defendants posted on their own Infringing Website (in association with the Pirated Video) is not relevant to this case. James and Stockwire have been damaged by the Defendants' collective unlawful, repeated and forced association with them. Mr. Lebed's behavior and how the Defendants convey that behavior to the public in conjunction with the distribution of the Pirated Video is at the heart of this lawsuit. The Defendants unlawfully thrust Stockwire and its trademark Stockumentary into a false association with them and passed-off Adrian James likeness and Stockwire's content as their own. The Defendants cannot use the outrageousness of their own behavior that Defendants have intentionally widely publicized as a shield against the damage and harm they have caused Stockwire and Adrian James.

Defendants object to Amended Complaint ¶ 19. Paragraph 19 is entirely relevant. It can be found incorporated by reference on the Infringing Website through a link to Jonathan and Constance Lebeds' SEC Consent Order dated September 20, 2000. This material has been wrongfully associated with the Plaintiffs by the Defendants. *See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7. See Composite Exhibit A, 1-23.

Defendants object to Amended Complaint ¶ 20. Paragraph 20 is entirely relevant. It explains why a reasonable person would be offended by the Defendants' actions. It also shows the damaging effect that the Defendants' unfair competition and deceptive and unfair trade practices have had on Stockwire and James. This material has been wrongfully associated with the Plaintiffs by the Defendants. *See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7. *See* Composite Exhibit A, 1-23.

Defendants object to Amended Complaint ¶ 21. Paragraph 21 is entirely relevant. The Defendants in conjunction with their forced and false association with the Plaintiffs are holding themselves, and thus the Plaintiffs out as Mafioso gangsters that are above the law. The very material referenced in Paragraph 21 was posted on the home page of Infringing Website, a Distribution center for the Pirated Video controlled by the Defendants. In other words, when the public watched the Pirated Video from the Defendants' Infringing Website, the public would associate the Plaintiffs with the Defendants and would associate the Plaintiffs with the other content that the Defendants posted to describe themselves, including the Defendants public references to Defendants gangster lifestyle. The Infringing Website is also the location where approximately 12,000 Youtube viewers were also directed as they were watching the Pirated Video. The Pirated Video was engineered from Plaintiffs copy protected work to create a false association between Plaintiffs and the Defendants. This material has been wrongfully associated with the Plaintiffs by the Defendants. *See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7. *See* Composite Exhibit A, 7-8, 15 ¶ 4.

Defendants object to Amended Complaint ¶¶ 22-24. Paragraphs 22-24 are entirely relevant. Plaintiffs are engaged in the business of promoting stocks through marketing campaigns. By misappropriating the Plaintiffs' Intellectual Property and using their likenesses in conjunction with Defendants' activities creates damage and harm to Stockwire and James. By misappropriating Stockwires' content and using James' identity and likeness to promote stocks in one of their apparently illicit stock promotion campaigns, Defendants have smeared James' reputation and cast James in a false light in the public eye. The trademark and copy protected video that Defendants pirated was a high quality product of in depth research, analysis and reporting. This material has been wrongfully associated with the Plaintiffs by the Defendants.

*See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7. *See* Composite Exhibit A at 1 ("using multiple fictitious names"). *See also* Composite Exhibit A at 12, incorporated by reference by Composite Exhibit A at 10.

Defendants object to Amended Complaint ¶ 25. Paragraph 25 is entirely relevant. In fact, the Defendants on their website and in their advertisements that incorporated the Pirated Video claim that Defendant Lebed Biz was paid by third party investors for those presentations. *See* Exhibit C to the Amended Complaint [DN 3-4]. This shows a source of Defendants illegal profits associated with the infringement, unfair competition and misappropriation.

Defendants object to Amended Complaint ¶ 26. Paragraph 26 is entirely relevant. Mr. Lebed touts this on the same Infringing Website wherein he posted the Pirated Video. This material has been wrongfully associated with the Plaintiffs by the Defendants. *See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7. *See* Composite Exhibit A at 1.

Defendants object to Amended Complaint ¶ 27. Paragraph 27 is entirely relevant. It can be found indirectly averred to on the Infringing Website, one of the centers of distribution for the Pirated Video. This material has been wrongfully associated with the Plaintiffs by the Defendants. *See* Composite Exhibit A at 1-23. *See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7.

