# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 07-22670 CIV-SEITZ/MCALILEY

**STOCKWIRE RESEARCH GROUP, INC.**
**a Florida corporation, and**
**ADRIAN JAMES, a Texas Resident.**

        **Plaintiffs,**

**vs.**

**JONATHAN LEBED, a Florida resident,**
**LEBED BIZ, L.L.C., a New Jersey Limited**
**Liability Company, PIGASA, INC., a New**
**Jersey Corporation, and CONSTANCE LEBED,**
**a New Jersey Resident.**

        **Defendants.**
_____/

## JOINT SCHEDULING REPORT

The Parties, by and through their undersigned attorneys, pursuant to the Order Requiring Joint Scheduling Report [DN 8] (Nov. 06, 2007), Rule 26(f), Rule 16(b), Fed. R. Civ. P., and Rule 16.1.B, S.D. Fla. L.R., file this, their Joint Discovery Plan and Joint Scheduling Report addressing discovery and other pretrial issues.

**I. REPORT OF THE PARTIES CONFERENCE PURSUANT TO FED. R. CIV. P. 26(f)**

    **A. Nature and Basis of the Parties' Claims and Defenses:**

        **1. Plaintiffs' Claims**

        a. This complaint arises out of the injury and damage caused by the deceptive, willful and intentional actions of Mr. Lebed individually and in concert with Mrs. Lebed and through their related organizations and alter egos, Pigasa, Inc., and Lebed Biz, L.L.C. to Stockwire Research Group, Inc. and its primary spokesperson, Adrian James.

b.  Mr. Lebed, unlawfully and without license in concert with all the Defendants engaged the use and manipulation of Stockwire's copyrights and trademarks and James' likeness, to improperly promote stocks for the Defendants personal gain.

c.  Specifically, Mr. Lebed pirated and fabricated a video (the "Pirated Video") from the Stockwire multimedia production called, "Stockumentary™ Multimedia Report: Amedia Networks Episode" (the "Stockumentary").

d.  Mr. Lebed in conspiracy with Mrs. Lebed used the Pirated Video as an instrument in what appears to be one of their latest securities schemes.

e.  In concocting the Pirated Video for this apparent scam, the Defendants intentionally removed Stockwire's copyright notices, copyright management information, copyright protection and Stockwire's trademarks from the Stockumentary.

f.  The Defendants then represented the Pirated Video as their own, offered the Pirated Video through a third-party Internet web page, and through the web site [HTTP://WWW.LEBED.BIZ](HTTP://WWW.LEBED.BIZ) over which the Defendants controlled the content.

g.  Once the Pirated Video was posted by the Defendants on the Internet, the Defendants induced over 11,786 persons to also infringe Stockwire's rights.

h.  Thus, in this action Stockwire seeks damages and injunctive relief against all Defendants under: the Copyright Act, 17 U.S.C. §§ 106, 502, 503, 504, 1201, 1202, 1203, for direct, vicarious and contributory infringement, removal of copyright management information, and circumvention of technical protection measures.

i.  Stockwire seeks damages against Mr. Lebed, Pigasa and Lebed Biz under: the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1125, for Unfair Competition; Florida Law for Unfair

Competition; Florida Law for Tortious Interference Business Relations; and, the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §§ 501.201 - 501.213.

   j. James seeks damages and injunctive relief against Mr. Lebed, Pigasa and Lebed Biz under: the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1125, for Unfair Competition; Florida Law for Unfair Competition; Florida Law for Tortious Interference Business Relations; the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §§ 501.201 - 501.213; Florida Statute § 540.08 for the Unauthorized Publication of likeness; Florida Law for Misappropriation; and, Florida Law for casting him in a false light in the public eye.

   k. The Plaintiffs may amend the complaint to add new claims against Mrs. Lebed and Mr. Lebed and/or other coconspirators as discovery progresses.

