UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22670 CIV-SEITZ/MCALILEY

STOCKWIRE RESEARCH GROUP, INC.
a Florida corporation, and
ADRIAN JAMES, a Texas Resident,

      Plaintiffs,

vs.

JONATHAN LEBED, a Florida resident,
LEBED BIZ, L.L.C., a New Jersey Limited
Liability Company, PIGASA, INC., a New
Jersey Corporation, and CONSTANCE LEBED,
a New Jersey Resident,

      Defendants.
_____/

**DEFENDANT CONSTANCE LEBED'S REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Defendant Constance Lebed replies to Plaintiffs' Opposition to Defendant Constance Lebed's Motion to Dismiss for Lack of Personal Jurisdiction, as authorized by S.D. Fla. L.R. 7.1 (C), and in support thereof aver as follows.

**MEMORANDUM OF LAW**

1. Facts

Constance Lebed (hereinafter "Mrs. Lebed") is an individual who at all times relevant to this litigation has been a resident of the State of New Jersey. Sec. C. Lebed Dec., ¶¶ 2, 3. Mrs. Lebed has never lived in Florida and has no connection to this lawsuit apart from being the mother of defendant Jonathan

Lebed (hereinafter "Mr. Lebed"), a relationship completely unrelated to any issue in this case.  Sec. C. Lebed Dec., ¶ 4; J. Lebed Dec., ¶ 2.

Mrs. Lebed has never lived, worked or otherwise conducted any business in the State of Florida.  Sec. C. Lebed Dec., ¶¶ 2-3, 5-6.  Mrs. Lebed has never been employed by or has otherwise conducted any business on behalf of her son Mr. Lebed or participated in them, including but not limited to Lebed Biz, L.L.C and Pigasa, Inc.  Sec. C. Lebed Dec., ¶¶ 16-19. J. Lebed Dec., ¶¶ 4-5.  Mrs. Lebed does not now or has ever had any control over any of the actions of Jonathan Lebed or his companies.  Sec. C. Lebed Dec., ¶ 20.

On approximately September 2007, Mr. Lebed asked his mother, Mrs. Lebed, whether he could borrow her credit card to pay a bill, which she allowed.  J. Lebed Dec., ¶ 9; Sec. C. Lebed Dec., ¶ 34.  At the time Mr. Lebed asked Mrs. Lebed whether he could borrow her credit card to pay the bill, Mr. Lebed never informed her that he intended to pay a bill to CI Host (a nonparty in this case) relating to the hosting of the Lebed.biz website.  J. Lebed Dec., ¶ 10.  Nor did Mrs. Lebed ever request that her information be inserted anywhere relating to the Lebed.biz website.  Sec. C. Lebed Dec., ¶¶ 28-29.

Since Mrs. Lebed does not have sufficient contacts in Florida for the State to exercise general jurisdiction over her, and because she has no connection with any of the issues in the case that would otherwise subject her to the specific jurisdiction provision of this state's long-arm statute, Mrs. Lebed filed a Motion to Dismiss for Lack of Personal Jurisdiction.  D.E. 18.

In their complaint, Plaintiffs averred that the Court has jurisdiction because the website www.lebed.biz was registered under Mrs. Lebed's home address and her name was placed as the website's "owner." In her motion to dismiss, Mrs. Lebed stated that the domain name was registered to her home address because her son Mr. Lebed registered the domain name while living at her home, and had never changed it. D.E. 18, p. 7. Mrs. Lebed also stated in her motion that she had lent Mr. Lebed her credit card to pay a bill. *Id.* at 8. Using Mrs. Lebed's credit card, Mr. Lebed paid his debt to CI Host, but never requested that her name be placed as the website's owner/primary contact. *Id.* Nor did Mrs. Lebed ever request that she be made the owner/contact for the website. *Id.* at 8. In opposing Mrs. Lebed's Motion to Dismiss, Plaintiffs presented evidence from a CI Host employee which they argued established that Mrs. Lebed requested that she be placed as the website's owner/contact. Plaintiffs' also argue that Mrs. Lebed failed to specifically deny that she conspired with other Defendants, a fact she does deny herein.[1]

