# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 07-22670 CIV-SEITZ/MCALILEY

**STOCKWIRE RESEARCH GROUP, INC.**
**a Florida corporation, and**
**ADRIAN JAMES, a Texas Resident.**

                                **Plaintiffs,**

vs.

**JONATHAN LEBED, a Florida resident,**
**LEBED BIZ, L.L.C., a New Jersey Limited**
**Liability Company, PIGASA, INC., a New**
**Jersey Corporation, and CONSTANCE LEBED,**
**a New Jersey Resident.**

                                **Defendants.**
_____/

### PLAINTIFFS' MEMORANDUM IN OPPOSITION
### TO MOTION TO WITHDRAW BY AMAURY CRUZ, ESQ. AND
### CHRISTOPHER J. VAN DAM, P.A. AS COUNSEL FOR DEFENDANTS
### JONATHAN LEBED, LEBED BIZ, L.L.C., PIGASA, INC., AND CONSTANCE LEBED[1]

      The Plaintiffs object in part to the Motion To Withdraw By Amaury Cruz, Esq. And Christopher J. Van Dam, P.A. As Counsel For Defendants Jonathan Lebed, Lebed Biz, L.L.C., Pigasa, Inc., and Constance Lebed (the "Motion to Withdraw") [DN 32-1], in particular to portions of the relief sought therein. For the reasons address below in our memorandum in opposition we request that the motion be denied.

### MEMORANDUM OF LAW

      Plaintiffs object in part to the Motion to Withdraw for three reasons. First, because there is no attorney-client privilege in facts, there can no actual conflict of interest

---

[1] Plaintiffs respectfully request that the court consider this responsive motion. Plaintiffs inadvertently calendared the response as being due on a regular schedule of February 6, 2008. Through an email misfiling Plaintiffs were unaware of the Court's Order Requiring Expedited Briefing [DN 32] (Jan 23, 2008) requiring a response by January 29, 2008 until today.

1
**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Dockets.Justia.com

between or among the Defendants. Second, Defendants' counsel has indicated that the very contact information they seek to provide the Court has proven unreliable with respect to their attempts to contact their own client. Finally, a thirty-day extension of the deadlines is unwarranted. Plaintiffs address each of these issues below.

**I. NO ACTUAL CONFLICT OF INTERST EXISTS TO JUSTIFY WITHDRAWL OF DEFENDANTS' COUNSEL.**

To the extent defense counsels' motion rests on an alleged conflict arising from attorney-client privilege, it argument must fail. Pure facts are not subject to attorney-client privilege or work product protection. *See Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S.Ct. 677, 685-86, 66 L.Ed.2d 584 (1981). To the extent that Mr. Lebed told Defendants' counsel of the identity of an alleged third-party implied licensor in confidence, counsel has disclosed its existence and thus waived any privilege in its confidentiality. Consequently, Mrs. Lebed may seek discovery from Mr. Lebed of the identity of the third party which she alleges provided them with an implied license to infringe on Stockwire's copyrights and misappropriate James' likeness. Mrs. Lebed should be able to obtain the identity of the alleged third-party licensor from her attorneys or through discovery from Mr. Lebed. If after obtaining this identity she still wishes to rely on this defense, and Jonathan does not then at that point they may then have a conflict that requires them to obtain separate counsel.

**II. DEFENDANTS' COUNSEL HAS PROVIDED THE COURT WITH ADMITTEDLY UNRELIABLE CONTACT INFORMATION FOR THE DEFENDANTS.**

Defendants' Counsel has represented that it has been unable to contact the Defendants. *See,* Motion To Withdraw at ¶ 1. Defendants' counsel has already conceded in the Motion to Withdraw that they are unable to contact Defendants at the very contact information

they are now providing to the Court. There is no indication that Plaintiffs would have any greater luck at reaching Defendants with this information.

Furthermore, Plaintiffs are concerned that the contact information that Counsel has provided for Defendants is inaccurate as it differs from public records. *See e.g.,* Exhibits F, G to Plaintiffs Motion in Opposition to Defendant Constance Lebed's Motion to Dismiss for Lack of Personal Jurisdiction [DN 25-8, 25-8]. Plaintiffs asked that Counsel for the Defendants represent that the contact information that it is providing is currently valid, and their clients should appear before the Court before counsel is permitted to withdraw.

### III. A THIRTY DAY EXTENSION OF ALL DEADLINES IS UNWARRANTED.

Plaintiffs object to the Defendants' request for relief to the extent that Defendants have sought an additional 30 day extension of all deadlines. Defendants Pigasa, Inc. and Contance Lebed were served on November 9, 2007 [DN 9, 10]. Defendants Jonathan Lebed ,and Lebed Biz, LCC consented to service on November 28, 2007 [DN 13]. On November 29, 2008 Defendants sough an Enlargement of Time to Respond to the Complaint [DN 11]. On December 19, 2007 the Defendants filed a Motion for Enlargement of Time to File a Joint Scheduling Report [DN 24]. On January 11, 2008 the Defendants sought an Unopposed Enlargement of Time to Reply to Plaintiffs' Opposition to Constance Lebed's Motion to Dismiss [DN 27].

The Defendants have yet to answer the Amended Complaint, including the portions that are not subject to the pending motion to Strike, or motion to Dismiss. Normally, Defendants must respond to a complaint within 20 days. Fed. R. Civ. P. 12(a). Defendants are again asking for an additional extension of time, this time to find new counsel, for purposes of further delay. Any more time than twenty days would be unreasonable and excessive, especially

for the non-corporate *pro se* defendants. Plaintiffs are unopposed to the extent that only pending deadlines are stayed between 10 to 20 days, but object to the proposition that all dates (including the proposed dates in the scheduling report) should be extended 30 days.

WHEREFORE, the Plaintiffs respectfully request that the court order: i) Defendants' counsel provide complete and accurate contact information for each Defendant; ii) only pending deadlines in this matter be stayed for a maximum of 20 days; iii) individual Defendants shall proceed *pro se* in the absence of retaining counsel; iv) if either of the corporate Defendants does not retain counsel in 20 days that this Court generate a default against each non-responsive Defendant as a matter of course; and, v) such other relief as this Court finds just fair and equitable.

Dated: January 31, 2008                      Respectfully submitted,

                                               **ASSOULINE & BERLOWE, P.A.**
                                               3250 Mary Street, Suite 308
                                               Miami, Florida 33133
                                               Telephone: 305-567-5576
                                               Facsimile: 305-567-9343
                          By: *s/Peter A. Koziol*
                                               Peter E. Berlowe (FBN 143650)
                                               peb@assoulineberlowe.com
                                               Peter A. Koziol (FBN 0030446)
                                               pak@assoulineberlowe.com

                                               *Attorneys for Plaintiffs*
                                               *Stockwire Research Group, Inc., and*
                                               *Adrian James*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods referenced below this day January 31, 2008 on all counsel or parties of record on the service list indicated below:

## SERVICE LIST

*Stockwire Research Group, Inc. v. Lebed, et. al.*
**CASE NO.: 07-22670 CIV-SEITZ/MCALILEY**
**United States District Court, Southern District of Florida**

**CM/ECF**

Amaury Cruz, Esq. (FBN 898244)
amaurycruz@yahoo.com
**Christopher J. Van Dam, P.A.**
12121 NE 16th Ave
North Miami, FL 33161
Voice: 305.446.5200
Fax: 866.233.2983

*Attorneys for the Defendants, Jonathan Lebed, Constance Lebed, Lebed Biz, LLC, and Pigasa, Inc.*

                                                   By:   */s Peter A. Koziol*
                                                               Peter A. Koziol