UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22670 CIV-SEITZ/MCALILEY

STOCKWIRE RESEARCH GROUP, INC.
a Florida corporation, and
ADRIAN JAMES, a Texas Resident,

    Plaintiffs,

vs.

JONATHAN LEBED, a Florida resident,
LEBED BIZ, L.L.C., a New Jersey Limited
Liability Company, PIGASA, INC., a New
Jersey Corporation, and CONSTANCE LEBED,
a New Jersey Resident,

    Defendants.
_____/

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
### TO MOTION TO WITHDRAW AS COUNSEL

Defendants seek leave of court to reply to Plaintiffs' Memorandum in Opposition to Motion to Withdraw by Amaury Cruz, Esq., and Christopher Van Dam, P.A., as Counsel for Defendants Jonathan Lebed, Lebed Biz, L.L.C., Pigasa, Inc.., and Constance Lebed ("Plaintiffs' Opposition"). [1]

### I - WITHDRAWAL AS TO JONATHAN LEBED, LEBED BIZ, AND PIGASA

Counsel moved to withdraw on several grounds. First, Counsel averred that Jonathan Lebed, Lebed Biz or Pigaza have failed to remain in contact with the undersigned and thus have failed to substantially fulfill an obligation to their attorneys. Rule 4-1.16(b) of the Rules Regulating the Florida Bar. For that reason alone, the

---

[1] Pursuant to this Court's order, DE 35, Plaintiffs' Response to Counsel's Motion to Withdraw was due January 29, 2008, but was filed two days late. Defendants seek an extension of one day to account for the Plaintiffs' delay.

1

Motion to Withdraw should be granted as to those three Defendants. Plaintiffs' Opposition does not mention and therefore fails to rebut this argument.

Second, Counsel averred that the above Defendants have failed to comply with their financial commitments and thus have failed to substantially fulfill an obligation to their attorneys, placing a financial burden on undersigned Counsel. *Id.* Plaintiffs' Opposition does not mention and therefore fails to rebut this argument also.

It is clear that, independently of whether there is a conflict of interest between these Defendants and Constance Lebed, Counsel should be allowed to withdraw, at the very least, as to Defendants Jonathan Lebed, Lebed Biz, and Pigasa.

## II - WITHDRAWAL AS TO CONSTANCE LEBED

Counsel moved to withdraw as to Constance Lebed because of a conflict of interest due to the existence of a witness that could help all Defendants, the identity of whom Mr. Lebed did not authorize Counsel to reveal. Plaintiffs argue that there is no actual conflict of interest between or among the Defendants because "pure facts are not subject to the attorney-client privilege or work product protection." Plaintiffs' Opposition, p. 2 (citing *Upjohn v. United States*, 449 U.S. 383, 395-96 1981). According to the Plaintiffs, having revealed the existence of the witness waives any privilege as the pure fact of his or her identity. Plaintiffs' Opposition, p. 2. "Consequently," according to the Plaintiffs, "Mrs. Lebed may seek discovery from Mr. Lebed of the identity of the third party." *Id.* According to the Plaintiffs, only if, "after obtaining this identity she still wishes to rely on [the defense provided by the witness], and Jonathan does not[,] then at that point they may then have a conflict that requires them to obtain separate counsel.

Plaintiffs miss the point. The issue is not that the "pure fact" of the witness' identity is discoverable, but that the failure of Mr. Lebed to authorize Counsel to disclose his or her identity puts Counsel at odds with Mrs. Lebed's interest in knowing the identity of the witness. It is an issue partly concerning the attorney-client privilege and partly concerning following the desires of the client. Counsel specifically consulted the Florida Ethics Hotline on the matter of a latent conflict of interest to see if it would be permissible to continue to represent Mrs. Lebed until the Court rules on her motion to dismiss for lack of personal jurisdiction, at which point the issue of the witness' identity was likely to arise. The answer of the Ethics Hotline was that Counsel must not wait for the "latent" conflict to arise, but rather must move to withdraw immediately.

This result is mandated by Rule 4.1-7(2), which states that "a lawyer shall not represent a client if . . . there is a substantial <u>risk</u> that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." (Emphasis added). Thus, a lawyer must withdraw where there is not just an actual conflict, but a substantial <u>risk</u> of conflict.

For these reasons, undersigned Counsel must be allowed to withdraw as to Constance Lebed as well.

