Stockwire Research Group, Inc. et al v. Lebed et al

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 07-22670-CIV-SEITZ/MCALILEY

STOCKWIRE RESEARCH GROUP, INC.,
a Florida corporation, and
ADRIAN JAMES, a Texas resident,

       Plaintiffs,

v.

JONATHAN LEBED, a Florida resident,
LEBED BIZ, LLC, a New Jersey limited
liability company, PIGASA, INC., a New
Jersey corporation, and CONSTANCE
LEBED, a New Jersey resident,

       Defendants.

_____/

## ORDER ON FEBRUARY 7, 2008 SCHEDULING AND MOTION HEARING

THIS CAUSE is before the Court on the February 7, 2008 Scheduling and Motion

Hearing to discuss the parties' joint scheduling report [DE-28], Defendants' Motion to Strike

Portions of the Complaint [DE-19], Defendant Constance Lebed's Motion to Dismiss for Lack of

Jurisdiction [DE-18], and Defendants' Counsels' Motion to Withdraw as Attorney [DE-32].

After a discussion of the facts and relevant law, as well as a thorough review of the respective

motions, Defendants' Motion to Strike Portions of the Complain is denied, while the Motion to

Withdraw as Attorney is conditionally granted. The Orders encompassing the parties' joint

scheduling report and Defendant Constance Lebed's Motion to Dismiss for Lack of Jurisdiction

shall be issued separately.

**I.**     **Motion to Strike**

    Defendants move to dismiss certain paragraphs of the Amended Complaint, arguing that

Dockets.Justia.com

the challenged matter (1) has no relevance to the subject matter of the litigation, and (2) is prejudicial to the Defendants. (Mot. to Strike 1-2). Federal Rule of Civil Procedure 12(f) authorizes district courts to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike pleadings are generally disfavored." *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326, 1340 (S.D. Fla. 1999). Generally, to warrant relief under Rule 12(f), the moving party must show that the allegations are entirely unrelated to the case and that the movant will be prejudiced if the allegations are not stricken. *See BB In Technology Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (Rule 12(f) motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties").

Here, the challenged material is relevant as to the issue of Plaintiffs' potential damages. Plaintiffs are in the business of providing stock research and analysis to consumers. (Am. Compl. ¶ 12). Plaintiffs contend that Defendants have created an unauthorized reproduction of Stockwire's copyrighted work, removed all references to Stockwire therein, and finally misrepresented such work as their own creation. Plaintiffs argue that this alleged infringement has created a false assocation between Defendants and Plaintiffs in the eyes of the consuming public. (Id. ¶ 208). Within this context, the consuming public's perception of Defendants' past conduct directly bears on the potential damage such association may pose to Plaintiffs, given Defendants' prior SEC interactions. If Plaintiffs believe that an association with Defendants will stifle business and create consumer doubt, then Plaintiffs should be permitted to explain their reasoning. While counsel should be aware that Fed. R. Civ. P. 8(e) mandates that "each

averment of a pleading shall be simple, concise and direct," the allegations in the Amended Complaint cannot be said to have "no possible relation to the controversy." *BB In Technology Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007).

## II.    Motion to Withdraw

Defendants' Counsel, Amaury Cruz and Christopher J. Van Dam, P.A., seek to withdraw as counsel for Individual Defendants Jonathon Lebed and Constance Lebed, as well as Corporate Defendants Pigasa, Inc. and Lebed Biz, L.L.C. Counsel has never met these clients in person, communicating solely via telephone, fax, and e-mail. Movants have further noted that "counsel has attempted to contact Jonathon Lebed, Lebed Biz, L.L.C. and Pigasa for approximately the last thirty (30) days through telephone calls, e-mails, and certified mail. All of these attempts have been to no avail." (Mot. to Withdraw ¶ 1.). The Court has also considered Counsels' oral representations that Mr. Lebed has gone as far as to block Counsels' e-mails. Thus, it appears that Mr. Lebed has effectively discharged Counsel in this action with regard to himself and the two Corporate Defendants. While Individual Defendants Jonathon and Constance Lebed may proceed *pro se*, the two Corporate Defendants may not. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). The Corporate Defendants must retain counsel to avoid a potential default judgement. *Id.* Therefore, Counsels' Motion to Withdraw shall be granted, conditioned upon compliance with the terms set forth below.

Accordingly, it is hereby

ORDERED that

(1)    The Motion to Strike Portions of the Complaint [DE-19] is DENIED for the

-3-

reasons set forth above;

(2) The Motion to Withdraw [DE-32] is GRANTED, effective as of Counsels' compliance with the terms of sub-part 7 of this Order;

(3) Defendants shall respond to all pending discovery requests by **March 25, 2008**, or within **15 days** after substitute counsel has entered a Notice of Appearance for such Defendant, whichever date occurs earliest;

(4) The Individual Defendants Jonathon and Constance Lebed Defendants shall have until **March 10, 2008** to obtain substitute counsel and to have that counsel enter a Notice of Appearance in this case. Until a new attorney enters a Notice of Appearance on their behalf (if one does so), such Individual Defendants will be proceeding in this action *pro se*. During the period that they are proceeding *pro se*, the Individual Defendants shall comply with all requirements of the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and all Orders of this Court. The Court is also issuing concurrently a separate order for *pro se* parties Jonathon and Constance Lebed. The Court hereby directs that all further pleadings, motions, and other documents shall be served on Individual Defendant Jonathon Lebed at 49 Ivy Place, Wayne, New Jersey 07470, and upon Individual Defendant Constance Lebed at 26 Sunset Terrace, Cedar Grove, NJ 07009;

(5) Corporate Defendants Lebed Biz, L.L.C. and Pigasa, Inc. shall have until and including **March 10, 2008**, to obtain substitute counsel, to file a notice with the Court specifying the name and contact information for its new counsel, and to have its new counsel file a Notice of Appearance with the Court;

(6)    If Corporate Defendants fails to obtain substitute counsel and have that counsel file a Notice of Appearance by **March 10, 2008**, the Court will entertain Plaintiffs' motion for default judgment against the Corporate Defendants for failure to defend this action, to be accompanied by detailed supporting documentation in conformity with Fed. R. Civ. P. 55(b). These motions shall be due on or before **March 26, 2008**.

(7)    By **Friday, February 15, 2008**, Counsel shall (a) personally serve a copy of this Order on Corporate Defendants, and a copy of this Order and the concurrently-issued Order of Instructions to *Pro Se* Litigants on the Individual Defendants; and (b) file with the Court an affidavit indicating the manner and means by which Counsel has personally served these Orders on Defendants, inclusive of the Defendants' last-known addresses.

DONE AND ORDERED at Miami, Florida, this _8th_ day of February, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record

Defendant Jonathon Lebed
49 Ivy Place, Wayne, New Jersey 07470

Defendant Constance Lebed
26 Sunset Terrace, Cedar Grove, NJ 07009