UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No. 07-22670 CIV-SEITZ/O'SULLIVAN

STOCKWIRE RESEARCH GROUP, INC., a
Florida corporation and ADRIAN JAMES, a Texas
resident,

    Plaintiffs,

v.

JONATHAN LEBED, a Florida resident, LEBED
BIZ, L.L.C., a New Jersey Limited Liability
Company, PIGASA, INC., a New Jersey
Corporation and CONSTANCE LEBED, a New
Jersey resident,

    Defendants.
_____/

## **DEFENDANT CONSTANCE LEBED'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Constance Lebed ("Mrs. Lebed"), pursuant to Rule 8(b), Federal Rules of Civil Procedure, files her Answer and Affirmative Defenses in paragraphs numbered to correspond to the allegations of the Amended Complaint as follows:

1.     Denied.

2.     Denied.

3.     Without knowledge and is therefore unable to admit or deny.

4.     Denied.

5.     See response to paragraph 3.

6. Without knowledge and is therefore unable to admit or deny, except it is denied that Mrs. Lebed controlled the content of HTTP://WWW.LEBED.BIZ.

7. See response to paragraph 3.

8. Denied, except admitted that Plaintiffs purport to be entitled to relief.

9. See response to paragraph 8.

10. See response to paragraph 8.

11-20. See response to paragraph 3.

21. Without knowledge and is therefore unable to admit or deny, except it is denied that Mrs. Lebed opened an account with CI Host, Inc.

22-35. See response to paragraph 3.

36. Denied.

37-38. See response to paragraph 3.

39. Without knowledge and is therefore unable to admit or deny the allegations of this paragraph except, admitted that the SEC took action against Mrs. Lebed's son Jonathan on or about the time alleged.

40-42. Denied.

43. Denied, except it is admitted that Jonathan Lebed financed the purchase of a car for his sister.

44. Denied.

45. Denied, except admitted that Mrs. Lebed received a letter from CI Host at or about that date concerning allegations by plaintiff as to Jonathan's website.

46. Denied.

47-53. See response to paragraph 3.

54. Denied.

55-59. See response to paragraph 3.

60-61. Denied, except admitted that Pigasa, Inc. was listed as doing business at the Lebed residence in the past by Jonathan Lebed.

62. Denied, except Mrs. Lebed is without knowledge and is therefore unable to admit or deny whether Lebed Biz is an alter ego of Jonathan. Lebed..

63. See response to paragraph 3.

64. Without knowledge and is therefore unable to admit or deny, except denied that Mrs. Lebed directed any internet viewers to the pirated video.

65 See response to paragraph 3.

66. Denied as to Mrs. Lebed and without knowledge and therefore unable to admit or deny the other allegations..

67. Denied.

68. Denied.

69. See response to paragraph 3.

70-72. Mrs. Lebed is unable to admit or deny these paragraphs which calls for legal conclusions.

73-84. See response to paragraph 3.

85. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed made an unauthorized reproduction of the stockumentary.

86. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed edited the pirated video and removed all copyright notices and CMI.

87. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed removed all TPM from the pirated video.

88. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed manipulated, altered and spliced the alleged Stockumentary to remove all audio and visual references to Stockwire's Marks and James's name.

89. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed manipulated the bitrate and the resolution for the pirated video.

90. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed removed all of Stockwire's securities disclosure statements that were incorporated in the alleged Stockumentary.

91. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed made any intentional edits that removed the copyright and trademark information from the Stockumentary.

92. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed uploaded the alleged Pirated Video to YouTube.com.

93. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed issued press releases directing the public to the web link for the alleged Pirated Video.

94. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed misrepresented the alleged Pirated Video as her own work.

95. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed made any statement regarding the alleged Pirated Video.

96-99. Without knowledge and therefore unable to admit or deny.

100. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed made any edits to the alleged Pirated Video.

101-102. Without knowledge and therefore unable to admit or deny.

103. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed made any edits to the alleged Pirated Video.

104. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed was aware of the infringement.

105. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed is actively competing with the Plaintiffs for stock promotion, stock analysis, research, business management, advertising and consultancy.

106. Defendant Mrs. Lebed adopts and repeats her responses to paragraphs 1-105 inclusive as fully set forth herein.

107. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed infringed Stockwire's registered copyright in the Stockumentary by reproducing or distributing the alleged Pirated Video.

108. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed has deprived or continues to deprive Stockwire of the benefits of its Intellectual Property or licensing, marketing or promoting of its related services.

109. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known about persons downloading the alleged Pirated Video from YouTube.

110. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known about persons downloading the alleged Pirated Video from www.lebed.biz.

111. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed receives a direct financial benefit from any of the activities alleged.

112. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed was aware of or had the ability to control any of the activities alleged..

113. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed is a vicarious or contributory infringer of Stockwire's copyrights.

114. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed committed any willful, intentional, deliberate or malicious infringement.

115. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed committed any infringing acts whatsoever.

116. Without knowledge and therefore unable to admit or deny.

117. Defendant Mrs. Lebed adopts and repeats her responses to paragraphs 1-105 inclusive as fully set forth herein.

118. Without knowledge and therefore unable to admit or deny.

119. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed did not remove any copyright management information ("CMI") from the Stockumentary.

120. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knowingly or with intent to induce, enable, facilitate or conceal infringement provided and/or distributed any CMI for the Stockumentary.

121. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed unlawfully or intentionally removed and/or altered the CMI for the Stockumentary.

122. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed unlawfully or without authority distributed, imported for distribution, or publicly performed works, copies of works, or phonorecords, or knew that CMI had been removed or altered without the authority of the copyright owner.

123. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed committed any wrongful conduct related to Stockwire's intellectual property or the licensing, marketing or promoting of Stockwire's related services.

124. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known that persons downloading the alleged Pirated Video from YouTube would be infringing Stockwire's copyrights under 17 U.S.C. § 106.

125. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known that each download from YouTube would violate the integrity of Stockwire's CMI under 17 U.S.C. § 1202.

126. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known that persons downloading the alleged Pirated Video from www.lebed.biz would be directly infringing of Stockwire's copyrights under 17 U.S.C. § 106.

127. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known that each download from www.lebed.biz would violate the integrity of Stockwire's CMI under 17 U.S.C. § 1202.

128. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed received or continues to receive a direct financial benefit from any of the alleged violations.

129. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed is a vicarious or contributory violator of the integrity of Stockwire's CMI.

130. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed committed any willful, intentional, deliberate, or malicious act that violated the integrity of the Stockwire CMI or damaged Stockwire in any way.

131. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed violated Stockwire's CMI or damaged Stockwire in any way.

132. Without knowledge and therefore unable to admit or deny.

133. Defendant Mrs. Lebed adopts and repeats her responses to paragraphs 1-105 inclusive as fully set forth herein.

134-135. Without knowledge and therefore unable to admit or deny.

136. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed manufactured or provided, or offered to the public or trafficked in the alleged Pirated Video.

137. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed manufactured or provided, or offered to the public or trafficked in the alleged Pirated Video.

138. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed acted in concert with anyone regarding any circumventing protection afforded by a technological measure ("TPM") that protected Stockwire's copyright.

139. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed manufactured, provided, offered to the public or trafficked in the alleged Pirated Video for any purpose or to circumvent any technological protection measure that controlled access to the Stockumentary.

140. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed manufactured, provided, offered to the public or trafficked in the alleged Pirated Video for any purpose or to circumvent any technological measure that controlled access to the Stockumentary.

141. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed manufactured, provided, offered to the public, trafficked or marketed in the alleged Pirated Video, alone or acting in concert with anyone.

142. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed had knowledge that the alleged Pirated Video would be used for circumventing a technological measure that controlled access to the Stockumentary.

143. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed directly avoided, bypassed, removed, deactivated or impaired the use of Stockwire's TPM.

144. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed committed any wrongful conduct or deprived Stockwire of the benefits of its intellectual property or their licensing, marketing or promoting of Stockwire's related services.

145. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known that users downloading the alleged Pirated Video from YouTube would be directly infringing Stockwire's copyright under 17 U.S.C. § 106.

146. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known that users downloading the Pirated Video from YouTube would circumvent Stockwire's TPM.

147. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known that users downloading the alleged Pirated Video from [www.lebed.biz](www.lebed.biz) would be directly infringing Stockwire's copyright under 17 U.S.C. § 106.

148. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed knew or should have known that users downloading the alleged Pirated Video from [www.lebed.biz](www.lebed.biz) would circumvent Stockwire's TPM under 17 U.S.C. § 1202.

149. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed distributed any integral material or otherwise induced the infringement and circumvention of the TPM and therefore deny that she has vicariously or contributorily circumvented Stockwire's TPM.

150. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed has received or continues to receive any financial benefit from any alleged violations.

151. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed had any knowledge of any violation or could control or prevent access to the alleged Pirated Video.

152. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed willfully, intentionally, deliberately, or maliciously circumvented Stockwire's TPM or damaged Stockwire in any way.

153. Without knowledge and therefore unable to admit or deny, except denied that Mrs. Lebed has circumvented Stockwire's TPM or damaged Stockwire in any way.

154. Without knowledge and therefore unable to admit or deny.

155-211. These allegations concern counts against defendants other than Mrs. Lebed which she is not required to answer.

## AFFIRMATIVE DEFENSES

1. Mrs. Lebed denies all allegations set forth in the Amended Complaint that have not been expressly admitted herein.

2. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 17 U.S.C. §106.

3. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 17 U.S.C. §1201(a).

4. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 15 U.S.C. §1202(a).

5. With respect to any alleged vicarious liability for copyright infringement, Mrs. Lebed received no financial benefit from the alleged infringement nor did Mrs. Lebed have the right or ability to supervise the infringer.

6. Any injury that Plaintiffs may have allegedly suffered is a result of independent acts taken by persons other than Mrs. Lebed.

7. Plaintiff's claims are barred by their failure to mitigate damages

8. Mrs. Lebed was not the legal cause of any damages to Plaintiffs.

9. Mrs Lebed reserves the right to assert any other affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, that discovery reveals to be applicable to avoid waiver.

                                                s:/.Susan H. Aprill
                                                s./saprill@fowler-white.com
                                                Fla. Bar No. 346934
                                                FOWLER WHITE BURNETT P.A.
                                                Espirito Santo Plaza, 14th Floor
                                                1395 Brickell Avenue
                                                Miami, Florida 33131-3302
                                                Telephone: (305) 789-9200
                                                Facsimile: (305) 789-920

[] W:\74714\ANSWR740.SUA{4/8/8-0:19}

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2008 (due to an equipment failure), the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                   s:/Susan H. Aprill

# SERVICE LIST
Stockwire Research vs. Lebed
CASE NO. 07-22670 CIV-SEITZ/O'SULLIVAN
U.S. DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Peter E. Berlowe
Email:peb@assoulineberlowe.com
Assouline & Berlowe, P.A.
3250 Mary Street, Suite 308
Miami, FL 33133
Telephone: (305) 567-5576
Facsimile: (305) 567-9343
*Attorney for Plaintiffs*
Service via transmission of Notices of
Electronic Filing generated by CM/ECF

Peter A. Koziol
Email:pak@assoulineberlowe.com
Assouline & Berlowe, P.A.
213 East Sheridan Street, Suite 3
Dania Beach, FL 33004
Telephone: (954) 929-1899
Facsimile: (954) 922-6662
*Attorney for Plaintiffs*
Service via transmission of Notices of
Electronic Filing generated by CM/ECF

Jonathan Lebed
49 Ivy Place
Wayne, NJ 07470
*Pro se Defendant*