UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22670 CIV-SEITZ/MCALILEY

**STOCKWIRE RESEARCH GROUP, INC.**
**a Florida corporation, and**
**ADRIAN JAMES, a Texas Resident,**

       **Plaintiffs,**

vs.

**JONATHAN LEBED, a Florida resident,**
**LEBED BIZ, L.L.C., a New Jersey Limited**
**Liability Company, PIGASA, INC., a New**
**Jersey Corporation, and CONSTANCE LEBED,**
**a New Jersey Resident,**

       **Defendants.**
_____/

### PLAINTIFF STOCKWIRE RESEARCH GROUP, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT CONSTANCE LEBED AND INCORPORATED MEMORANDUM OF LAW

    Plaintiff Stockwire Research Group, Inc., by and through its undersigned counsel, files this Motion to Strike Affirmative Defenses of Defendant Constance Lebed and Incorporated Memorandum of Law, pursuant to Fed. R. Civ. P 12(f), and states as follows:[1]

### I. PRELIMINARY STATEMENT

    Constance Lebed's affirmative defenses, addressed below, are legally insufficient, and are irrelevant to the ultimate question of violation of Stockwire's copyrights. Additionally, Constance Lebed's alleged defenses do not comply with pleading requirements, add clutter to an already complex case, would lead to unnecessary and burdensome discovery, and are otherwise

---

[1] The undersigned counsel for the Plaintiffs attempted to confer with counsel for the Constance Lebed pursuant to Local Rule 7.1(A)(3), however counsel for defendant refused to cooperate as to any reasonable resolution of this matter including Plaintiff's recommendation that Defendant Constance Lebed seek leave to amend her defenses.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Dockets.Justia.com

misleading.[2] The affirmative defenses cited below only serve the purpose to delay and to complicate the case. Accordingly, with the exception of Constance Lebed's seventh affirmative defense, all of Constance Lebed's alleged affirmative defenses should be stricken as a matter of law.

## II. RELEVANT FACTS

On November 6, 2007, Stockwire filed the Amended Complaint in this case. [DN 3]. Constance Lebed was served on November 9, 2007, and after being granted an extension of time, filed a Motion to Dismiss for Lack of Personal Jurisdiction on December 14, 2007. Then, on April 8, 2008, after initial discovery, and conceding personal jurisdiction, Constance Lebed for the first time filed an answer and what she alleges are nine affirmative defenses. Defendant Constance Lebed's Answer and Affirmative Defenses ("Ans. C. Lebed") [DN 62] at 11. As part of her affirmative defenses, Constance Lebed made the following eight conclusory allegations without alleging any facts in support thereof:

> 1. Mrs. Lebed denies all allegations set forth in the Amended Complaint that have not been expressly admitted herein.
>
> 2. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 17 U.S.C. §106.
>
> 3. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 17 U.S.C. §1201(a).
>
> 4. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 15 U.S.C. §1202(a) [sic].
>
> 5. With respect to any alleged vicarious liability for copyright infringement, Mrs. Lebed received no financial benefit

---

[2] Constance Lebed's defenses also should be stricken as inconsistent with the defense of implied third party license that was the only defense that she raised in her Joint Scheduling Report. *Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Illinois Nat. Bank and Trust Co.*, 576 F. Supp. 985, 988-991 (N.D. Ill. 1983), decision aff'd, 858 F.2d 1264 (7th Cir. 1988) (granting a motion to strike where facts pled by the defendant tend to refute the affirmative defense).

from the alleged infringement nor did Mrs. Lebed have the right or ability to supervise the infringer.

6. Any injury that Plaintiffs may have allegedly suffered is a result of independent acts taken by persons other than Mrs. Lebed.

. . .

8. Mrs. Lebed was not the legal cause of any damages to Plaintiffs.

9. Mrs Lebed reserves the right to assert any other affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, that discovery reveals to be applicable to avoid waiver.

Ans. C. Lebed [DN 62] at 11.

