UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22670 CIV-SEITZ/O'SULLIVAN

**STOCKWIRE RESEARCH GROUP, INC.**
**a Florida corporation, and**
**ADRIAN JAMES, a Texas Resident.**

                       **Plaintiffs,**

vs.

**JONATHAN LEBED, a Florida resident,**
**LEBED BIZ, L.L.C., a New Jersey Limited**
**Liability Company, PIGASA, INC., a New**
**Jersey Corporation, and CONSTANCE LEBED,**
**a New Jersey Resident.**

                       **Defendants.**
_____/

## AGREED JOINT PROTECTIVE ORDER

### 1. PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the litigation is warranted. Accordingly, Plaintiffs Stockwire Research Group, Inc., and Adrian James (collectively the "Plaintiffs") and Defendant Constance Lebed jointly petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. Unless otherwise ordered by the Court, this Protective Order will govern the disposition of material protected under this Protective Order.

## 2. DEFINITIONS

**"Confidential" Information or Items**: includes information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

**Counsel (without qualifier)**: includes Outside Counsel (as herein after defined) and House Counsel (as herein after defined) (as well as their respective support staffs). Designating Party: means a Party (hereinafter defined) or non-party that designates information or items that it produces in disclosures or responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

**Disclosure or Discovery Material:** includes all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**Expert:** means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action who is not a current employee of a Party, or a competitor of a Party, and who, at the time of retention, is not known to become an employee of any of them.

**"Highly Confidential - Attorneys' Eyes Only" Information or Items:** includes extremely sensitive records whose disclosure to another Party or non-party would create a substantial risk of competitive business economic harm or other serious injury that could not be avoided by less restrictive means.

**House Counsel:** includes attorneys who are employees of a Party.

**Outside Counsel:** includes attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**Party:** means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (as defined below).

**Producing Party:** means a Party or non-party that produces Disclosure or Discovery Material in this action.

**Professional Vendors:** includes persons or entities that provide litigation support services, including, but not limited to professional jury or trial consulting, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, and their employees and subcontractors.

Protected Material: includes any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

**Receiving Party:** means a Party that receives Disclosure or Discovery Material from a Producing Party (as defined below).

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4. DURATION

Even after termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

# 5. DESIGNATION OF PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care** in Designating Material for Each Party or non-party that designates information or items for protection under this Order shall take care to limit any such designation in accordance with the applicable Federal Rules of Civil Procedure and Local Rules, including any prohibition against mass, indiscriminate, or routinized designations.
If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party shall promptly notify all other parties that it is withdrawing the mistaken designation. Challenges to designations shall proceed in accordance with Section 6, below.

**5.2. Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from the transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony may identify on the record all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The Party or non-party that sponsors, offers, or gives the testimony may invoke a right to have up to ten (10) court days from receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the ten (10) court days from receipt of the transcript shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY". If only portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the level of protection for which they qualify.

  5.3**. Inadvertent Failures to Designate**.  If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATION

  **6.1. Timing of Challenges.**  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or later significant disruption or delay of this litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  **6.2. Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly  preferably in voice to voice dialogue, which must be attempted before resorting to other forms of communication with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidential designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3. Judicial Intervention**.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve under seal in accordance with Section 9, below, a motion under the Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

A party challenging any designation under this Section may recover attorneys' fees and costs incurred in litigating improper or unjustified Designations.

## 7. ACCESS AND USE OF PROTECTED MATERIAL

**7.1. Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle the pending claims among Stockwire Research Group, Inc., Adrian James, Constance Lebed, Jonathan Lebed, Pigasa, Inc. and Lebed Biz, LLC.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 below (FINAL DISPOSITION).
Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2. Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted by this Protective Order.

(g) the author of the document or original source of the information and addressees (including cc's and bcc's) of the document or original source of the information.  "Confidential" information or items may not be used by a receiving party to examine a witness unless that witness is employed by a Party or that witness is otherwise qualified to see the "Confidential" information or items pursuant to this Protective Order.

### 7.3. Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information and addressees (including cc's and bcc's) of the document or original source of the information. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or items may not be used to examine a witness unless that witness is employed by the Designating Party or that witness is one of the persons specified in 6.3(a)-(e), until the information or item is reclassified as "Confidential."

