UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No. 07-22670 CIV-SEITZ/MCALILEY

STOCKWIRE RESEARCH GROUP, INC., a
Florida corporation and ADRIAN JAMES, a Texas
resident,

    Plaintiffs,

v.

JONATHAN LEBED, a Florida resident, LEBED
BIZ, L.L.C., a New Jersey Limited Liability
Company, PIGASA, INC., a New Jersey
Corporation and CONSTANCE LEBED, a New
Jersey resident,

    Defendants.
_____/

## DEFENDANT CONSTANCE LEBED'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendant Constance Lebed opposes Plaintiffs' Motion to Strike Affirmative Defenses of Defendant Constance Lebed on the following grounds:

### Background

Constance Lebed is being sued for millions of dollars in damages based on alleged copyright infringement that she played no part in. She does not know if her adult son Jonathan violated any of the statutes they are alleged to have been violated. Nevertheless, Plaintiffs seek to bankrupt her by filing motions that, even if granted, add little to their case. Accordingly, Mrs. Lebed briefly responds to their latest harassment. On April 8, 2008 Mrs. Lebed filed her Answer and Affirmative Defenses [DE# 62]. She did this in lieu of pursuing a meritorious motion based

on lack of personal jurisdiction with the intent to resolve this case once and to avoid having to engage lawyers and start all over again defending in her home jurisdiction of New Jersey.

On April 28, 2008, Plaintiffs filed their Motion to Strike Mrs. Lebed's Affirmative Defenses and claim they are irrelevant and legally insufficient. Because the defenses are not prejudicial and do not confuse the issues, the motion should be denied[1]. The following are Mrs. Lebed's Affirmative Defenses:

    1. Mrs. Lebed denies all allegations set forth in the Amended Complaint that have not been expressly admitted herein.
.
    2. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 17 U.S.C. §106.

    3. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 17 U.S.C. §1201(a).

    4. The Amended Complaint fails to state a claim against Mrs. Lebed upon which relief can be granted under 15 U.S.C. §1202(a).

    5. With respect to any alleged vicarious liability for copyright infringement, Mrs. Lebed received no financial benefit from the alleged infringement nor did Mrs. Lebed have the right or ability to supervise the infringer.

    6. Any injury that Plaintiffs may have allegedly suffered is a result of independent acts taken by persons other than Mrs. Lebed.

---

[1] Mrs. Lebed has subsequently reflected on arguments raised by Plaintiffs and withdraws Affirmative Defenses 1-4, 9 and understands she has waived nothing by so doing. Mrs. Lebed now believes that her First Affirmative Defense was misplaced and should have been a numbered response to the averments of the Amended Complaint, prior to the Affirmative Defenses, and that her Second, Third and Fourth Affirmative Defenses are not affirmative defenses at this stage, but will be used to support her summary judgment on similar grounds. *Harvey v. Lake Buena Vista Resort, LLC*, 2008 WL 1843909 FN 5 (M.D. Fla. April 22, 2008). She agrees that her Ninth Affirmative Defense is a statement and not an affirmative defense.

      7.    Plaintiff's claims are barred by their failure to mitigate damages. [*This affirmative defense is not in dispute*.]

      8.    Mrs. Lebed was not the legal cause of any damages to Plaintiffs.

      9.    Mrs Lebed reserves the right to assert any other affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, that discovery reveals to be applicable to avoid waiver.

Answer of Mrs. Lebed at 11. [DN #62 ]

## Memorandum of Law

An avoidance or affirmative defense, as contemplated under Fed.R.Civ.P. 8(c) is a defensive allegation that either (1) admits the allegations of the complaint but provides another reason why the plaintiff may not recover, or (2) "concerns allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer." Wright and Miller, Federal Practice and Procedure: Civil 3d § 1271. Motions to strike affirmative defenses are disfavored and will be denied unless the defenses alleged have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. *Ayers v. Consolidated Construction Services of SW Florida, Inc*., 2007 WL 4181910 (M.D. Fla. Nov. 26, 2007) (citing *Reyher v. Trans World Airlines, Inc.,* 881 F.Supp. 574, 576 (M.D. Fla. 1995). "An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." *Reyher v. Trans World Airlines, Inc.,* 881 F.Supp. 574, 576 (M.D. Fla. 1995) (citing *Equal Employment Opportunity Comm'n v. First Nati'l Bank*, 614 F.2d 1004, 1008 (5th Cir. 1980). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is "sufficient"

and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* (citing *Augustus v. Board of Public Instruction,* 306 F.2d 862, 868 (5th Cir. 1962)).

