**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 07-22670 CIV-SEITZ/MCALILEY

**STOCKWIRE RESEARCH GROUP, INC.**
a Florida corporation, and
**ADRIAN JAMES**, a Texas Resident,

      **Plaintiffs,**

vs.

**JONATHAN LEBED**, a Florida resident,
**LEBED BIZ, L.L.C.**, a New Jersey Limited
Liability Company, **PIGASA, INC.**, a New
Jersey Corporation, and **CONSTANCE LEBED**,
a New Jersey Resident,

      **Defendants.**
_____/

**PLAINTIFF STOCKWIRE RESEARCH GROUP, INC.'S REPLY TO DEFENDANT
CONSTANCE LEBED'S RESPONSE IN OPPOSITION TO
PLAINTIFF STOCKWIRE RESEARCH GROUP, INC.'S MOTION TO STRIKE
<u>AFFIRMATIVE DEFENSES OF DEFENDANT CONSTANCE LEBED</u>**

   Plaintiff Stockwire Research Group, Inc., by and through its undersigned counsel, files this Reply to Defendant Constance Lebed's Response in Opposition to Plaintiff Stockwire Research Group, Inc.'s Motion to Strike Affirmative Defenses of Defendant Constance Lebed ("Lebed") and Incorporated Memorandum of Law, pursuant to Fed. R. Civ. P 12(f), and states as follows:

   **I.  PRELIMINARY STATEMENT**

   Initially, Lebed admits that five of her alleged affirmative defenses at issue are legally insufficient, and withdraws them. [DE 71 at 2 fn. 1]. Those defenses should be stricken accordingly. The remaining three defenses, still at issue, should also be stricken as a matter of law for the reasons set forth below and in Stockwire Research Group, Inc.'s Motion to Strike Affirmative Defenses of Defendant Constance Lebed (the "Motion to Strike"). Those defenses do not comply with pleading

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Dockets.Justia.com

requirements, add clutter to an already complex case, would lead to unnecessary and burdensome discovery, are irrelevant, and are otherwise misleading. [DE 65]. Therefore, Lebed's first, second, third, fourth, fifth, sixth, eight, and ninth alleged defenses are legally insufficient and improper, and should be stricken as a matter of law, or she should clarify them *in a pleading*.

## II. MEMORANDUM OF LAW

Lebed unambiguously concedes that her first, second, third, fourth, and ninth affirmative defenses are legally insufficient, and that they should be consequently removed from her answer. [DE 71 at 2 fn. 1]. Lebed's fifth, sixth and eight affirmative defenses should be stricken for the reasons stated in the Motion to Strike and the reasons that follow, because these defenses and are irrelevant to the case and prejudice the Plaintiff.

### A. Lebed Admits that her Fifth, Sixth and Eighth Defenses are Irrelevant and they should be Stricken for that Reason Alone.

Lebed argues that her alleged defenses should be maintained because the defenses are irrelevant to the complaint and have "little" effect on the Stockwire's case. [DE 71 at 1]. Legally irrelevant defenses should be stricken as a matter of law. *In re Denver/Robins Venture Partners, Ltd.*, 166 B.R. 769 (M.D. Ga. 1994). Consequently, as conceded by Lebed, Lebed's fifth, sixth and eight affirmative defenses are irrelevant and should be stricken for their irrelevancy in addition to those cited in the Motion to Strike.

### B. Lebed's Threats of Bankruptcy are Irrelevant to Whether Her Alleged Affirmative Defenses are Legally Insufficient.

Lebed argues that her fifth, sixth, and eighth affirmative defenses should be maintained, because she claims the Plaintiffs intend to harass and "bankrupt" her, by filing "motions [sic]" that allegedly "add little to their case." [DE 71 at 1] Lebed's brief cites no authority for her argument, which is wholly without legal or factual merit.[1]

---

[1] Lebed has put forth no evidence that she is insolvent. In fact, the Defendants' e-mail blasts sent through Lebed's

Stockwire only filed the Motion to Strike, after multiple attempts by Plaintiff's counsel to reason with counsel for Lebed to resolve the patent problems regarding her affirmative defenses, but Lebed refused to cooperate in any regard. Not surprisingly, in responding to the Motion to Strike, Lebed immediately conceded that five of the defenses were legally insufficient, as any argument to the contrary would have had to be in clear bad faith. If Lebed thought that the relief sought in this motion would have little effect on the litigation, then she should have amended her answer or withdrawn her defenses, without requiring Stockwire to seek court involvement.

