UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22670-CIV-SEITZ/O'SULLIVAN

STOCKWIRE RESEARCH GROUP, INC.,
a Florida corporation, and
ADRIAN JAMES, a Texas resident,

    Plaintiffs,

v.

JONATHAN LEBED, a Florida resident,
LEBED BIZ, LLC, a New Jersey limited
liability company, PIGASA, INC., a New
Jersey corporation, and CONSTANCE
LEBED, a New Jersey resident,

    Defendants.
_____/

## NOTICE OF EVIDENTIARY HEARING ON MOTION FOR DEFAULT JUDGMENT

TAKE NOTICE that on **July 23, 2008 at 8:30 a.m.**, at the United States District Court, 400 North Miami Avenue, 11th Floor, Courtroom 11-4, Miami, Florida 33128, the Court shall hold an Evidentiary Hearing on Plaintiffs' Motion for Final Default Judgment Against Defendants Jonathan Lebed, Pigasa, Inc., and Lebed Biz, LLC ("Defendants") [DE-53]. In addition, as to Count Two and Count Three brought under the Digital Millennium Copyright Act ("DMCA"), the Court notes that the appropriate method for calculating statutory damages thereunder appears to be an unresolved issue of law. Thus, while 17 U.S.C. § 1203(c) clearly grants statutory damages for "each violation [of the Act]" the Court finds such language conducive to various interpretations. On one hand, § 1203 appears to permit statutory damages for *each* unlawful Stockumentary download, or 11,786 separate violations. On the other hand, however, § 1203 could be interpreted to permit statutory damages merely for each violative act committed by Defendants, or in other words, each time Defendant unlawfully posted the copyrighted work for distribution. *See McClatchey v. Associated Press*, 2007 WL 1630261, * at 5 (W.D. Pa. 2007) ("in this case, the [c]ourt concludes that [defendant] committed only one alleged violative act

[under the DMCA] by distributing the [copyrighted work] to its....subscribers, even though there were 1,147 recipients"). Thus, under the latter interpretation, Plaintiffs would be entitled to statutory damages for merely two or three DMCA violations. Given such ambiguity, as well as the need for additional record evidence, it is hereby

ORDERED that

(1) Plaintiffs shall file, no later than **July 17, 2008,** all relevant documentary evidence supporting the requested damages;[1]

(2) Plaintiffs shall file briefing, no later than **July 17, 2008,** as to the proper method for calculating DMCA statutory damages, given the express holding set forth in *McClatchey v. Associated Press*; and

(3) Plaintiffs shall, no later than **July 17, 2008:** (a) personally serve a copy of this Order, as well as the Motion for Default Judgment, [DE-53] on all Defendants and (2) file with the Court an affidavit indicating the manner and means by which Counsel has personally served such documents, inclusive of the Defendants' last-known addresses.

DONE and ORDERED in Miami, Florida this 8th day of July, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[1] Specifically, Plaintiffs shall present the following evidence: (1) documentary evidence of the alleged $45,000 payment remitted from third-party Zabel & Ross to Defendants; and (2) documentary evidence conclusively establishing the purported *11,786* unlawful downloads of Plaintiffs' copyrighted work.