Defendants object to Amended Complaint ¶ 28. Paragraph 28 is entirely relevant. It can be found incorporated by reference on the Infringing Website, a center of distribution for the Pirated Video. *See* Composite Exhibit A at 1. Defendants incorporate and adopt this title for Mr. Lebed. This material has been wrongfully associated with the Plaintiffs by the Defendants.

*See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7.

Defendants object to Amended Complaint ¶ 29. Paragraph 29 is entirely relevant. It can be found incorporated by reference on the Infringing Website, a center of distribution for the Pirated Video. This material has been wrongfully associated with the Plaintiffs by the Defendants. *See* Composite Exhibit A at 2. *See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7.

Defendants object to Amended Complaint ¶ 30. Paragraph 30 is entirely relevant. *See* Composite Exhibit A at 1. This page shows Defendants touting Mr. Lebed notoriety including an article from the New York Times that directly references his "illicit" gains. This material has been wrongfully associated with the Plaintiffs by the Defendants. *See also* Composite Exhibits, A 3-23. *See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7.

Defendants object to Amended Complaint ¶¶ 31-32. Paragraphs 31 and 32 are entirely relevant. Mr. Lebed is well known as a stock fraudster, and by his intentional unauthorized misassociation with the Plaintiffs has cast the Plaintiffs in a false light in the public eye. This is relevant to show how extensive the damage is. Mr. Lebed's reputation transcends what he posts on his website. This material has been wrongfully associated with the Plaintiffs by the Defendants. *See* relevance of material objected to by Defendants, relating to the Amended Complaint ¶ 2, *supra* at 6-7.

Defendants object to Amended Complaint ¶ 33-35. Paragraphs 33-35 are entirely relevant. The video described in these paragraphs appeared directly along side the copy-infringed video that was falsely represented as Defendant's and featured James' likeness and

Stockwire's intellectual property. It illustrates on an entire different level, the juvenile and unprofessional behavior that Defendant have intentionally associated with Plaintiffs' and the Plaintiffs intellectual property. The purpose of this description is to demonstrate the manner in which the Plaintiffs' image and materials were displayed and distributed by Defendants in conjunction, and at times bundled with this other video, which is damaging to the Plaintiffs. Outrage and professionalism have everything to do with this case. The Defendants are being sued for misappropriation of James' Likeness, unauthorized publication of James' likeness, false light in the public eye, unfair competition and deceptive and unfair trade Practices. This material has been wrongfully associated with the Plaintiffs by the Defendants. These facts go directly towards the claims against Defendants and Stockwire's and James' damages. *See* relevance of material objected to by Defendants, relating to Amended Complaint ¶ 2, *supra* at 6-7.

Defendants object to Amended Complaint ¶¶ 42, 43. Paragraph 42 and 43 are entirely relevant. It establishes a basis for Mrs. Lebed's vicarious liability, and also is part of the facts establishing personal jurisdiction over Mrs. Lebed.

Defendants object to Amended Complaint ¶¶ 53 and 59. Paragraphs 53 and 59 are entirely relevant. The fact that the New Jersey corporate defendants are dissolved relates to Mr. Lebed's and Mrs. Lebed's (the "Lebeds") personal liability. "[P]ersons who carry on the business of a corporation . . . after the charter has expired, or after dissolution, become personally liable as general partners are personally responsible for the actions of the entity." *See e.g. Lancellotti v. Maryland Cas. Co.*, 260 N.J.Super. 579, 583 (N.J. Super. A.D. 1992) (applying New Jersey law); *Barrie v. Buchsbaum*, 547 So.2d 1009-1010 (Fla.App. 3 Dist. 1989) (applying Florida law); Fla. Stat. § 607.0204. Therefore, these Objected to Facts are relevant to liability issues.