  **2.** **Defendants' Position and Defenses:**

   Defendants Jonathan Lebed, Lebed Biz, L.L.C., and Pigasa, Inc., are in the in the stock analysis business. Defendant Constance Lebed has no connection to this case other than being the mother of Jonathan Lebed, a Defendant in this case. Jonathan Lebed was hired by a third-party to promote Amedia Networks. This third-party, which represented himself as a substantial stakeholder in Amedia Networks, informed Jonathan Lebed that he had hired the Plaintiff Stockwire Research Group, Inc. (hereinafter "Stockwire") to produce the Amedia Networks Episode (hereinafter "the Work") which it is alleged Mr. Lebed and the other Defendants later edited and infringed.

   Since this third-party hired Stockwire to create the Work, and Stockwire created and delivered the Work with the knowledge that the third-party intended to distribute the Work in an effort to promote Amedia Networks, an implied license was created in favor of the third-

party. In hiring Mr. Lebed to promote Amedia Networks, and suggesting that Mr. Lebed should edit and use the Work as part of his services, the third-party was using his rights under the implied license. As Mr. Lebed was merely exercising the third-party's rights under the implied license, he is not liable to any of the Plaintiffs.

**B.**     **Brief Summary of the Facts that are Uncontested:**

The Plaintiffs express an interest in stipulating to anything in the Amended Complaint that would narrow the issues.

The Defendants will not agree to stipulate to anything at this time.

**C.**     **Legal Elements of Claims and Defenses:**

**PLAINTIFFS' CLAIMS**

Count I – Copyright Infringement

1. The plaintiff(s) own/owns the copyright;

2. the plaintiff(s)' copyright is valid; and

3. the defendant(s) copied the copyrighted work without authorization.

Count II – Destruction Of Copyright Management Information

1. The defendant(s) without the authority of the copyright owner

    a. intentionally removed or altered any copyright management information, distributed or imported for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

    b. distributed, import for distribution, or publicly performed works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law

4

2. with knowing or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under Title 17.

"copyright management information" includes:

(1) the title and other information identifying the work, including the information set forth on a notice of copyright.

(2) the name of, and other identifying information about, the author of a work.

(3) the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

(4) the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work.

(5) the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work.

(6) terms and conditions for use of the work.

(7) identifying numbers or symbols referring to such information or links to such information.

(8) such other information as the Register of Copyrights may prescribe by regulation.

Count III – Circumvention Of Copyright Protection Systems

1. The defendant(s) manufactured, imported, or offered to the public, provided, or otherwise trafficked in any technology, product, service, device, component, or part thereof:

  a. that is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under Title 17;

  b. has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under Title 17;

  c. is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under Title 17;

  d. circumvents protection afforded by a technological measure that effectively protects a right of a copyright owner under Title 17 in a work or a portion thereof;

  e. has only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof;  or

  f. is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under Title 17 in a work or a portion thereof.

  <u>Count IV – Federal Unfair Competition</u>

  1. The defendant(s) used a symbol, term or device on/or in connection with goods/services/or a container for goods;

  2. the use of the symbol, term or device is likely to cause confusion/or cause mistake/deceive as to:

    a. the origin of the defendant(s)' goods/services;

    b. the affiliation/connection/association of the defendant(s) with another person; or

    c. the sponsorship/approval of the defendant(s)' goods/services/commercial activities by another person; and

  3. the plaintiff(s) was/is likely to be damaged by the actions of defendant(s)'.

 or:

  1. The defendant(s) used in commerce;

    a. a false designation of origin;

    b. false description of fact;

    c. misleading description of fact;

    d. false representation of fact; or

    e. misleading representation of fact;

 on or in connection with any goods/services/or/container for goods;

  2. the use of the which likely to cause confusion/or cause a mistake/deceive as to:

    a. the origin of the defendant(s)' goods/services;

    b. the affiliation/connection/association of the defendant(s) with another person; or

    c. [the sponsorship/approval] of the defendant(s)' goods/services/commercial activities by another person; and

  3. the plaintiff(s) was/is likely to be damaged by defendant(s)' actions.