2. <u>Argument</u>

The plaintiff bears the burden of proving personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir.1996). When a non-resident

---

[1] Among other things, Plaintiffs' also argue that Mrs. Lebed failed to deny that: (1) she had the ability to control the infringing activity; (2) she directly benefited from the other Defendants' allegedly illicit activities; (3) she allegedly induced or contributed to the infringement of others of Stockwire copyright; (4) she allegedly knew that the infringement was directed at Florida; and (5) she alleged did not try to remove the infringing material once she knew about it. Plaintiffs' Opposition to Motion to Dismiss, n.3. Mrs. Lebed has since addressed this supposed failure in her second declaration. Sec. C. Lebed Dec., ¶¶ 4-37.

defendant raises a meritorious defense to personal jurisdiction through the use of declarations, affidavits, documents or testimony, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Id.* The court may resolve the jurisdictional issue based on the affidavits only if the affidavits can be harmonized. *Laux v. Carnival Corp.*, 470 F. Supp. 2d 1379, 1383 (S.D. Fla. 2007). Otherwise, if affidavits conflict, the Court must hold an evidentiary hearing in order to resolve the factual conflict. *Id.*; *Musiker v. Projectavision, Inc.*, 960 F.Supp. 292, 295 (S.D. Fla. 1997); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 503 (Fla. 1989).

### A. Mrs. Lebed Did Not Request the Changes to Lebed.biz

In the present case, Mrs. Lebed has proffered a declaration that she never had any involvement with any of Mr. Lebed's businesses and has never requested anyone (including any person at CI Host) to change ownership of the www.lebed.biz website to her name. Sec. C. Lebed Dec., ¶¶ 16-19, 27-31; J. Lebed Dec., ¶¶ 4-5. Plaintiffs have presented evidence, in the form of an affidavit of Jessica Baldwin and an exhibit showing several electronic messages supposedly documenting Mrs. Lebed's request to be placed as the website's owner. These two pieces of evidence are misleading and do not establish that Mrs. Lebed made the requests.[2] In fact, upon close examination, they confirm

---

[2] Paragraph 3 of Ms. Baldwin's declaration states that "On August 28, 2007, I was contacted by Constance Lebed ('Mrs. Lebed')." Exhibit A ¶ 3. This paragraph is equivocal because it makes the reader think that Ms. Baldwin either spoke on the phone with Mrs. Lebed or otherwise knew her. In fact, the communications Ms. Baldwin is referring to in her declaration consist soley of several e-mails with someone using the lebed316@aol.com e-mail address. *Id.* Mrs. Lebed has never used this e-mail address, which belongs to Mr. Lebed.

the Defendants' position that the requests were not made by Mrs. Lebed, but were actions of Mr. Lebed. A close examination of the electronic messages supporting Ms. Baldwin's declaration reveals that the person who was making the requests had an e-mail address of lebed316@aol.com. *See* Exhibit B. Mrs. Lebed has never used the e-mail address lebed316@aol.com. Sec. C. Lebed Dec., ¶ 32. In fact, lebed316@aol.com is Mr. Lebed's email address. Sec. C. Lebed Dec., ¶ 33. Hence, the declarations of Ms. Baldwin and Hartley[3], along with their supporting exhibits, verify Mrs. Lebed's argument that it was not she who requested the changes on the account and payment of the website's bills, but rather her son Mr. Lebed. Accordingly, as both the Plaintiffs' affidavits and Mrs. Lebed's affidavits harmonize to establish that it was not she who requested the aforementioned changes, but rather Mr. Lebed, this Court should grant Mrs. Lebed's Motion to Dismiss for Lack of Personal Jurisdiction.