<u>III - BEST INFORMATION CONCERNING CONTACTS</u>

Plaintiffs strive to turn Mr. Lebed's refusal to communicate with undersigned Counsel into a reason for denying Counsel's Motion to Withdraw. The contact information provided by Counsel, however, is the best information they have. If, upon granting Counsel's Motion to Withdraw, Defendants failed obey any court order, plead,

or otherwise respond, Plaintiffs can obtain the proper remedy of contempt, default, or otherwise. To ask Counsel to represent that "the contact information that it is providing is currently valid" is to ask the impossible. Counsel only know the contact information is the one provided by their clients and has no way to independently vouch for its current status.

It should be noted in any case that the contact information of Constance Lebed is not in question. Only Jonathan Lebed, and therefore the corporate Defendants, have failed to communicate with Counsel.

Furthermore, to require Defendants to appear in court before Counsel are permitted to withdraw would be (1) probably an exercise in futility as to Jonathan Lebed; (2) contrary to "notions of fair play and substantial justice" as to Constance Lebed, as long as her motion to dismiss for lack of personal jurisdiction is outstanding; and (3) an unnecessary burden on counsel for the Defendants because of the time and effort they have had to spend and will continue to spend without hope of compensation.

## IV - EXTENSION OF DEADLINES

Plaintiffs object to Counsel's request for an additional extension of 30 days of all deadlines. They cite to other extensions of time that have been sought in this case. There have been valid reasons for the extensions sought. For example, difficulties communicating with Mr. Lebed made it necessary to seek extensions of time to respond to the complaint and to file the joint scheduling report. It should be noted, however, that this honorable court denied the motion to extend the time to file the scheduling report. This put undersigned counsel in a difficult position, because Mr. Lebed had mentioned the existence of the witness referenced earlier, but was undecided as to whether or not

he should reveal his or her identity. Meanwhile, Defendants had to provide their affirmative defenses, in which this witness played a major role. Furthermore, there is a valid reason for the extension being sought: Defendants should be allowed to answer the pending discovery with the assistance of new counsel and, at least as to Mr. Lebed and the corporate Defendants, the undersigned counsel cannot respond to the discovery because of the Defendants' failure of communication.

Plaintiffs also object to the relief being sought in the Motion to Withdraw because the "Defendants have yet to answer the Amended Complaint, including the portions that are not subject to the pending motion to Strike, or motion to dismiss." Plaintiffs argue that "[n]ormally, Defendants must respond to a complaint within 20 days." Surely Plaintiffs know it is blackletter law that, having filed a motion to strike or a motion to dismiss, a defendant is not required to file an answer to <u>any part</u> of the complaint, including portions that at not challenged in the motion to strike, until the court rules on these motions.[2]

WHEREFORE, the court should (a) disregard Plaintiffs' Opposition, (b) deny Plaintiffs' requested relief,[3] and (c) grant the pending Motion to Withdraw as Counsel, offering such extensions of the deadlines as it deems just and proper.

---

[2] Rule 12 (a)(4) specifically states that the service of a motion permitted under it alters the deadline to serve an answer. A motion to strike is one such motion permitted under the Rule. Fed. R. Civ. P. 12(f). The distinction between "pleading" and "otherwise defending" also appears in Rule 55(a). This distinction is so elementary and well established that there seems to be no case law on the subject. In *Brocksopp Engineering, Inc. v. Bach Simpson, Ltd.*, however, the court discussed an analogous situation. 136 F.R.D. 485 (E.D.Wis. 1991). *Brocksopp* held that a partial 12(b) motion to dismiss enlarges the time to file an answer. *Id.* at 486.

[3] The request for the Court to "generate" a default against each "non-responsive defendant as a matter of course" seems particularly egregious.

Respectfully submitted,

Christopher J. Van Dam, P.A.
12121 NE 16th Ave
North Miami, FL 33161
Attorneys for the Defendants
Voice: 305.446.5200
Fax: 866.233.2983
amaurycruz@yahoo.com

By: s/ Amaury Cruz
    AMAURY CRUZ, ESQ.
    Fla. Bar No. 898244

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2008, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro-se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Amaury Cruz, Esq.

## SERVICE LIST

CASE NO: 07-22670 CIV-SEITZ/MCALILEY

Peter A. Koziol, Esq.
pak@assoulineberlowe.com
Assouline & Berlowe, P.A.
213 East Sheridan Street, Suite 3, Dania Beach, FL 33004
Telephone: 954.929.1899
Facsimile: 954.922.6662
Attorneys for Plaintiffs
STOCKWIRE RESEARCH GROUP, INC.
and ADRIAN JAMES