### III. MEMORANDUM OF LAW

Upon motion made by a party. . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, [or] impertinent . . . matter.[3]

A Rule 12(f) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc.*, 156 F. Supp. 2d 1148, 1154 (C.D. Cal. 2001), quoting *Bureerong v. Uvawas*, 922 F. Supp. 1450,1478 (C.D. Cal. 1986); S*ee, Resolution Trust Corp. v. Youngblood* 807 F. Supp. 765, 769 (N.D.Ga. 1992) (holding that insufficient defenses should be stricken to eliminate "unnecessary delay and expense"); *See also, Heller Financial, Inc., v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (holding that motions to strike are appropriate to remove unnecessary clutter from the case). A defense is properly stricken if it is insufficient as a matter of law. *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum*, 684 F.2d 776, 779 (11th Cir. 1982); *EEOC. v. First Nat 'Z Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). A defense that might confuse

---

[3] Fed. R. Civ. P. 12(f).

the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. *FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 (E.D. Cal. 1987).

An affirmative defense is legally insufficient, and should be stricken, as a matter of law, if it cannot succeed under any circumstances. *Electrical Inspectors, Inc. v. New York Bd. of Fire Underwriters*, 145 F. Supp. 2d 271, 276 (E.D. N.Y. 2001). A defense is clearly legally insufficient and should be stricken when, for example, there is clearly no bona fide issue of fact or law. *National Credit Union Admin. v. First Union Capital Markets Corp.*, 189 F.R.D. 158, 162 (D. Md. 1999). For the following reasons, Constance Lebed's alleged first, second, third, fourth, fifth, sixth, eighth and ninth affirmative defenses are legally insufficient as a matter of law and should be stricken.

**A. Constance Lebed's First Affirmative Defense is Not an Affirmative Defense and Should be Stricken as a Matter of Law.**

An affirmative defense by definition is "[an] *assertion of facts and arguments* that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." Black's Law Dictionary (8th ed. 2004), defense (emphasis added). *See also* Fed. R. Civ. P. 8(c) (setting forth nineteen examples of potential affirmative defenses); *Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Illinois Nat. Bank and Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983), decision aff'd, 858 F.2d 1264 (7th Cir. 1988) (defining an avoidance as "a more restrictive concept than loose practice would have it"). Constance Lebed's alleged "first affirmative defense" is essentially a contradictory general denial and misleading as it is not even a defense.

Constance Lebed for her first affirmative defense "denies all allegations set forth

in the Amended Complaint that have not been expressly admitted. . ." This alleged affirmative defense does not state any facts or arguments that if taken as true would defeat any of Stockwire's claims. Furthermore, this mistitled "affirmative defense [sic]" obfuscates and hedges Constance Lebed's prior admissions and denials to Stockwire's undue prejudice. Effectively, Constance Lebed is making a general denial in conflict or in alternate to Constance Lebed's prior answer to the pleadings in this case. Courts should strike affirmative defenses that are clearly mistitled or redundant, particularly if they raise matters already raised in a defendant's denial. *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). *See also*, *Imperial Const. Management Corp. v. Laborers' Intern. Union of North America, Local 96*, 818 F. Supp. 1179, (N.D. Ill. 1993) (holding that an affirmative defense that merely adds clutter to an already complex case, that is cumulative, immaterial, or misleading, or that does not comply with pleading requirements should be stricken). Consequently, Constance Lebed's "first affirmative defense" is misleading, adds clutter, should be striken, because under no circumstance is it an affirmative defense.

  **B.**  **Constance Lebed's Second, Third and Fourth Affirmative Defenses Merely State the Standard of a Motion to Dismiss and Therefore Should be Stricken as a Matter of Law.**

  The affirmative defense of failure to state claim should be stricken as insufficiently pleaded if the allegation is no more than a recitation of the standard for a motion to dismiss. *Fleet Business Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 569-570 (N.D. Ill. 1999). This is because an affirmative defense asserted in an answer must apprise opposing counsel and the court of its predicate. *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Nowhere in Constance Lebed's second, third, or fourth affirmative defenses does Constance Lebed state any facts that if taken as true would defeat

Stockwire's claims. A mere assertion of an affirmative defense by name, in a formula-like fashion, should be stricken. *Id.* Moreover, Constance Lebed's alleged fourth affirmative defense incorrectly cites a statute relating to exemptions to Chapter 25 of the U.S. Code regulating flammable fabrics, which is irrelevant to the matters in this case. Consequently, Constance Lebed's second, third and forth alleged affirmative defenses should be stricken as a matter of law.

### C. Constance Lebed's Fifth Affirmative Defense is Merely a Reiteration of Constance Lebed's Denial Of Amended Complaint ¶¶ 111-113, 128-130, 149-152 and Should be Stricken as a Matter of Law.