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in litigation other than Stockwire Research Group, Inc. v. Lebed, et. al. Case No.: 07-22670 CIV-SEITZ/MCALILEY, that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax and e-mail, if possible) promptly after receiving the subpoena or order.  If either any of the Defendants are the Receiving Party, they must notify Peter A. Koziol, pak@assoulineberlowe.com of the law firm of Assouline and Berlowe, P.A., 213 E. Sheridan Street, Suite 3, Dania Beach, FL 33004, (954) 929 - 1899.  If Plaintiffs are the Receiving Party, they must notify: Susan H. Aprill, Esq., saprill@fowler-white.com,Fowler White Burnett, P.A., Espirito Santo Plaza, 14th Floor, 1395 Brickell Avenue, Miami, Florida 33131-3302, (305) 789-9200, or at such other address as may be provided.  Such notification must include a copy of the subpoena or court order.  The Receiving party must not disclose any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" until at least ten (10) court days (unless the subpoena has a shorter return date) after the Receiving Party provides such notification or it is otherwise agreed by the Receiving and Designating Parties.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. To the extent it is necessary to file Protected Material with the Court in connection with proceedings in this action, the Protected Material shall, unless otherwise agreed in writing between the parties or prohibited by applicable law, be filed with the Clerk of Court pursuant to S.D. Fla. L.R. 5.4 and in sealed envelopes prominently marked with the caption of the case and the notation:

"CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER. THIS ENVELOPE IS NOT TO BE OPENED, NOR ITS CONTENTS DISPLAYED, COPIED, OR REVEALED, EXCEPT BY, OR AS DIRECTED BY, THE COURT OR BY AGREEMENT OF THE PARTIES."

## 11. FINAL DISPOSITION

Unless otherwise ordered by this Court or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must (i) return all Protected Material to the Producing Party or destroy all Protected Material that is designated as "HIGHLY CONFIDENTIAL" under this Protective Order, and (ii) return all Protected Material to the Producing Party or destroy all Protected Material that is designated as "CONFIDENTIAL" under this Protective Order with the exception that Outside Counsel may retain an archival copy of such material for its files.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that certifies that all the Protected Material that was returned or destroyed, and that affirms that the Receiving Party, except as otherwise permitted by this section, has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel also are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

**12.1. Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2. Right to Assert Other Obligations**.  Upon entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3. Other Rights and Obligations**.

(a) The Parties acknowledge and agree that they will direct their Outside Counsel and Experts not to disclose or use the Protected Material protected by this Order except as permitted by this Order.

(b) The Parties agree that any violation of this Order or other unauthorized disclosure of the Producing Party's Protected Materials would result in irreparable harm to the Producing Party entitling the Producing Party to equitable relief necessary and appropriate to prevent the violation of this Order or the disclosure of the Party's Protected Materials.

(c) The Parties further agree that this Order and any sanctions for violations of the terms of this Order available pursuant to the Court's rules, shall not limit, affect or otherwise impair the rights of the Producing Party to exercise any statutory and common law remedies available to the Producing Party for violations of the terms of this Order.

The Parties hereby agree to be bound by this Protective Order and jointly petition this Court to enter it.

| | |
|---|---|
| DATE: May 5, 2008 | DATE: May 5, 2008 |
| By: s/Peter A. Koziol, Esq. (FBN 0030446) | By: s/Susan H. Aprill, Esq. (FBN 346934) |
| ASSOULINE & BERLOWE, P.A. | FOWLER WHITE BURNETT, P.A. |
| For Stockwire Research Group, Inc., and Adrian James | For Constance Lebed |

DONE AND ORDERED in Chambers at Miami, Florida, this **5th** day of May, 2008.

_____
THE HON. JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], of

_____ [print or type full address], declare that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of Florida on _____ [date] in the case of Stockwire Research Group, Inc. v. Lebed, et. al. Case No.: 07-22670 CIV-SEITZ/MCALILEY. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

    I consent to service of process in connection with this action or any proceedings related to enforcement of this Protective Order by certified mail at the address provided under my signature.

Date: _____

City and State where signed:_____

Printed Name: _____

Signature:_____

Address: _____