**A.     Fifth Affirmative Defense**

The Fifth Affirmative Defense addresses the allegations of vicarious and contributory copyright infringement that Mrs. Lebed's son Jonathan is also alleged to have committed. Although Jonathan has used Mrs. Lebed's credit cards to purchase website rights that could have been used to violate copyright laws, Plaintiffs cannot recover from Mrs. Lebed because *she* did not financially benefit through any copyright infringement nor did she control Jonathan's activities.  This defense is valid as it "concerns allegations outside of the plaintiff's prima facie case that Mrs. Lebed could not raise by a simple denial in the answer." Wright and Miller, Federal Practice and Procedure: Civil 3d § 1271.

Plaintiffs claim that the Fifth Defense is in conflict with Mrs. Lebed's Answer. That is simply not true.  She never stated that she received a financial benefit from the alleged copyright infringement when she stated that Jonathan bought a car for his sister.   What is not clear is why Plaintiffs believe this is a financial benefit to Mrs. Lebed or how this relates to the alleged copyright infringement when the car was purchased two years before the alleged copyright infringement occurred in July 2007.  Plaintiffs are conjuring up facts that are not in the pleadings.

**B.     Mrs. Lebed's Sixth and Eighth Affirmative Defenses**

Likewise, Plaintiffs  misconstrue Mrs. Lebed's Sixth and Eighth Affirmative Defenses. Plaintiffs assert that Mrs. Lebed is claiming a defense under the "independent acts" doctrine for her Sixth Affirmative Defense. This is absolutely not the case.  Mrs. Lebed's  defense is that if

there was copyright infringement in any form, the infringement was done by another person or persons and not by her. She was not trying to invoke any criminal law doctrine nor was she trying to place the blame for whatever may have occurred on other defendants. She does not know who, if anyone, committed the infringement or how. This defense is valid. It also concerns allegations that she could not raise by a simple denial in her answer. Wright and Miller, Federal Practice and Procedure: Civil 3d § 1271. Mrs. Lebed is not required under the Federal Rules to support her defense with elaborate factual detail. *Harvey v. Lake Buena Vista Resort, LLC*, 2008 WL 1843909, 3 (M.D. Fla. April 22, 2008). Furthermore, Plaintiffs are not prejudiced by this defense. Nor is it confusing.

Mrs. Lebed's Eighth Affirmative Defense, that she is not the legal cause of any damage to Plaintiffs, is raised in the same vein as her Sixth Affirmative Defense. *If* Plaintiffs were damaged by the alleged copyright infringement, in any form, Mrs. Lebed raises as her defense that *she* was not the legal cause of this injury. This defense too is valid as it concerns allegations she could not raise by a simple denial in her answer. Wright and Miller, Id. § 1271. This defense does not prejudice the Plaintiffs in any way.

## Conclusion

Based on the foregoing, Defendant Constance Lebed respectfully requests that this Court deny Plaintiffs' Motion to Strike Constance Lebed's Fifth, Sixth and Eighth Affirmative Defenses.

    Respectfully submitted,

    s:/Susan H. Aprill
    Susan H. Aprill

Fla. Bar No. 346934
saprill@fowler-white.com
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2008, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 s:/Susan H. Aprill

**SERVICE LIST**
Stockwire Research vs. Lebed
CASE NO. 07-22670 CIV-SEITZ/O'SULLIVAN
U.S. DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Peter E. Berlowe
Email:peb@assoulineberlowe.com
Assouline & Berlowe, P.A.
3250 Mary Street, Suite 308
Miami, FL 33133
Telephone: (305) 567-5576
Facsimile: (305) 567-9343
*Attorney for Plaintiffs*
Service via transmission of Notices of
Electronic Filing generated by CM/ECF

Peter A. Koziol
Email:pak@assoulineberlowe.com
Assouline & Berlowe, P.A.
213 East Sheridan Street, Suite 3
Dania Beach, FL 33004
Telephone: (954) 929-1899
Facsimile: (954) 922-6662
*Attorney for Plaintiffs*
Service via transmission of Notices of
Electronic Filing generated by CM/ECF

Jonathan Lebed
49 Ivy Place
Wayne, NJ 07470
*Pro se Defendant*

[jsg] W:\74714\RESPON97-MTS Aff Def.JSG{5/12/8-22:39}