Moreover, this is the first motion that Stockwire filed against Constance Lebed. Co-Plaintiff, James, has not even sued Lebed, yet — nor has he filed *any* motion against her.[2] It is Lebed who, in collaboration with the other Defendants, including her *adult son*, infringed Stockwire's copyrights, technical protection measures, and copyright management information. Lebed did this in part with the intention to promote a position in a stock that she held and was being pumped and dumped by all the defendants in this case.

It is also Lebed who has filed multiple meritless motions against both of the Plaintiffs.[3] Lebed's motions have been repeatedly denied or withdrawn. Lebed's threatened bankruptcy would likely only delay Stockwire's relief, and therefore is against its interest.[4] Lebed is stonewalling and refusing to be reasonable. Lebed cites no legal authority supporting her argument that her defenses should be sustained simply because she alleges that she may seek bankruptcy. Consequently, Lebed's threats of bankruptcy have no legal bearing on the sufficiency of her fifth, sixth and eight affirmative defenses, which should be stricken as a matter of law.

---

Constant Contact subscription regularly disclose portions of the Defendants' revenues, which for April 2008 alone was up to $579,000.00.

[2] The only motion that James filed in this matter (with co-plaintiff Stockwire Research Group, Inc.) was to request Final Default Judgment against Defendants Jonathan Lebed, Lebed Biz LLC, and Pigasa, Inc. [DE 53] (Mar. 25, 2008), which is ripe and pending.

[3] Lebed only conceded to Personal Jurisdiction after discovery revealed Lebed's clear and substantial contacts in Florida.

[4] Bankruptcy would only delay Stockwire's recovery from the damages that Lebed rendered onto it. *See*, 11 U.S.C. § 523 (a) (2) (providing that damages like those complained of herein are not dischargeable in bankruptcy).

    **C.**     **Lebed's Fifth Affirmative Defense is Merely a Reiteration of Lebed's Denial Of Amended Complaint ¶¶ 111-113, 128-130, 149-152 and Should be Stricken as a Matter of Law.**

Lebed raises no new legal issues regarding the fifth affirmative defense other than to deny the clear legal precedent regarding benefit analysis for vicarious liability. Lebed does not even address the fact that this alleged affirmative defense is merely a repetition of her denial of Amended Complaint ¶¶ 111-113, 128-130, 149-152. As set forth in the Motion to Strike, the fifth affirmative defense is merely a conclusion of law, restating Lebed's denial of a matter arising from the complaint, and raises no new facts.

If Lebed's fifth affirmative were a true affirmative defense, then it would be Lebed's burden to show that she is not vicariously liable for the copyright infringement in this matter. If Lebed's fifth affirmative defense were permitted to remain, in addition to the reasons set forth in the Motion to Strike, it would place the Plaintiff in a precarious position to determine if and how to reply in traverse, avoidance or otherwise. For the reasons set forth herein, and those in the Motion to Strike, Lebed's fifth affirmative defense should be stricken as a matter of law.

    **D.**     **Lebed's Sixth Affirmative Defense is Misleading, Unclear and Not a Defense and Should be Stricken as a Matter of Law.**

Although Fed. R. Civ. P. Rules 8 and 9 provide for mere notice pleadings, Lebed still has a burden, *in her pleadings*, to put this Court and the Plaintiff on notice of how an alleged defense would be applicable to the matter at hand. Even as elaborated in Lebed's response to the Motion to Strike, Lebed's alleged defense of "independent acts" is still legally insufficient as a matter of law. Lebed's response confuses matters further because she claims that she is not raising the "independent acts" doctrine as a defense.

If, as Lebed claims, the infringement was not committed directly, by contribution of, or vicariously by Lebed, then Stockwire would not have a legal cause of action against her. To the

extent that Lebed is arguing she was not the cause of the copyright infringement, this alleged defense is legally identical to her eighth affirmative defense, and should be stricken for the same reasons.

Moreover, there is no "independent acts" doctrine that is a defense to copyright infringement. Copyright infringement is a strict liability offense. *See, e.g. DeAcosta v. Brown*, 146 F.2d 408 (1944), *cert. denied*, 325 U.S. 862 (1945). *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 483-485 (9th Cir. 2000) (holding that there is infringement when there is unintentional subconscious copying). Thus, even if Lebed did not commit an act herself, she would still be vicariously liable for any infringement where she had an expectation of a direct financial benefit, and ability to control the infringement. *Cass County Music Co. v Khalifa* (N.D.N.Y. 1996) 914 F. Supp. 30, 33-34, aff'd without op. (2d Cir. 1996) 112 F.3d 503. Thus, Lebed is liable even if she did not have an intention or knowledge regarding the infringement.