Moreover, the words that the Plaintiffs use to describe the Defendants' behavior in the Objected to Facts not only come from the Defendants own Infringing Website, but are generally accepted terms that describe what is at issue in this lawsuit. For example, the Northern District of Florida rejected a defendant's contention that terms "'kiting' checks; 'artificially create' positive cash balances; and 'funnel' funds" as stated in a complaint were impertinent and scandalous, and held that those terms were not subject to a motion to strike. *S.E.C. v. Shiell*, 1977 WL 1044, 3 (N.D. Fla. Sep. 27, 1977). Similarly when Plaintiffs use words like infringing, illicit, unlawful, nefarious, illegal, notorious they are using generally accepted terms to describe what is at issue in the lawsuit. "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Daugherty v. Firestone Tire and Rubber Co.,* 85 F.R.D. 693, 695 (N.D.Ga.1980) (*quoting* 2A Moore's Federal Practice, P 12.21(2) (1979)).

### B. The Challenged Matter is Not Prejudicial to the Defendants

Moreover, pleadings should not be stricken unless the moving party is also prejudiced. *See e.g. Poston v. American President Lines, Ltd.,* 452 F.Supp. 568 (S.D.Fla 1978) (holding that motions to strike are often "time wasters" that "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and *unduly* prejudicial." *Ace Hardware Corp. v. Marn, Inc.*, 2006 WL 4007863 (N.D.Ill. 2006) citing *E & J Gallo Winery v. Morand Bros. Beverage Co.,* 247 F.Supp.2d 979, 982 (N.D.Ill.2003) (emphasis added). Consequentially, "motions to strike are frequently denied 'when no prejudice could result from the challenged allegations, even though the matter literally

is within the category set forth in Rule 12(f).'" *Ace Hardware*, 2006 WL 4007863, 1 (citing *Anderson v. Board of Educ.,* 169 F.Supp.2d 864, 868 (N.D.Ill.2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1382)). Prejudice only exists "where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an *undue* burden on the responding party." *See Hoffman-Dombrowski v. Arlington Intern. Racecourse, Inc.*, 11 F.Supp.2d 1006 (N.D.Ill. 1998) (emphasis added). The Defendants have not shown that the allegations in the complaint confuse issues or are so lengthy and complex that they place and *undue* burden on them. Any complexity of the issues is derived from the Defendants own actions. The Defendants' Motion should be denied because the Defendants' conclusory arguments are not "grounded in sound, supporting facts." *See e.g. Royale Green Condominium Ass'n., Inc. v. Aspen Specialty Ins. Co.*, 2007 WL 2479589 (S.D.Fla. Aug. 28, 2007).

Moreover, the court will be in better position to evaluate the materiality of the pleadings once the entire case is before it on the pleadings and the proofs. *See Pittston-Luzerne Corp. v. United States,* 86 F.Supp. 460 (M.D.Pa. 1949). If it becomes evident that the any of the Objected to Facts are immaterial and prejudicial, which they are not, those Objected to Facts may be withheld from the jury at a later time. *Id.*

WHEREFORE, the Plaintiffs respectfully request that the court deny the Defendants' Motion, provide relief in accordance with S.D. Fla. L.R. 7.1.A.3, and such other relief as this Court finds just fair and equitable.

[Signature Page Follows]

Dated: December 31, 2007             Respectfully submitted,

                    **ASSOULINE & BERLOWE, P.A.**
                    3250 Mary Street, Suite 308
                    Miami, Florida 33133
                    Telephone: 305-567-5576
                    Facsimile: 305-567-9343
By: *s/Peter A. Koziol*
                    Peter E. Berlowe (FBN 143650)
                    peb@assoulineberlowe.com
                    Peter A. Koziol (FBN 0030446)
                    pak@assoulineberlowe.com

                    *Attorneys for Plaintiffs*
                    *Stockwire Research Group, Inc., and*
                    *Adrian James*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods referenced below this day December 31, 2007 on all counsel or parties of record on the service list indicated below:

## SERVICE LIST

*Stockwire Research Group, Inc. v. Lebed, et. al.*
**CASE NO.: 07-22670 CIV-SEITZ/MCALILEY**
**United States District Court, Southern District of Florida**

### CM/ECF

Amaury Cruz, Esq. (FBN 898244)
amaurycruz@yahoo.com
**Christopher J. Van Dam, P.A.**
12121 NE 16th Ave
North Miami, FL 33161
Voice: 305.446.5200
Fax: 866.233.2983

*Attorneys for the Defendants, Jonathan Lebed, Constance Lebed, Lebed Biz, LLC, and Pigasa, Inc.*

By:  */s Peter A. Koziol*  
 Peter A. Koziol