Count V – Tortious Interference with Business Relations

1. The plaintiff(s) has/have a business relationship, not necessarily evidenced by an enforceable contract;

2. the defendant(s) intentionally and unjustifiably interfered with the relationship; and

3. the plaintiff(s) suffered damages.

Count VI – Florida Unfair Competition

1. The deceptive or fraudulent conduct of a competitor; and

2. a likelihood of consumer confusion.

Count VII – Florida Deceptive and Unfair Trade Practices

1. The defendant(s) engaged in unfair or deceptive acts or practices;

2. in the conduct of any trade or commerce; and

3. that is "likely to mislead" consumers.

Count VIII – Unauthorized Publication of Name and Likeness

1. The defendant(s) published, printed, displayed or otherwise publicly used;

2. the name, portrait, photograph or other likeness of any person;

3. for purposes of trade or for any commercial or advertising purpose; and

4. without the express written or oral consent to such use

Count IX – Misappropriation

1. The defendant(s) used plaintiff(s)' name or likeness

2. without authorization, to obtain some benefit

<u>Count X – False Light In the Public Eye</u>

1.      The false light in which the plaintiff(s) was/were placed would be highly offensive to a reasonable person, and;

2.      the defendants had knowledge of or acted in disregard as to the falsity of the publicized matter and the false light in which the plaintiff(s) would be placed.

### DEFENDANT'S DEFENSES

<u>Count I – Copyright Infringement</u>

Defendants' use of the Work was not infringing because Defendant's were merely exercising the third-party's rights under his implied license.

<u>Count II – Destruction of Copyright Management Information</u>

Defendants' use of the Work did not constitute destruction of copyright management information. The alleged removal of any copyright management information was done with the authority of a third-party, who was exercising his rights under an implied license.

<u>Count III – Circumvention of Copyright Protection Systems</u>

Defendants' use of the Work did not amount to circumvention of copyright protection systems. The alleged circumvention of the copyright protection systems was done with the authority of a third-party who was exercising his rights under an implied license.

<u>Count IV – Federal Unfair Competition</u>

Defendants' use of the Work did not constitute federal unfair competition. The alleged actions of the Defendants were done with the authority of a third-party who was exercising his rights under an implied license. Moreover, Defendants have not used any word, term, name, symbol or device, or any combination thereof or false designation of origin.

### Count V – Tortious Interference with a Business Relation

Defendants' use of the Work does not constitute tortious interference with a business relationship. The alleged actions of the Defendants were done with the authority of a third-party who was exercising his rights under an implied license. Accordingly, Defendants did not intentionally or unjustifiably interfere with any business relationship, and Plaintiffs has suffered no damages as a result of Defendants' alleged actions.

### Count VI – Florida Unfair Competition

Defendants' use of the Work did not constitute unfair competition. The alleged actions of the Defendants were done with the authority of a third-party who was exercising his rights under an implied license. Moreover, Defendants have not used any word, term, name, symbol or device, or any combination thereof or false designation of origin. As such, Defendants' alleged action are unlikely to cause any consumer confusion.

### Count VII – Florida Deceptive and Unfair Trade Practices

Defendants' lack the intent to be liable Florida's Deceptive and Unfair Trade Practices because Jonathan Lebed was acting under the authority of a third-party who was exercising his rights under an implied license. Accordingly, the defendants did not unfair or deceptive actions that were likely to mislead customers.

### Count VIII – Unauthorized Publication of James' Likeness

Defendants' use of the Work did not constitute unauthorized publication of Mr. James' likeness. The alleged action of the Defendants was done with the authority of a third-party who was exercising his rights under an implied license and gave express consent to Defendants. Mr. James gave initial consent to be in the original video used by Mr. Lebed.

Accordingly, Mr. Lebed's use constitutes resale or distribution under Section 540.08 (4) of the Florida Statutes.