---

Sec. C. Lebed Dec., ¶¶ 32-33. Similarly, when Ms. Baldwin declares in paragraph 4 of her declaration that "Mrs. Lebed requested that I change the owner of the web site hosting account . . . from 'Robert Rose' to 'Constance Lebed[,]'" it should be understood it was not Mrs. Lebed who requested the change; rather, it was Jonathan Lebed or someone using his e-mail. Exhibit A, ¶ 4. And when Ms. Baldwin declares in paragraph 5 of her declaration that "Mrs. Lebed also instructed me to charge her credit card for web hosting fees for the website …," it was not Mrs. Lebed that requested the change; rather, it was Jonathan Lebed, or someone using his e-mail. *Id.* at ¶ 5. Additionally, when Ms. Baldwin declares in paragraph 6 that "Mrs. Lebed also instructed me that further correspondences for this account be directed to '26 Sunset Terrace, Cedar Grove, New Jersey 07009[,]" it was not Mrs. Lebed that requested the change; rather, it was Jonathan Lebed, or someone using his e-mail. *Id.* at ¶ 6.

[3] The affidavit of Ms. Hartley does not provide any substantive evidence and actually provides proof of CI Host's business records establishing that it was not Mrs. Lebed who contacted CI Host but rather Mr. Lebed. *See* Exhibit C.

*B. If Affidavits Conflict the Court Must Hold and Evidentiary Hearing*

"Because the extent of the state long-arm statutes is governed by state law, the federal court is required to construe it as would the state's supreme court." In Florida, when a court is ruling on a motion to dismiss for lack of personal jurisdiction, and the court determines that the parties' affidavits and other evidence cannot be harmonized (leaving factual conflicts) the court must hold an evidentiary hearing before ruling on the motion. *Laux*, 470 F.Supp.2d at 1383, 960 F.Supp. at, 295; *Venetian Salami Co.*, 554 So. 2d at 503.

In the instant case, Defendant has challenged the jurisdictional facts through the affidavit of Mrs. Lebed and Mr. Lebed. Plaintiffs have filed counter affidavits and other evidence in opposition to the motion to dismiss. Mrs. Lebed has demonstrated that Plaintiffs have attempted to discredit her affidavits and other evidence in support of her motion, but have only succeeded in strengthening her argument that this Court should grant her Motion to Dismiss for Lack of Personal Jurisdiction. If the Court had any doubts in this regard and found that Mrs. Lebed's and the Plaintiffs' affidavits cannot be harmonized, such that factual conflicts continue to persist, this Court must order a limited evidentiary hearing in order to resolve whatever factual questions it may have.

*B. Mrs. Lebed Did Not Conspire with Any of the Other Defendants*

As Mrs. Lebed has declared that she never conspired with anyone, including any of the other Defendants, to accomplish any unlawful purpose related to the claims in this case, the Plaintiffs' argument that this Court should exercise

jurisdiction over Mrs. Lebed because she was part of a conspiracy will not lie. Sec. C. Lebed Dec., ¶ 12.

In order to establish conspiracy for the purposes of obtaining personal jurisdiction over a non-resident, the following must be established: (1) the existence of an actionable conspiracy; (2) the defendant's membership in the conspiracy; (3) the occurrence of a substantial act or substantial effect in furtherance of the conspiracy in the forum state; (4) the defendant's actual or constructive knowledge of the act in the forum state or that the act outside the state would have an effect in the state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy. *Posner v. Essex Insurance, Ltd.* 178 F.3d 1209, 1217 (11th Cir. 1999).

The Plaintiffs fail at demonstrating any of the above elements necessary to establish personal jurisdiction through averments of conspiracy. Mrs. Lebed has never been employed or has otherwise been involved in any business activities with any of the Defendant's in this case. Sec. C. Lebed Dec. ¶ 16-18. In fact, Mrs. Lebed never had any knowledge or involvement with any of Jonathan Lebed's businesses, including Lebed Biz, L.L.C or Pigasa, Inc. Sec. C. Lebed Dec., ¶ 19. First, as an actionable conspiracy is only established by the concerted effort of two or more persons to accomplish a goal by unlawful means, and Mrs. Lebed never had any involvement with the other Defendants involved in this case, other than lending her son her credit card to pay a bill, Defendant fails to establish that Mrs. Lebed had the intent required in an actionable conspiracy.