Courts should strike affirmative defenses that are clearly mistitled or redundant, and in particular when those alleged affirmative defenses raise matters already addressed in a defendant's denial. *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800 (N.D. Ill. 2000). A claimed affirmative defense in an answer which is inconsistent with complaint's allegation should be stricken, as a denial of the allegation in answer has already put matter at issue. *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001). By repeating her denials as affirmative defenses Constance Lebed creates the misleading impression that she should have a second opportunity to disprove the elements of Stockwire's claims.

Said another way, it is impossible that if Stockwire proves paragraphs 111-113, 128-130, 149-152 from the Amended Complaint that Constance Lebed could also prove that "Mrs. Lebed received no financial benefit from the alleged infringement nor did Mrs. Lebed have the right or ability to supervise the infringer." *See also* Amended Complaint [DN 3] ¶¶ 1, 36, 40, 42-43, 45-46, 54, 62, 64, 67-68, 85-86, 95. Moreover, Constance Lebed's alleged "Fifth Affirmative Defense" is in conflict with Constance Lebed's own allegation that she received the benefit from Jonathan Lebed financing the purchase of Constance

Lebed's daughter's car. Ans. C. Lebed [DN 62] at 2 ¶ 43; Cf. *Indeca*, 576 F. Supp. at 988-991 (granting a motion to strike where facts pled by the defendant tend to refute the affirmative defense); *See also, Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306, 309 (holding that general denial or disagreement with the opposing sides conclusions and facts is not an affirmative defense). Consequently, Constance Lebed's Fifth affirmative defense is redundant, misleading, a mere reiteration of her denials, in conflict with her own pleadings, and should be stricken.

> **D. Constance Lebed's Sixth Affirmative Defense is Misleading, Unclear and Not a Defense and Should be Stricken as a Matter of Law.**

When available, "[t]he 'independent acts' doctrine is not a defense but instead a jury instruction available at trial." *Carter v. Crosby*, 2005 WL 1320128, 7, (M.D. Fla. June 01, 2005) (defining the "independent acts" doctrine as "when one co-felon, who previously participated in a common plan, does not participate in acts committed by his co-felon, 'which fall outside of, and are foreign to, the common design of the original collaboration.'") (internal citations omitted). Even if it were a defense, Constance Lebed has not alleged any facts supporting the "independent acts" doctrine in order to put Stockwire or this Court on notice of how this defense would be applicable to the matter at hand. "Bare bones" affirmative defenses should be stricken as insufficiently pled, where the elements of the defenses could not be inferred from the remainder of the answer. *Fleet Business Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 569-570 (N.D. Ill. 1999).

Moreover, when the allegations of the Amended Complaint are taken as true, as they are when analyzing an affirmative defense, then there is no way that Constance Lebed's acts could be "independent acts." It is alleged in the Amended Complaint that Constance Lebed

actually participated in the acts of her co-conspirators in violating Stockwire's copyrights, copyright management information and technical protection measures. *See e.g.* Amended Complaint [DN 3] ¶¶ 111-113, 128-130, 149-152. Therefore, there is no question of law of fact or law that would allow this mislabeled defense to succeed, and it should be stricken accordingly. *U.S. Commodity Futures Trading Com'n v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531 (E.D. N.Y. 2003). Stockwire is prejudiced by Constance Lebed's inclusion of this non-defense, because it merely confuses the issues in this case. Moreover, if a matter is so plainly put into issue by being embraced by the existing pleadings, the responsive pleader is not justified in inserting a putative affirmative defense out of some super abundance of caution. *FDIC v. Haines*, 3 F. Supp. 2d 155, 166 (D.C. Conn. 1997) (holding that a defense of "intervening causes" is not an affirmative defense).

Finally, even if there is a set of facts or law upon which Defendant Constance Lebed's "independent acts" defense could succeed, or if Defendant Constance Lebed meant to allege a different potentially viable defense, then Constance Lebed should be required to make a more definite statement as provided under Rule 12(e) so that Stockwire and the Court are on notice as to what she is alleging, as required by Rules 8 and 9. However, as stated above, there is no "independent acts" affirmative defense that could apply in this case. Consequently, Constance Lebed's alleged sixth affirmative defense should be stricken.