Furthermore, even if, contrary to the evidence, it was solely Lebed's *adult son's* independent actions that *caused* the infringement, Lebed could still be found to be a copyright infringer, without requiring the Plaintiffs to show that she participated directly in the copyright infringement conspiracy. Lebed's participation in ongoing stock scams is enough, as she would be held liable for the actions of her co-conspirators. *See e.g, Dozier & Gay Paint Co., Inc. v. Dilley,* 518 So.2d 946 (Fla. 1st DCA 1988). Consequently, for the reasons set forth above and in the Motion to Strike, Lebed's sixth affirmative defense should be stricken as a matter of law, or she should clarify her position in an amended pleading.

### E. Lebed's Eighth Affirmative Defense is Misleading, Unclear and Not a Defense and Should be Stricken as a Matter of Law

For the reasons cited in the Motion to Strike, and in ¶ III.B above, Lebed's eighth affirmative defense that she was not the "legal cause of any damages to Plaintiffs [sic]" is just a repetition of her denials in the complaint, and not a defense or avoidance. If it were a valid

*Stockwire Research Group, Inc. v. Lebed, et. al.*
Case No.: 07-22670 CIV-SEITZ/MCALILEY

affirmative defense, then it would be Lebed's burden to show that there was no legal cause. Consequently, Lebed's eighth affirmative defense should be stricken as a matter of law.

### III. CONCLUSION

For the foregoing reasons, and those set forth in Stockwire's Motion to Strike Affirmative Defenses of Defendant Constance Lebed, Lebed's first, second, third, fourth, fifth, sixth, eight, and ninth affirmative defenses are invalid as a matter of law, and should be stricken.[5]

WHEREFORE, Plaintiff Stockwire Research Group, Inc. respectfully requests that this Court i) strike Constance Lebed's first, second, third, fourth, fifth, sixth, eight, and ninth affirmative defenses, or ii) in the alternative, require that Constance Lebed provide a more definite statement; and, iii) grant such other relief as this Court finds just, fair, and equitable.

Dated: May 19, 2008

Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308
Miami, Florida 33133
Telephone: 305-567-5576
Facsimile: 305-567-9343

By: s/Peter A. Koziol
Peter E. Berlowe (FBN 143650)
peb@assoulineberlowe.com
Peter A. Koziol (FBN 0030446)
pak@assoulineberlowe.com

*Attorneys for Plaintiffs*
*Stockwire Research Group, Inc., and*
Adrian James

---

[5] Stockwire is not seeking to strike the seventh defense at this time, but disputes the merit of the same.

**ASSOULINE & BERLOWE, P.A.**
3250 Mary Street, Suite 308, Miami, Florida 33133 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods referenced below this day May 19, 2008 on all counsel or parties of record on the service list indicated below:

**SERVICE LIST**

*Stockwire Research Group, Inc. v. Lebed, et. al.*
**CASE NO.: 07-22670 CIV-SEITZ/MCALILEY**
**United States District Court, Southern District of Florida**

| **U.S. Mail** | **CM/ECF** |
|---|---|
| **Defendant Jonathan Lebed**<br>lebed316@aol.com<br>49 Ivy Place<br>Wayne, New Jersey 07470<br>Telephone No.: (862) 377-1768 | SUSAN H. APRILL, ESQ. (FBN: 346934)<br>saprill@fowler-white.com<br><br>Fowler White Burnett, P.A.<br>Espirito Santo Plaza, 14th Floor<br>1395 Brickell Avenue<br>Miami, Florida 33131-3302<br>Telephone: (305) 789-9200<br>Facsimile: (305) 789-9201 |
| **Defendant Lebed Biz, LLC**<br>c/o Jonathan Lebed<br>49 Ivy Place,<br>Wayne, New Jersey 07470<br>Telephone No.: (862) 377-1768 | ***Attorneys for the Defendant Constance Lebed*** |
| **Defendant Pigasa, Inc.**<br>c/o Jonathan Lebed, Registered Agent<br>26 Sunset Terrace<br>Cedar Grove, NJ 07009<br>Telephone No.: (201) 321-3976 | |

By:  *s/Peter A. Koziol*
      Peter A. Koziol