### Count IX – Misappropriation

Defendants' use of the Work did not constitute misappropriation because Mr. James consented to his likeness appearing in the Work, and the alleged actions of the Defendants were done with the authority of a third-party who was exercising his right under an implied license.

### Count X – False Light in the Public Eye

Defendants' use of the Work did not constitute false light in the public eye because being displayed in a video which one was already a part of would not be offensive to a reasonable person. Mr. James should have been reasonably aware of the strong possibility that the Work would be distributed and viewed past the time in which his analysis would have been current. Further, the alleged actions of the Defendants were done with the authority of a third-party who was exercising his right under an implied license.

**D.    Discovery Should not be Conducted in Phases**

The parties do not believe that discovery should be conducted in phases or limited to certain issues.

**E.    Detailed Discovery Schedule Proposed Discovery Plan Indicating the Parties' Views and Proposals Concerning:**

**1.    Changes In Timing, Form Or Requirement Under Fed. R. Civ. P. 26(a):**

None.

**2.     Subject on Which Discovery May Be Needed, When Discovery Should Be Completed, And How Discovery Should Be Conducted:**

The parties agree that discovery is needed to determine liability and damages, as well as to those issues raised in defense of Plaintiff's claims, and shall be completed on or before **June 30, 2008**. The parties do not believe that discovery should be conducted in phases.

If there are any discovery disputes both parties will confer as the local rules provide before filing any motions to compel or for a protective order. If any party objects to a particular request from a Requesting Party ("Requesting Party"), the Objecting Party should send a clear and concise statement of the asserted deficiencies or objections and the requested action to Requesting Party. The Objecting Party should then work together with the Requesting Party to narrow and define any dispute and resolve it amongst the parties before seeking judicial intervention.

Plaintiffs designate that when Plaintiffs request documents, unless the Plaintiffs specify otherwise, the documents should be produced in their original digital format.

**3.     Whether Changes Should Be Made In Limitations On Discovery Under The Federal And Local Rules:**

None at this time. Plaintiffs anticipate that additional interrogatories may be needed for some parties.

**4.     Other Orders That Should Be Entered By The Court Under Fed. R. Civ. P. 26(c) or 16(b) and (c):**

The Parties agree that a Protective Order should be entered by the Court under Rules 26(c) to govern the discovery of trade secret or other confidential research, development, or commercial information, including, but not limited to, customer lists or other customer

specific information. The parties will submit a proposed protective order upon the parties' agreement regarding the terms of same.

**5.  Schedule**

By May 28, 2008 Parties must furnish their expert witness lists, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, the Parties shall make their experts available for deposition by the other Parties.

All discovery must be completed by Jun. 30, 2008.

**F. Proposed Dates and Deadlines**

See Attachment A.

**G. Estimated Length of Trial**

The parties estimate a three (3) day jury trial following *voir dire*.

**H. Pending Motions**

Defendant Constance Lebed's Motion to Dismiss for Lack of Personal Jurisdiction is ripe. Plaintiffs' position is that the Motion should be Denied. Defendants' position is that the Motion should be Granted.

Defendants' Motion to Strike is ripe. Plaintiffs' position is that the Motion should be Denied. Defendants Position is that the Motion should be Granted.

**I. Court's Special Consideration**

The parties are not aware of any unique legal or factual aspect of the case requiring the courts' special consideration.

**G. No Matters should be Referred to a Magistrate**

See Attachment B.

### K. Likelihood of Settlement

Settlement is unlikely at this time, but the parties agree to continuously explore the possibility of settlement.