Sec. C. Lebed Dec., ¶ 19. S*ee Rivers v. Dillards Department Stores, Inc.,* 698 So. 2d 1328, 1333 (Fla. 1st DCA 1997) (finding that a conspiracy is a combination of two or more persons who by concerted action agree to accomplish some purpose by an unlawful means). Second, as the affidavits of both the Plaintiff and Mrs. Lebed prove it was Mr. Lebed and not Mrs. Lebed who requested changes on the www.lebed.biz.com website, the Plaintiffs cannot demonstrate the occurrence of a substantial act on the part of Mrs. Lebed in furtherance of a conspiracy in Florida. Furthermore, as Mrs. Lebed was unaware of the bill that Jonathan Lebed intended to pay with her credit card, she could have no actual or constructive knowledge that her motherly gesture would have any effect on the forum state. Sec. C. Lebed Dec., ¶ 35. Accordingly, as the Plaintiffs have failed to establish the elements necessary to demonstrate conspiracy for the purposes of establishing personal jurisdiction, this court should grant Mrs. Lebed's Motion to Dismiss for lack of personal Jurisdiction.

*C. Mrs. Lebed's Declaration Alleges Ultimate Facts, not Conclusions*

The Plaintiffs' argument that Mrs. Lebed's statements in her declaration were improperly conclusory is without merit. Black's Law Dictionary defines conclusory as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." BLACK'S LAW DICTIONARY (7th ed.), p. 284.

The following portion of Florida's long arm statute recites the ultimate facts needed to establish the conclusion that there is jurisdiction over the person:

> 1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural

8

> person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
>> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>>
>> (b) Committing a tortious act within this state
>>
>> (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>>
>>> 1. The defendant was engaged in solicitation or service activities within this state; or
>>>
>>> 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

In her declaration Mrs. Lebed states "I have never conducted any business in Florida." Sec C. Lebed, Dec., ¶5. The Plaintiff argues that this statement and others like it are impermissibly conclusory. This statement expresses a fact, not the legal conclusion that there is no jurisdiction over the person. How else is one supposed to state that she has never done business in Florida if not by the aforementioned statement or one similar to it? Is she expected to list every possible business and one by one state that she has never conducted it in Florida? Apparently this is the absurd proposition that the Plaintiffs advance. Similarly, in addressing the portions of the long-arm statute

that address committing torts and causing injuries to persons in the state while soliciting products or service activities in the state of Florida, Mrs. Lebed has denied any of the facts necessary to establish every cause of action that the Plaintiffs have alleged she has committed.  Sec C. Lebed Dec., ¶¶ 7-33, 35.  Mrs. Lebed's declarations are not impermissibly conclusory and this Court should grant her Motion to Dismiss.

### 3. Conclusion

Mrs. Lebed has demonstrated that the affidavits are in sufficient harmony in establishing that Mrs. Lebed did not commit any action that would allow this Court to exercise personal jurisdiction.  Furthermore, In her Motion to Dismiss for Lack of Personal Jurisdiction, Mrs. Lebed presented evidence that she lacks the requisite minimum contacts with the state of Florida for this Court to exercise personal jurisdiction over her person. To exercise jurisdiction over her would "offend notions of fair play and substantial justice" because she has never conducted any activities that could have reasonably put her on notice of the possibility that she may have to defend a lawsuit in this state.  For all these and other reasons argued above, this case must be dismissed with respect to Mrs. Lebed.  In the alternative, this court should allow an evidentiary hearing on the Motion to Dismiss in order to decide any remaining issue of fact.

Respectfully submitted,

Christopher J. Van Dam, P.A.
12121 NE 16th Ave
North Miami, FL 33161
Attorneys for the Defendants
Voice: 305.446.5200
Fax: 866.233.2983
amaurycruz@yahoo.com

By: __/s Amaury Cruz_____
    AMAURY CRUZ, ESQ.
    Fla. Bar No. 898244

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that in January 18, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro-se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Amaury Cruz, Esq.

**SERVICE LIST**

CASE NO: 07-22670 CIV-SEITZ/MCALILEY
Peter A. Koziol, Esq.
pak@assoulineberlowe.com
Assouline & Berlowe, P.A.
213 East Sheridan Street, Suite 3, Dania Beach, FL 33004
Telephone: 954.929.1899
Facsimile: 954.922.6662
Attorneys for Plaintiffs
Stockwire Research Group, Inc.
and Adrian James