    **E.**    **Constance Lebed's Eighth Affirmative Defense is Misleading, Unclear and Not a Defense and Should be Stricken as a Matter of Law**

"Legal cause" is not an affirmative defense because, rather than a matter of avoidance, causation is necessarily an element of the plaintiff's claim, which is must be plainly put into issue by the complaint. *National Market Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520,

526-527 (2d Cir. 2004). Like Constance Lebed's other defenses cited above, this ambiguous conclusion of law, mistitled as a defense would tend to significantly complicate the litigation and therefore is particularly vulnerable to a motion to strike. *Mohegan Tribe v. State of Conn.*, 528 F. Supp. 1359, 1362 (D. Conn. 1982). It is insufficient as an affirmative defense because it is not recognized as a defense to any of the causes of action cited in the complaint. *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. Supp. 200, 218-220 (D.N.J. 1993); *North Penn Transfer, Inc. v. Victaulic Co. of America*, 859 F. Supp. 154, 164 (E.D. Pa. 1994). Consequently, Constance Lebed's eighth affirmative defense should be stricken as a matter of law.

### F. Constance Lebed's Ninth Affirmative Defense is Misleading, Unclear and not a Defense and Should be Stricken as a Matter of Law.

No matter how you look at it, Constance Lebed's Ninth Affirmative Defense is not a defense as a matter of law. It is merely a conclusory allegation inconsistent with the requirements of Rule 15(a) that require leave of court before pleading any further affirmative defenses. Consequently, Constance Lebed's Ninth Affirmative Defense should be stricken as a matter of law. If Mrs. Lebed wishes later to seek leave to add additional affirmative defenses she should do so when permitted by the Court and within the constraints of Rule 15(a).

### IV. CONCLUSION

For the foregoing reasons, with the exception of her seventh affirmative defense, Mrs. Lebed's affirmative defenses are invalid as a matter of law, and should be stricken.[4]

WHEREFORE, Plaintiff Stockwire Research Group, Inc. respectfully requests that this Court i) strike Constance Lebed's First, Second, Third, Fourth, Fifth, Sixth, Eight, and

---

[4] Stockwire disputes the merit of Mrs. Lebed's seventh affirmative defense, but is not seeking to strike that defense at this time.

Ninth affirmative defenses, or ii) in the alternative, require that Constance Lebed provide a more definite statement; and, iii) grant such other relief as this Court finds just, fair, and equitable.

Dated: April 28, 2008    Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308
Miami, Florida 33133
Telephone: 305-567-5576
Facsimile: 305-567-9343
By:   s/Peter A. Koziol
Peter E. Berlowe (FBN 143650)
peb@assoulineberlowe.com
Peter A. Koziol (FBN 0030446)
pak@assoulineberlowe.com

*Attorneys for Plaintiffs*
*Stockwire Research Group, Inc., and*
*Adrian James*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods referenced below this day April 28, 2008 on all counsel or parties of record on the service list indicated below:

## SERVICE LIST

*Stockwire Research Group, Inc. v. Lebed, et. al.*
**CASE NO.: 07-22670 CIV-SEITZ/MCALILEY**
**United States District Court, Southern District of Florida**

| U.S. Mail | CM/ECF |
|---|---|
| **Defendant Jonathan Lebed**<br>lebed316@aol.com<br>49 Ivy Place<br>Wayne, New Jersey 07470<br>Telephone No.: (862) 377-1768 | SUSAN H. APRILL, ESQ. (FBN: 346934)<br>saprill@fowler-white.com<br><br>Fowler White Burnett, P.A.<br>Espirito Santo Plaza, 14th Floor<br>1395 Brickell Avenue |
| **Defendant Lebed Biz, LLC**<br>c/o Jonathan Lebed<br>49 Ivy Place,<br>Wayne, New Jersey 07470<br>Telephone No.: (862) 377-1768 | Miami, Florida 33131-3302<br>Telephone: (305) 789-9200<br>Facsimile: (305) 789-9201<br><br>*Attorneys for the Defendant Constance Lebed* |
| **Defendant Pigasa, Inc.**<br>c/o Jonathan Lebed, Registered Agent<br>26 Sunset Terrace<br>Cedar Grove, NJ 07009<br>Telephone No.: (201) 321-3976 | |

By: *s/Peter A. Koziol*
       Peter A. Koziol