### L. REPORT OF THE PARTIES' CONFERENCE PURSUANT TO RULE 16.1(B)(2) S.D. Fla. L.R.

a) **Likelihood of Settlement:** Settlement is unlikely at this time, but the parties agree to continuously explore the possibility of settlement.

b) **Likelihood of Appearance of Additional Parties:** The parties agree that the appearance of additional parties is unlikely.

c) **Proposed Limits on the Time to:**

i. **Join Parties and Amend Pleadings:** The parties agree that additional parties may be joined, and that the pleadings may be amended no later than **May. 9, 2008.**

ii. **To File and Hear Motions:** The parties agree that all dispositive pretrial motions and memoranda of law, including motions for summary judgment, shall be filed and served on or before **Aug. 20, 2008**. The parties further agree that all motions *in limine*, and other pretrial motions, including those relating to the method and manner in which the trial should be conducted, shall be filed and served in accordance with S.D. Fla. L.R. 16.1(J).

iii. **To Complete Discovery:** The parties believe this case should be assigned to the Standard Track. Accordingly, the parties agree that all discovery shall be completed on or before **June 30, 2008**. The parties further agree that in order to comply with the discovery cut-off, written discovery must be served on or before thirty (30) days before the discovery cut-off.

**d)** **Proposals for the formulation and simplification of the issues:**

None at this time, but the Plaintiffs express an interest in stipulating to anything in the Amended Complaint that would narrow the issues.

**e)** **Necessity of Amendments to the Pleadings:**

The parties anticipate that future amendments to the pleadings may be necessary as discovery is conducted. The parties agree that pleadings be amended no later **May. 9, 2008.**

**f)** **Possibility of obtaining admissions of facts and of documents:**

Counsel will meet after the applicable discovery cut-off date and the Pretrial Conference to discuss stipulations regarding the authenticity of documents and the need for advance ruling from the Court on the admissibility of evidence.

**g)** **Suggestions for the avoidance of unnecessary proof and cumulative evidence:**

At this time, the parties have no suggestions for the avoidance of unnecessary proof and cumulative evidence, but will continue to endeavor to find ways to litigate this case efficiently.

**h)** **Referring matters to a Magistrate Judge or Master:**

No matters should be referred to a Magistrate Judge or Special Master at this time.

**i)** **Preliminary estimate of time for trial:**

The parties estimate a three (3) day jury trial following *voir dire*.

**j)** **Requested date(s) for conference before trial, a final pretrial conference and trial:**

**i.** **Final Pretrial Conference:** The parties agree to attend a Final Pretrial Conference on a date set by the Court.

ii. **Jury Trial:** The parties request that a trial by jury be set in **January of 2009**, or in the alternative, at least ninety (90) days after the deadline for filing of dispositive motions.

k) **Any other information helpful to the Court:**

See Attachment A.

**Arrangement For The Disclosures Required By Fed. R. Civ. P. 26(a)(1):**

The parties hereby stipulate and agree that the initial disclosures and exchanges set forth in Fed. R. Civ. P. 26(a)(1) shall be made by **February 29, 2008.**

RESPECTFULLY SUBMITTED this day January 14, 2008.

| | |
|---|---|
| **ASSOULINE & BERLOWE, P.A.**<br>3250 Mary Street, Suite 308<br>Miami, Florida 33133<br>Telephone: 305-567-5576<br>Facsimile: 305-567-9343<br>By: *s/Peter A. Koziol*<br>Peter E. Berlowe (FBN 143650)<br>peb@assoulineberlowe.com<br>Peter A. Koziol (FBN 0030446)<br>pak@assoulineberlowe.com<br><br>*Atttorneys for Plaintiffs*<br>*Stockwire Research Group, Inc., and*<br>*Adrian James* | Christopher J. Van Dam, P.A.<br>12121 NE 16th Ave<br>North Miami, FL 33161<br>Voice: 305.446.5200<br>Fax: 866.233.2983<br>By: s/Amaury Cruz<br>Amaury Cruz, Esq. (FBN 898244)<br>amaurycruz@yahoo.com<br><br>*Attorneys for the Defendants, Jonathan*<br>*Lebed, Constance Lebed,*<br>*Lebed Biz, LLC, and Pigasa, Inc.* |